## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **Empower Clinic Services, L.L.C.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-CV-04123** |
| | § | |
| **Bio Filling Solutions Inc., Bio42** | § | |
| **Clinical Filling Solutions, Inc., Hanson Irwin** | § | |
| **Group LLC, David Teer, Lisa Hudanich,** | § | **JURY DEMANDED** |
| **Matthew Ludowig, Marc Hanson, and Jerry** | § | |
| **Irwin.** | § | |
| | | |
| **Defendants.** | | |

## DEFENDANTSBIO FILLING SOLUTIONS INC., BIO42 CLINICAL FILLING SOLUTIONS, INC., DAVID TEER, LISA HUDANICH, HANSON IRWIN GROUP LLC, MATTHEW LUDOWIG, MARC HANSON, AND JERRY IRWIN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

Come now, Defendants Bio Filling Solutions Inc. ("BFS"), Bio42 Clinical Filling Solutions, Inc. ("Bio42"), David Teer ("Teer"), Lisa Hudanich ("Hudanich"), Hanson Irwin Group LLC ("HIG"), Matthew Ludowig ("Ludowig"), Marc Hanson ("Hanson"), and Jerry Irwin ("Irwin") (collectively "Defendants[1]") and serve their Answer in response to Plaintiff Empower Clinic Services, L.L.C.'s First Amended Complaint (the "Amended Complaint") and would show the Court as follows:

---

[1] The term "Defendants" is used collectively in Plaintiff's First Amended Complaint. For ease of use and clarity, as used in this Answer to Plaintiff's First Amended Complaint, the term "Defendants" shall mean Bio Filling Solutions Inc., Bio42 Clinical Filling Solutions, Inc., David Teer, Lisa Hudanich, Hanson Irwin Group LLC, Matthew Ludowig, Marc Hanson, and Jerry Irwin. If any distinct defendant has an answer different than the other collective defendants, such difference shall be noted.

## RESPONSIVE PARAGRAPHS TO PLAINTIFFS' PLEADINGS

### I.    NATURE OF THE ACTION

1.    Defendants admit that Plaintiff brings this action; Defendants deny all other allegations contained in Paragraph 1 of the Amended Complaint.

2.    Defendants deny the allegations of misconduct contained in Paragraph 2 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.  Defendants admit that Plaintiff is seeking the relief it desires.

3.    Defendants deny the allegations contained in Paragraph 3 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

4.    Defendants admit that there is an Agreed Preliminary Injunction Order (Dkt. 13) and Agreed Expedited Discovery Order (Dkt. 18).  Defendants HIG, Hanson, Irwin, and Ludowig deny that these Orders apply to them. Further, Defendants deny that these Orders need modification.

5.    Defendants deny generally the allegations contained in Paragraph 5 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.  Defendants Teer, Hudanich, and Ludowig admit there exists an arbitration provision in documents between them and Plaintiff.

### II.    PARTIES

6.    Defendants admit the allegations in Paragraph 6 of the Amended Complaint.

7.    Defendants admit the allegations in Paragraph 7 of the Amended Complaint but assert that Defendant BFS is already before the Court.

8.    Defendants admit the allegations in Paragraph 8 of the Amended Complaint.

9.      Defendants admit the allegations in Paragraph 9 of the Amended Complaint but assert that Defendant Teer is already before the Court.

10.      Defendants admit the allegations in Paragraph 10 of the Amended Complaint but assert that Defendant Hudanich is already before the Court.

11.      Defendants admit the allegations in Paragraph 11 of the Amended Complaint.

12.      Defendants admit the allegations in Paragraph 12 of the Amended Complaint.

13.      Defendants admit the allegations in Paragraph 13 of the Amended Complaint.

### III.      JURISDICTION AND VENUE

14.      Defendants admit the allegations in Paragraph 14 of the Amended Complaint.

15.      Defendants admit the first sentence of Paragraph 15 of the Amended Complaint. Defendant BFS denies that Defendant BFS has any employees. Defendant HIG denies that Defendant HIG has any employees.  Defendants Teer, Hudanich, Ludowig, Hanson, and Irwin admit that they direct their activities or live in the Southern District for the State of Texas. Defendants deny the remainder of the allegations in Paragraph 15 of the Amended Complaint. Defendants neither admit nor deny the propositions of law asserted by Plaintiff in this paragraph.

16.      Defendants admit the factual allegations in Paragraph 16 of the Amended Complaint but deny the existence of any liability resulting therefrom.

### IV. FACTUAL BACKGROUND

**A.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in heading "A" of the Amended Complaint.**

17.      Defendants do not dispute the contentions in Paragraph 17 of the Amended Complaint but cannot vouch for their accuracy as they lack precise information to do so.

18.      Defendants admit that David Teer, Lisa Hudanich, Matthew Ludowig, and Michael Lambert were employees of Empower at one time; otherwise, Defendants deny the remainder of the allegations in Paragraph 18.

19.     Defendants Teer and Hudanich deny that Defendant Teer made his employment conditional on the hiring of Defendant Hudanich.  Defendant Teer, Hudanich, BFS and Ludowig otherwise admit the allegations in Paragraph 19 of the Amended Complaint. Defendants HIG, Hanson, and Irwin lack precise knowledge to admit or deny the remainder of the allegations in Paragraph 19.

20.     Defendants Teer, Hudanich, BFS, and Ludowig admit the allegations in Paragraph 20 of the Amended Complaint.  Defendants HIG, Hanson, and Irwin lack precise knowledge to admit or deny the remainder of the allegations in Paragraph 20.

21.     Defendants Teer, Hudanich, BFS, and Ludowig admit the allegations in Paragraph 21 of the Amended Complaint.  Defendants HIG, Hanson, and Irwin lack precise knowledge to admit or deny the remainder of the allegations in Paragraph 21.

22.     Defendants Teer, Hudanich, BFS, and Ludowig admit the allegations in Paragraph 22 of the Amended Complaint.  Defendants HIG, Hanson, and Irwin lack precise knowledge to admit or deny the remainder of the allegations in Paragraph 22.

**B.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in heading "B" of the Amended Complaint.**

23.     Defendant Ludowig denies the allegations contained in Paragraph 23. Defendants Teer, Hudanich, BFS, HIG, Hanson, and Irwin lack precise knowledge to admit or deny the remainder of the allegations in Paragraph 23.

24.     Defendants admit that Defendant Teer assisted with finding a suitable facility location for Empower. Defendants deny that Defendants Teer, Hudanich, Ludowig, Hanson, and Irwin illegally took information as part of a Conspiracy with other named Defendants.  Defendants further deny the remainder of Paragraph 24 of the Amended Complaint and deny they used the materials for their own purposes or that they are in competition with Plaintiff or that they took Plaintiff's information illegally or clandestinely or that they engaged in a conspiracy.

25.     Defendants deny that the locations were confidential. Defendants admit that Defendant Teer identified a facility.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25 of the Amended Complaint.

26.     Defendants Teer, Hanson, and Irwin admit that Empower retained CRB. Defendants Teer, Hudanich, Hanson, and Irwin admit CRB signed a Confidentiality Agreement with Empower Pharmacy.  Defendants BFS, Ludowig, and HIG lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26 of the Amended Complaint.

27.     Defendants Irwin and Teer admit that they are friends, and that Defendant Irwin was a Senior Project Director at CRB.  Defendants Hudanich, BFS, Ludowig, HIG, and Hanson lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Amended Complaint.

28.     Defendants Teer, Hudanich, BFS, and Irwin admit the allegations in Paragraph 28 of the Amended Complaint. Defendants Ludowig, HIG, and Hanson lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Amended Complaint.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Amended Complaint.

**C.     Defendants deny the allegations contained in heading "C" of the Amended Complaint.**

30.     Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.

31.     Defendants Teer, Hudanich, Ludowig, Hanson, and Irwin admit to communicating with each other.  The Defendants who were employed by Plaintiff admit to communicating with each other while employed by Plaintiff. Defendants Hanson, Irwin, and HIG admit that Defendants

Hanson and Irwin are the founders of Defendant HIG.  Defendants deny the remaining allegations in Paragraph 31 of the Amended Complaint.  The separate Defendants referenced in footnote #1 admit to using their individual emails to communicate but deny any breach thereby.

32.     Defendants Teer, Hudanich, Ludowig, Hanson, and Irwin admit to meeting telephonically and via videoconference but deny any conspiracy thereby.  Defendants deny the remainder of the allegations in Paragraph 32 of the Amended Complaint.  Defendants Hanson and Irwin deny that they left CRB for more lucrative positions.  Defendants deny that HIG has any existing compensation agreements with the former Empower employee Defendants.

33.     Defendants deny that the resignation of employees was as a result of any conspiracy.  Defendants deny that Defendant Teer misled Empower through his resignation. Defendants Teer, Hudanich, and Ludowig admit to resigning from their positions with Plaintiff. Defendants Hanson, Irwin, and HIG lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Amended Complaint.

34.     Defendant Teer admits that Defendant Teer cleaned out his inbox but denies that it was to conceal any communications. The other Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence of Paragraph 34 of the Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 34 of the Amended Complaint.

35.     Defendants Teer admits Defendant Teer was asked to extend his last day of work. The other Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence of Paragraph 35 of the Amended Complaint.  Defendants do not have sufficient information to admit or deny the remaining allegations in Paragraph 35 of the Amended Complaint.

36.     Defendants Teer admits Defendant Teer cleaned his printer cache but denies it was to conceal communications.  The other Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence of Paragraph 36 of the Amended Complaint. Defendants do not have sufficient information to admit or deny the remaining allegations in Paragraph 36 of the Amended Complaint.

37.     Defendant Teer admits he downloaded Empower documents to a personal device but lacks sufficient information to admit or deny the remaining allegations in Paragraph 37.  The remaining Defendants do not have sufficient information to admit or deny the allegations in Paragraph 37 of the Amended Complaint.

38.     Defendants Teer and Irwin admit that Defendant Teer sent Mr. Irwin an email but deny that it was surreptitious as the emails were exchanged a part of Defendant Teer and Defendant Irwin's roles and engagements with Empower. The other Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence of Paragraph 38 of the Amended Complaint.  Defendants deny the remaining allegations contained in Paragraph 38 of the Amended Complaint.

39.     Defendants admit that Defendant Teer accessed documents from his personal accounts but deny that it was improper.  The other Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence of Paragraph 39 of the Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 39 of the Amended Complaint.

40.     Defendant Hudanich admits that Defendant Hudanich connected USB devices to her work computer but denies that it provided her any access to any data.  Defendant Hudanich denies the remaining allegations in Paragraph 40 of the Amended Complaint.  The remaining

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Amended Complaint.

41.    Defendants Teer, Hudanich, and Irwin deny that the emails sent on August 8 and August 10, 2023 were improper. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Amended Complaint.

42.    Defendants Teer, Hudanich, Hanson, and Irwin admit to communications between Defendants Hudanich and Teer and Defendant Hanson and Defendant Irwin but deny that Empower Pharmacy's information was converted for Defendants' benefit and use. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Amended Complaint.

43.    Defendants Teer, Hanson, and Irwin admit that the conversations occurred but deny all other allegations contained in Paragraph 43 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Amended Complaint.

44.    Defendants deny they are in competition with Empower. Defendants also deny that they utilized trade secrets. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Amended Complaint.

45.    Defendants Irwin and Teer deny that they were continuing a conspiracy. Defendants Irwin and Teer further deny that they engaged in misconduct. The other Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 45 of the Amended Complaint.

46.    Defendants deny the allegations contained in Paragraph 46 of the Amended Complaint.

**D.**    **To the extent a response is required, Defendants deny the allegations contained in heading "D."**

47.    Defendants Hudanich, Hanson, Irwin, and HIG admit the registration for Defendant HIG was filed on March 8, 2023 and identified Defendants Hanson and Irwin as Managing Members.  The other Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence of Paragraph 47 of the Amended Complaint.  Defendants admit they were aware of the existence and potential availability of the facility referenced in Paragraph 47. Defendants deny the remaining allegations contained in Paragraph 47.

48.    Defendants admit the registration for Bio42 Clinical Filling Solutions Inc. was filed on August 23, 2023, and identified Defendant Ludowig and Mr. Stephen Burrows as Directors. Defendants further admit that Defendant Ludowig was involved in the leadership of Defendant BFS.  Defendants deny the remaining allegations contained in Paragraph 48.

49.    Defendants deny the allegations contained in Paragraph 49 of the Amended Complaint.

50.    Defendants admit the allegations contained in Paragraph 50 of the Amended Complaint.

51.    Defendants deny they breached or misappropriated anything, but otherwise admit the allegations contained in Paragraph 51 of the Amended Complaint.

52.    Defendants admit that Hanszen Laporte sent the described responses.  The Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 52 of the Amended Complaint.

53.    Defendants admit the allegations contained in Paragraph 53 of the Amended Complaint.

54.    Defendants admit to having discussed potential other employment or business options in the summer 2023.  Defendants do not have sufficient knowledge to address the

specificity of dates and times of communications as contended in the remainder of Paragraph 54 of the Amended Complaint.

55.    Defendants admit that draft investor decks exist, which contain the information contained in Paragraph 55, but deny that these decks were furnished to investors.  The assertion of a portrayal of a "joint-venture between HIG and BFS" is a legal conclusion which Defendants are not required to admit or deny.  Defendants deny that anyone has any ownership in Defendant BFS. Defendants also deny that Defendant BFS is a "competing business venture."

56.    Defendants deny the allegations contained in Paragraph 56 of the Amended Complaint.

57.    Defendants deny the allegations contained in Paragraph 57 of the Amended Complaint and denies that Plaintiff has any right to further relief.

### V. CLAIMS

**Count I: Violation of the Defend Trade Secrets Act**

58.    Paragraph 58 of the Amended Complaint does not require admission or denial.

59.    Defendants deny that they are engaged in interstate commerce. Defendants admit that Plaintiff may be engaged in interstate commerce.

60.    Defendants admit that Plaintiff may have certain materials that could qualify as trade secrets.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 60 concerning Plaintiff's trade secrets as to any particular piece of information.  Finally, Paragraph 60 is a legal conclusion that does not require a factual response.

61.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Amended Complaint.

62.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Amended Complaint.

63.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Amended Complaint.

64.     Defendants deny the allegations in Paragraph 64 of the Amended Complaint.

65.     Defendant Teer admits that Defendant Teer downloaded Empower information but denies that it was on behalf of Defendant BFS.  Defendant Hudanich denies downloading Empower information.  Defendants Teer, Hudanich, and BFS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 65 of the Amended Complaint. Defendants Ludowig, Hanson, Irwin, and HIG lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of the Amended Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint; however, to the extent that Defendants Teer, Hudanich, and BFS have those materials, they cannot remove them per the Court's injunction.

67.     Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

69.     Defendants deny the allegations in Paragraph 69 that they are using or planning to use Plaintiff's trade secrets.  Defendants admit Defendant Teer engaged in communications on September 22, 2023.  Defendants deny the remaining allegations contained in Paragraph 69 of the Amended Complaint, specifically the allegation that Empower Pharmacy's information is being utilized to acquire funding and/or to gain a competitive advantage in the marketplace.

70.     Defendants deny the allegations contained in Paragraph 70 of the Amended Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

72.     Defendants deny the allegations contained in Paragraph 72 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

**Count II: Violation of the Texas Uniform Trade Secrets Act**

73.     Paragraph 73 of the Amended Complaint does not require an admission or denial.

74.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 74 of the Amended Complaint concerning Plaintiff's trade secrets.  Paragraph 74 is a legal conclusion that does not require a factual response.

75.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's trade secrets.

76.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's trade secrets.

77.     Defendants deny the allegations in Paragraph 77 of the Amended Complaint.

78.     Defendants deny the allegations in Paragraph 78 of the Amended Complaint.

79.     Defendant Teer admits that Defendant Teer downloaded Empower information but denies that it was on behalf of Defendant BFS. Defendant Hudanich denies downloading Empower information.  Defendants Teer, Hudanich, and BFS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 79 of the Amended Complaint. Defendants Ludowig, Hanson, Irwin, and HIG lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 of the Amended Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Amended Complaint; however, to the extent that Defendants Teer, Hudanich, and BFS have those materials, they cannot remove them per the Court's injunction.

82.     Defendants deny the allegations contained in Paragraph 82 of the Amended Complaint.

83.     Defendants admit Defendant Teer engaged in communications on September 22, 2023.  Defendants deny the remaining allegations contained in Paragraph 83 of the Amended Complaint, specifically that Empower Pharmacy's information is being utilized to acquire funding and/or to gain a competitive advantage in the marketplace.

84.     Defendants deny the allegations contained in Paragraph 84 of the Amended Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

86.     Defendants deny the allegations contained in Paragraph 86 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

**Count III: Breach of Contract – Confidentiality and Non-Disclosure Agreement**

87.     Paragraph 87 of the Amended Complaint does not require an admission or denial.

88.     Defendants Teer and Hudanich admit the allegations contained in Paragraph 88 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 88 of the Amended Complaint.

89.     Defendant Ludowig admits the allegations contained in Paragraph 89 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 89 of the Amended Complaint.

90.     Paragraph 90 of the Amended Complaint requires the making of a legal conclusion which is not proper, and which does not require an admission or a denial.

91.     Defendants Teer and Hudanich admit the allegations contained in Paragraph 91 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 91 of the Amended Complaint.

92.     Defendant Ludowig admits the allegations contained in Paragraph 92 of the Amended Complaint.  The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 92 of the Amended Complaint.

93.     Defendants Teer and Hudanich deny that they planned to use any trade secrets or information gleaned from Empower and the determination of whether information is a trade secret remains a legal conclusion to which no admission or denial is needed.  Defendant Hudanich denies that Defendant Hudanich possesses hundreds of Empower documents. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 93 of the Amended Complaint.

94.     Defendant Ludowig denies the allegations contained in Paragraph 94 of the Amended Complaint.  The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 94 of the Amended Complaint.

95.     Defendants deny that any confidential information was disclosed or used. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 95 of the Amended Complaint.

96.     Defendants Teer and Hudanich deny the allegations in Paragraph 96 of the Amended Complaint, specifically, Defendants Teer and Hudanich deny that any Empower information is or has been used to further advantage a competing third party. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 96 of the Amended Complaint.

97.     Defendant Ludowig denies the allegations in Paragraph 97 of the Amended Complaint, specifically, Defendant Ludowig denies that any Empower information is or has been used to further advantage a competing third party. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 97 of the Amended Complaint.

98.     Defendants deny the allegations contained in Paragraph 98 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

**Count IV: Breach of Contract – Non-Solicitation**

99.     Paragraph 99 of the Amended Complaint does not require an admission or a denial.

100.     Defendants Teer, Hudanich, and Ludowig admit the allegations contained in Paragraph 100 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 100 of the Amended Complaint.

101.     Defendants Teer, Hudanich, and Ludowig admit the allegations contained in Paragraph 101 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 101 of the Amended Complaint.

102.     Defendants Teer and Hudanich deny the allegations contained in Paragraph 102 of the Amended Complaint.  The remaining Defendants lack knowledge or information sufficient to

form a belief about the truth of the allegations contained in Paragraph 102 of the Amended Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

**Count V: Breach of Contract – Non-Competition**

104.    Paragraph 104 of the Amended Complaint does not require an admission or a denial.

105.    Defendants Teer and Ludowig admits the allegations contained in Paragraph 105 of the Amended Complaint.   The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 105 of the Amended Complaint.

106.    Defendants Teer and Ludowig admit there was a Non-Competition section in Defendant Teer's contract, but denies that Paragraph 106 of the Amended Complaint accurately states the Non-Competition Section.  The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 106 of the Amended Complaint.

107.    Defendants deny that Defendant BFS is a competing pharmaceutical company. Defendants also deny that Defendant Teer breached the Non-Competition Section of his contract. Defendant Teer denies becoming an employee of BFS.  Defendants deny that Defendant BFS participates in the sale of and distribution of similar products to Empower.  Defendants admit that Defendant BFS is located in Texas.

108.    Defendants deny the allegations contained in Paragraph 108 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

**Count VI: Unjust Enrichment**

109.    Paragraph 109 of the Amended Complaint does not require an admission or a denial.

110.    Defendants deny the allegations contained in Paragraph 110 of the Amended Complaint.

111.    Defendants deny the allegations contained in Paragraph 111 of the Amended Complaint.

112.    Defendants deny the allegations contained in Paragraph 112 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

113.    Defendants deny the allegations contained in Paragraph 113 of the Amended Complaint and deny Plaintiff is entitled to the relief sought. Defendants further deny that Defendant BFS has any income or revenue.

**Count VIII: Tortious Interference**

114.    Paragraph 114 of the Amended Complaint does not require an admission or a denial.

115.    Defendants admit that Plaintiff is a party to certain contracts with Defendant Teer, Hudanich, and Ludowig, the enforceability is left to the courts and cannot be determined by the Defendants. The Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 115 of the Amended Complaint.

116.    Defendants deny the allegations contained in Paragraph 116 of the Amended Complaint; Defendants specifically deny that Defendant BFS has employees.

117.    Defendants deny that Defendant BFS has employees. Defendants deny that Defendants Teer, Hudanich, and Ludowig are employed by Defendant BFS.  Defendants deny the remaining allegations in Paragraph 117 of the Amended Complaint.

118.    Defendants deny the allegations contained in Paragraph 118 of the Amended Complaint.

119.    Defendants deny the allegations contained in Paragraph 119 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

**Count IX: Breach of Fiduciary Duty**

120.    Paragraph 120 of the Amended Complaint does not require an admission or a denial.

121.    Paragraph 121 of the Amended Complaint asserts a legal conclusion as to the existence of trade secrets to which no admission or denial is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 121 of the Amended Complaint.

122.    Paragraph 122 of the Amended Complaint requires the making of a legal conclusion which is not proper, and does not require an admission or a denial. Defendant Teer denies the allegations contained in Paragraph 122 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 122 of the Amended Complaint.

123.    Paragraph 123 of the Amended Complaint requires the making of a legal conclusion which is not proper, and does not require an admission or a denial. Defendant Ludowig denies the allegations contained in Paragraph 123 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 121 of the Amended Complaint.

124.    Defendant Teer denies the allegations contained in Paragraph 124 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 124 of the Amended Complaint.

125.    Defendant Teer admits he inadvertently deleted files at Plaintiff but asserts that he also restored them and/or had them restored.  Defendant Teer denies the remaining allegations contained in Paragraph 125 of the Amended Complaint.   The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 125 of the Amended Complaint.

126.    Defendant Ludowig denies the allegations contained in Paragraph 126 of the Amended Complaint.  The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 126 of the Amended Complaint.

127.    Defendants Teer and Ludowig deny the allegations contained in Paragraph 127 of the Amended Complaint.  The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 127 of the Amended Complaint.

128.    Defendants deny the allegations contained in Paragraph 128 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

**Count X: Aiding and Abetting Breach of Fiduciary Duty**

129.    Paragraph 129 of the Amended Complaint does not require an admission or a denial.

130.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 130 of the Amended Complaint.

131.    Paragraph 131 of the Amended Complaint requires the making of a legal conclusion which is not proper, and which does not require an admission or denial.  Defendants deny the remaining allegations contained in Paragraph 131 of the Amended Complaint.

132.    Defendants deny the allegations contained in Paragraph 132 of the Amended Complaint.

133.    Defendants deny the allegations contained in Paragraph 133 of the Amended Complaint.

134.    Paragraph 134 of the Amended Complaint requires the making of a legal conclusion which is not proper, and which does not require an admission or a denial.  Defendants deny the remaining allegations contained in Paragraph 134 of the Amended Complaint.

135.    Defendants deny the allegations contained in Paragraph 135 of the Amended Complaint.

136.    Defendants deny the allegations contained in Paragraph 136 of the Amended Complaint.

137.    Defendants deny the allegations contained in Paragraph 137 of the Amended Complaint.

138.    Defendants deny the allegations contained in Paragraph 138 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

**Count XI: Civil Conspiracy**

139.    Paragraph 139 of the Amended Complaint does not require an admission or denial.

140.    Defendants admit the allegations contained in Paragraph 140 of the Amended Complaint.

141.    Defendants deny the allegations contained in Paragraph 141 of the Amended Complaint.

142.    Defendants deny the allegations contained in Paragraph 142 of the Amended Complaint; Defendants specifically deny that Defendant BFS is a competing pharmaceutical company.

143.    Defendants deny the allegations contained in Paragraph 143 of the Amended Complaint.

144.    Defendants deny the allegations contained in Paragraph 144 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

145.    Defendants deny the allegations contained in Paragraph 145 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

## JURY DEMAND

146.    Like Plaintiff, Defendants demand a trial by jury.

## PLAINTIFF'S PRAYER

147.    Defendants deny that Plaintiff is entitled to the relief requested.

## DEFENSES AND AFFIRMATIVE DEFENSES

148.    Plaintiff has suffered no damages as a result of Defendants' alleged conduct.

149.    Defendants' acts or omissions were not the actual or proximate cause of Plaintiff's damages, if any.

150.    The Non-Compete clause is unenforceable against Defendants Teer and Hudanich as it is overly broad and lacks adequate consideration.

151.    The Non-Solicitation clause is unenforceable against Defendants Teer and Hudanich as it is overly broad and lacks adequate consideration.

152.    Defendants allege Plaintiff is not entitled to recover on its claims under the Defend Trade Secrets Act and the Texas Uniform Trade Secrets Act as the information at issue is not considered a trade secret.  Further, the information has no independent economic value.

153.    To the extent that Defendants acquired Plaintiff's trade secrets or other confidential information, Defendants did not acquire them by improper means.

154.    Plaintiff cannot recover on any of its claims relating to the taking or utilizing of trade secrets as the materials at issue do not constitute trade secrets.

155.    Plaintiff cannot claim "trade secret" protection to any information, processes, procedures, or materials which Defendants already possessed prior to coming to work with of for Plaintiff.

156.    Plaintiff cannot recover on any breach of fiduciary claim or claim which relies on the imposition of a fiduciary relationship against Defendants Teer and Ludowig as they were not fiduciaries of Plaintiff.

157.    Plaintiff has failed to state a claim upon which relief can be granted.

158.    Plaintiff cannot recover on any of its claims relating to the taking or utilizing of trade secrets if they were provided by Plaintiff itself.

159.    Plaintiff cannot claim "trade secret" protection to any information which it ultimately abandons.

160.    Defendants further assert the defenses of:

      a.      excessive demand;

      b.      Plaintiff seeking recovery to which it is not entitled;

      c.      abandonment;

      d.      information that is common knowledge;

      e.      information which is publicly available;

      f.      information which is in the public domain;

      g.      no breach of contract;

      h.      no breach of fiduciary duty;

      i.      no fiduciary duty;

      j.      no conspiracy;

      k.      no damages; and,

      l.      excessive attorneys' fees.

## **PRAYER**

Wherefore, premises considered, Defendants Bio Filling Solutions Inc., Bio42 Clinical Filling Solutions, Inc., David Teer, Lisa Hudanich, Matthew Ludowig, Hanson Irwin Group LLC, Marc Hanson, and Jerry Irwin pray this Court to grant judgment in their favor against Plaintiff with regard to the allegations and claims contained in the Amended Complaint; that Plaintiff take nothing for damages from Defendants; that Defendants be awarded its costs, including reasonable attorney's fees; and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

*By:  Anthony L. Laporte*
Anthony L. Laporte
Attorney In Charge
S.D. Bar No. 21701
Texas State Bar No. 00787876
alaporte@hanszenlaporte.com
Alexandra E. Pierce
S.D. Bar No. 3804067
Texas State Bar No. 24131912
apierce@hanszenlaporte.com
Hanszen Laporte
14201 Memorial Drive
Houston, Texas 77079
Telephone: 713-522-9444
Facsimile: 713-524-2580

*Attorneys for Defendants,*
*Bio Filling Solutions Inc., et al.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on January 22, 2024, a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, to wit:

John A. Yates
jyates@pattersonsheridan.com
Kyrie K. Cameron
kcameron@pattersonsheridan.com
Craig V. Depew
cdepew@pattersonsheridan.com
Patterson + Sheridan LLP
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
Telephone: 713-623-4844
Facsimile: 713-623-4846

Jerry Selinger
jselinger@pattersonsheridan.com
Patterson + Sheridan LLP
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Telephone: 214-720-2200
Facsimile: 713-623-4846

***Attorneys for Plaintiff***
***Empower Clinic Services, LLC***

Respectfully submitted,

*By:  Anthony L. Laporte*
Anthony L. Laporte