# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **Empower Clinic Services, L.L.C.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-CV-04123** |
| | § | |
| **Bio Filling Solutions Inc., Bio42** | § | |
| **Clinical Filling Solutions, Inc., Hanson Irwin** | § | |
| **Group LLC, David Teer, Lisa Hudanich,** | § | **JURY DEMANDED** |
| **Matthew Ludowig, Marc Hanson, and Jerry** | § | |
| **Irwin.** | § | |
| | | |
| **Defendants.** | | |

## DEFENDANTS BIO FILLING SOLUTIONS INC., BIO42 CLINICAL FILLING SOLUTIONS, INC., DAVID TEER, LISA HUDANICH, HANSON IRWIN GROUP LLC, MATTHEW LUDOWIG, MARC HANSON, AND JERRY IRWIN'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Come now, Defendants Bio Filling Solutions Inc. ("BFS"), Bio42 Clinical Filling Solutions, Inc. ("Bio42"), David Teer ("Teer"), Lisa Hudanich ("Hudanich"), Hanson Irwin Group LLC ("HIG"), Matthew Ludowig ("Ludowig"), Marc Hanson ("Hanson"), and Jerry Irwin ("Irwin") (collectively "Defendants[1]") and serve their Answer in response to Plaintiff Empower Clinic Services, L.L.C.'s Second Amended Complaint (the "Amended Complaint") and would show the Court as follows:

---

[1] The term "Defendants" is used collectively in Plaintiff's Second Amended Complaint. For ease of use and clarity, as used in this Answer to Plaintiff's First Amended Complaint, the term "Defendants" shall mean Bio Filling Solutions Inc., Bio42 Clinical Filling Solutions, Inc., David Teer, Lisa Hudanich, Hanson Irwin Group LLC, Matthew Ludowig, Marc Hanson, and Jerry Irwin. If any distinct defendant has an answer different than the other collective defendants, such difference shall be noted. Defendant Lambert will be referred to as Defendant Lambert and is not represented by the undersigned.

<u>**RESPONSIVE PARAGRAPHS TO PLAINTIFFS' PLEADINGS**</u>

**I.        NATURE OF THE ACTION**

1.        Defendants admit that Plaintiff brings this action; Defendants deny all other allegations contained in Paragraph 1 of the Amended Complaint.

2.        Defendants deny the allegations of misconduct contained in Paragraph 2 of the Second Amended Complaint and deny Plaintiff is entitled to the relief sought.  Defendants admit that Plaintiff is seeking the relief it desires.

3.        Defendants deny the allegations contained in Paragraph 3 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

4.        Defendants admit that there have been an Agreed Preliminary Injunction Order (Dkt. 13)  and Agreed Expedited Discovery Order (Dkt. 18).  Defendants HIG, Hanson, Irwin, and Ludowig deny that these Orders apply to them.  Further, Defendants contend that these Orders are no longer applicable and have been superseded by the Preliminary Injunction Order (Dkt. 68).

5.        Defendants deny generally the allegations contained in Paragraph 5 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

**II.        PARTIES**

6.        Defendants admit the allegations in Paragraph 6 of the Amended Complaint.

7.        Defendants admit that Defendant BFS is already before the Court but note that Defendant Bio Filling Solutions Inc. is no longer an active entity and has been wound down in accordance with Texas law.

8.        Defendants admit that Defendant HIG is already before the Court but note that Defendant Hanson Irwin Group LLC ("HIG") is no longer an active entity and has been wound down in accordance with Texas law.

9.      Defendants admit the allegations in Paragraph 9 of the Amended Complaint.

10.     Defendants admit the allegations in Paragraph 10 of the Amended Complaint.

11.     Defendants admit the allegations in Paragraph 11 of the Amended Complaint.

12.     Defendants admit the allegations in Paragraph 12 of the Amended Complaint.

13.     Defendants admit the allegations in Paragraph 13 of the Amended Complaint.

14.     Defendants do not dispute the contentions in Paragraph 14 of the Amended Complaint but cannot vouch for their accuracy as they lack precise information to do so.

### III.      JURISDICTION AND VENUE

15.     Defendants admit the allegations in Paragraph 15 of the Amended Complaint.

16.     Defendants admit the first sentence of Paragraph 16 of the Amended Complaint, as it pertains to Defendants BFS, HIG, Ludowig, Hudanich, Teer, Hanson and Irwin.  Defendant BFS is out of business and denies that Defendant BFS has any employees. Defendant HIG is out of business and denies that Defendant HIG has any employees.  Defendants Teer, Hudanich, Ludowig, Hanson, and Irwin admit that they direct their activities or live in the Southern District for the State of Texas.  Defendants do not dispute the contentions that pertain to Defendant Lambert in Paragraph 16 of the Amended Complaint but cannot vouch for their accuracy as Defendants lack precise information to do so. Defendants deny the remainder of the allegations in Paragraph 16 of the Amended Complaint. Defendants neither admit nor deny the propositions of law asserted by Plaintiff in this paragraph.

17.     Defendants admit the factual allegations in Paragraph 17 of the Amended Complaint but deny the existence of any liability resulting therefrom.

### IV. FACTUAL BACKGROUND

**A.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in heading "A" of the Amended Complaint.**

18.     Defendants do not dispute the contentions in Paragraph 18 of the Amended Complaint but cannot vouch for their accuracy as they lack precise information to do so.

19.     Defendants admit that David Teer, Lisa Hudanich, Matthew Ludowig, and Michael Lambert were employees of Empower at one time; otherwise, Defendants deny the remainder of the allegations in Paragraph 19.

**B.      Defendants admit that David Teer, Lisa Hudanich, Matthew Ludowig, and Michael Lambert were employees of Empower at one time, but otherwise deny that these Defendants agreed to terms of employment.**

20.     Defendants Teer and Hudanich deny that Defendant Teer made his employment conditional on the hiring of Defendant Hudanich.  Defendant Teer, Hudanich, BFS and Ludowig otherwise admit the allegations in Paragraph 20 of the Amended Complaint. Defendants HIG, Hanson, and Irwin lack precise knowledge to admit or deny the remainder of the allegations in Paragraph 20.

21.     Defendants Teer, Hudanich, BFS, and Ludowig admit the allegations in Paragraph 21 of the Amended Complaint.  Defendants HIG, Hanson, and Irwin lack precise knowledge to admit or deny the remainder of the allegations in Paragraph 21.

22.     Defendants Teer, Hudanich, and BFS admit the factual allegations in Paragraph 22 of the Amended Complaint but deny the existence of any liability resulting therefrom. Defendants neither admit nor deny the propositions of law asserted by Plaintiff in this paragraph. Defendants HIG, Hanson, and Irwin lack precise knowledge to admit or deny the remainder of the allegations in Paragraph 22.  Defendant Ludowig admits sentences 1-5 of this paragraph but denies sentence 6 of the paragraph.

23.     Defendants Teer, Hudanich, BFS, and Ludowig admit the allegations in Paragraph 23 of the Amended Complaint.  Defendants HIG, Hanson, and Irwin lack precise knowledge to admit or deny the remainder of the allegations in Paragraph 23.

**C.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in heading "C" of the Amended Complaint.**

24.    Defendant Ludowig denies the allegations contained in Paragraph 24. Defendants Teer, Hudanich, BFS, HIG, Hanson, and Irwin lack precise knowledge to admit or deny the remainder of the allegations in Paragraph 24.

25.    Defendants deny that Empower acquired trade secrets through this endeavor. Defendants admit that Defendant Teer assisted with finding a suitable facility location for Empower. Defendants deny the remainder of the allegations in Paragraph 25.

26.    Defendants deny that the locations were confidential. Defendants admit that Defendant Teer identified a facility.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26 of the Amended Complaint.

27.    Defendants Teer, Hanson, and Irwin admit that Empower retained CRB. Defendants Teer, Hudanich, Hanson, and Irwin admit CRB signed a Confidentiality Agreement with Empower Pharmacy.  Defendants BFS, Ludowig, and HIG lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27 of the Amended Complaint.

28.    Defendants Irwin and Teer admit that they are friends, and that Defendant Irwin was a Senior Project Director at CRB.  Defendants Hudanich, BFS, Ludowig, HIG, and Hanson lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Amended Complaint.

29.    Defendants Teer, Hudanich, BFS, and Irwin admit the allegations in Paragraph 29 of the Amended Complaint. Defendants Ludowig, HIG, and Hanson lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Amended Complaint.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Amended Complaint.

31.     Defendants deny that Defendants Teer, Hudanich, Ludowig, Hanson, and Irwin illegally took information as part of a Conspiracy with other named Defendants.  Defendants further deny the remainder of Paragraph 24 of the Amended Complaint and deny they used the materials for their own purposes or that they are in competition with Plaintiff or that they took Plaintiff's information illegally or clandestinely or that they engaged in a conspiracy.  Defendants deny the remainder of the allegations contained in Paragraph 31 of the Amended Complaint.

**D.     Defendants deny the allegations contained in heading "D" of the Amended Complaint.**

32.     Defendants deny the allegations contained in Paragraph 32 of the Amended Complaint.

33.     Defendants Teer, Hudanich, Ludowig, Hanson, and Irwin admit to communicating with each other.  The Defendants who were employed by Plaintiff admit to communicating with each other while employed by Plaintiff. Defendants Hanson, Irwin, and HIG admit that Defendants Hanson and Irwin are the founders of Defendant HIG.  Defendants deny the remaining allegations in Paragraph 33 of the Amended Complaint.  Defendants admit to using their individual emails to communicate but deny any breach thereby.

34.     Defendants Teer, Hudanich, Ludowig, Hanson, and Irwin admit to meeting telephonically and via videoconference but deny any conspiracy thereby.  Defendants deny the remainder of the allegations in Paragraph 34 of the Amended Complaint.  Defendants Hanson and Irwin deny that they left CRB for more lucrative positions.  Defendants deny that HIG has any existing compensation agreements with the former Empower employee Defendants.

35.     Defendants deny that the resignation of employees was as a result of any conspiracy.  Defendants deny that Defendant Teer misled Empower through his resignation.

Defendants Teer, Hudanich, and Ludowig admit to resigning from their positions with Plaintiff. Defendants Hanson, Irwin, and HIG lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Amended Complaint.

36.     Defendant Teer admits that Defendant Teer cleaned out his inbox but denies that it was to conceal any communications. The other Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence of Paragraph 36 of the Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 36 of the Amended Complaint.

37.     Defendants Teer admits Defendant Teer was asked to extend his last day of work. The other Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence of Paragraph 37 of the Amended Complaint.  Defendants do not have sufficient information to admit or deny the remaining allegations in Paragraph 37 of the Amended Complaint.

38.     Defendants Teer admits Defendant Teer cleared his printer cache but denies it was to conceal communications.  The other Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence of Paragraph 38 of the Amended Complaint. Defendants do not have sufficient information to admit or deny the remaining allegations in Paragraph 38 of the Amended Complaint.

39.     Defendant Teer admits he downloaded Empower documents to a personal device but lacks sufficient information to admit or deny the remaining allegations in Paragraph 39.  The remaining Defendants do not have sufficient information to admit or deny the allegations in Paragraph 39 of the Amended Complaint.

40.     Defendants Teer and Irwin admit that Defendant Teer sent Mr. Irwin an email but deny that it was surreptitious as the emails were exchanged a part of Defendant Teer and Defendant

Irwin's roles and engagements with Empower. The other Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence of Paragraph 40 of the Amended Complaint. Defendants deny the remaining allegations contained in Paragraph 40 of the Amended Complaint.

41.     Defendants admit that Defendant Teer accessed documents from his personal accounts but deny that it was improper. The other Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence of Paragraph 41 of the Amended Complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 41 of the Amended Complaint.

42.     Defendant Hudanich admits that Defendant Hudanich connected USB devices to her work computer but denies that it provided her any access to any data. Defendant Hudanich denies the remaining allegations in Paragraph 42 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Amended Complaint.

43.     Defendants Teer, Hudanich, and Irwin deny that the emails sent on August 8 and August 10, 2023 were improper. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Amended Complaint.

44.     Defendants Teer, Hudanich, Hanson, and Irwin admit to communications between Defendants Hudanich and Teer and Defendant Hanson and Defendant Irwin but deny that Empower Pharmacy's information was converted for Defendants' benefit and use. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Amended Complaint.

45.     Defendants Teer, Hanson, and Irwin admit that the conversations occurred but deny all other allegations contained in Paragraph 45 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Amended Complaint.

46.     Defendants deny they are in competition with Empower.  Defendants also deny that they utilized trade secrets.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Amended Complaint.

47.     Defendants Irwin and Teer deny that they were continuing a conspiracy. Defendants Irwin and Teer further deny that they engaged in misconduct. The other Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 47 of the Amended Complaint.

48.     Defendants deny the allegations contained in Paragraph 46 of the Amended Complaint.

**E.      To the extent a response is required, Defendants deny the allegations contained in heading "E."**

49.     Defendants Hudanich, Hanson, Irwin, and HIG admit the registration for Defendant HIG was filed on March 8, 2023 and identified Defendants Hanson and Irwin as Managing Members. Defendants Hudanich, Hanson, Irwin, and HIG note that Defendant HIG has since been dissolved. The other Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence of Paragraph 49 of the Amended Complaint.  Defendants admit they were aware of the existence and potential availability of the facility referenced in Paragraph 49. Defendants deny the remaining allegations contained in Paragraph 49.

50.     Defendants admit the registration for Bio42 Clinical Filling Solutions Inc. was filed on August 23, 2023, and identified Defendant Ludowig and Mr. Stephen Burrows as Directors.

Defendants further admit that Defendant Ludowig was involved in the leadership of Defendant BFS. Defendants deny the remaining allegations contained in Paragraph 48.

51.    Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint.

52.    Defendants admit the allegations contained in Paragraph 52 of the Amended Complaint and note that Defendant Bio Filling Solutions Inc. has been dissolved.

53.    Defendants deny they breached or misappropriated anything, but otherwise admit the allegations contained in Paragraph 53 of the Amended Complaint.

54.    Defendants admit that Hanszen Laporte sent the described responses.    The Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 54 of the Amended Complaint.

55.    Defendants admit the allegations contained in Paragraph 55 of the Amended Complaint.

56.    Defendants admit to having discussed potential other employment or business options in the summer 2023.    Defendants do not have sufficient knowledge to address the specificity of dates and times of communications as contended in the remainder of Paragraph 56 of the Amended Complaint.

57.    Defendants admit that draft investor decks exist, which contain the information contained in Paragraph 57, but deny that these decks were furnished to investors.    The assertion of a portrayal of a "joint-venture between HIG and BFS" is a legal conclusion which Defendants are not required to admit or deny.    Defendants deny that anyone has any ownership in Defendant BFS. Defendants also deny that Defendant BFS is a "competing business venture."

58.    Defendants deny the allegations contained in Paragraph 58 of the Amended Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint and denies that Plaintiff has any right to further relief.  Defendants further deny that Defendant HIG or BFS are engaged in business operations, and again note that these two companies have been dissolved.

## V. CLAIMS

**Count I: Violation of the Defend Trade Secrets Act**

58.[2]     Paragraph 60 of the Amended Complaint does not require admission or denial.

59.     Defendants deny that they are engaged in interstate commerce. Defendants admit that Plaintiff may be engaged in interstate commerce.

60.     Defendants admit that Plaintiff may have certain materials that could qualify as trade secrets.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 60 concerning Plaintiff's trade secrets as to any particular piece of information.  Finally, Paragraph 60 is a legal conclusion that does not require a factual response.

61.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Amended Complaint.

62.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Amended Complaint.

63.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Amended Complaint.

64.     Defendants deny the allegations in Paragraph 64 of the Amended Complaint.

---

[2] Defendants note that this is the second paragraph 58, and the off numbering continues for twenty-seven more paragraphs and then reverts back to a third paragraph 60. For consistency, Defendants are following Plaintiff's numbering in its Second Amended Complaint.

65.     Defendant Teer admits that Defendant Teer downloaded Empower information but denies that it was on behalf of Defendant BFS.  Defendant Hudanich denies downloading Empower information.  Defendants Teer, Hudanich, and BFS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 65 of the Amended Complaint. Defendants Ludowig, Hanson, Irwin, and HIG lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of the Amended Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

69.     Defendants deny the allegations in Paragraph 69 that they are using or planning to use Plaintiff's trade secrets.  Defendants admit Defendant Teer engaged in communications on September 22, 2023.  Defendants deny the remaining allegations contained in Paragraph 69 of the Amended Complaint, specifically the allegation that Empower Pharmacy's information is being utilized to acquire funding and/or to gain a competitive advantage in the marketplace.

70.     Defendants deny the allegations contained in Paragraph 70 of the Amended Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

72.     Defendants deny the allegations contained in Paragraph 72 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

### Count II: Violation of the Texas Uniform Trade Secrets Act

73. Paragraph 73 of the Amended Complaint does not require an admission or denial.

74. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 74 of the Amended Complaint concerning Plaintiff's trade secrets. Paragraph 74 is a legal conclusion that does not require a factual response.

75. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's trade secrets.

76. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's trade secrets.

77. Defendants deny the allegations in Paragraph 77 of the Amended Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Amended Complaint.

79. Defendant Teer admits that Defendant Teer downloaded Empower information but denies that it was on behalf of Defendant BFS. Defendant Hudanich denies downloading Empower information. Defendants Teer, Hudanich, and BFS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 79 of the Amended Complaint. Defendants Ludowig, Hanson, Irwin, and HIG lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 of the Amended Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Amended Complaint; however, to the extent that Defendants Teer, Hudanich, and BFS have those materials, they cannot remove them per the Court's injunction.

82.    Defendants deny the allegations contained in Paragraph 82 of the Amended Complaint.

83.    Defendants admit Defendant Teer engaged in communications on September 22, 2023. Defendants deny the remaining allegations contained in Paragraph 83 of the Amended Complaint, specifically that Empower Pharmacy's information is being utilized to acquire funding and/or to gain a competitive advantage in the marketplace.

84.    Defendants deny the allegations contained in Paragraph 84 of the Amended Complaint.

85.    Defendants deny the allegations contained in Paragraph 85 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

60.[3]    Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

**Count III: Breach of Contract – Confidentiality and Non-Disclosure Agreement**

61.    Paragraph 61 of the Amended Complaint does not require an admission or denial.

62.    Defendants Teer and Hudanich admit they entered into confidentiality and non-compete agreements with Empower. Defendant Ludowig admits he entered into a non-compete agreement with Empower but denies that it was a condition of his employment. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 62 of the Amended Complaint.

63.    Paragraph 63 is blank and does not require a response.

64.    Paragraph 64 of the Amended Complaint requires the making of a legal conclusion which is not proper, and which does not require an admission or a denial.

---

[3] Defendants note that this is the third Paragraph 60 and Defendants will continue to follow Plaintiff's numbering for consistency.

65.    Defendants Teer, Ludowig, and Hudanich admit the allegations contained in Paragraph 65 of the Amended Complaint as it pertains to Defendants Teer, Ludowig, and Hudanich's agreements. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 91 of the Amended Complaint.

66.    Defendant Ludowig admits certain of the contentions contained in Paragraph 66 of the Amended Complaint but denies that any of these purported obligations survived his separation from Plaintiff.  The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 66 of the Amended Complaint.

67.    Defendants Teer, Ludowig, and Hudanich deny that they planned to use any trade secrets or information gleaned from Empower and the determination of whether information is a trade secret remains a legal conclusion to which no admission or denial is needed.  Defendants Hudanich and Ludowig deny that Defendants Hudanich and Ludowig possess hundreds of Empower documents. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 67 of the Amended Complaint.

68.    Defendant Ludowig denies the allegations contained in Paragraph 68 of the Amended Complaint.  The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 68 of the Amended Complaint.

69.    Defendants deny that any confidential information was disclosed or used. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 69 of the Amended Complaint.

70.    Defendants Teer, Ludowig, and Hudanich deny the allegations in Paragraph 70 of the Amended Complaint, specifically, Defendants Teer, Ludowig, and Hudanich deny that any Empower information is or has been used to further advantage a competing third party. The

remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 70 of the Amended Complaint.  Defendant Ludowig denies that any obligations to Plaintiff survived his separation from that entity.

71.     Defendants deny the allegations contained in Paragraph 71 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

**Count IV: Breach of Contract – Non-Solicitation**

72.     Paragraph 72 of the Amended Complaint does not require an admission or a denial.

73.     Defendants Teer, Hudanich, and Ludowig admit the allegations contained in Paragraph 73 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 73 of the Amended Complaint.

74.     Defendants Teer, Hudanich, and Ludowig admit the allegations contained in Paragraph 74 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 74 of the Amended Complaint.

75.     Defendants Teer and Hudanich deny the allegations contained in Paragraph 75 of the Amended Complaint.  The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 75 of the Amended Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

**Count V: Breach of Contract – Non-Competition**

77.     Paragraph 77 of the Amended Complaint does not require an admission or a denial.

78. Defendants Teer and Ludowig admit the allegations contained in Paragraph 78 of the Amended Complaint as it pertains to Defendants Teer and Ludowig. Defendant Teer lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to Defendant Lambert. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 78 of the Amended Complaint.

79. Defendants Teer and Ludowig admit there was a Non-Competition section in Defendant Teer's contract, but denies that Paragraph 79 of the Amended Complaint accurately states the Non-Competition Section. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 79 of the Amended Complaint.

80. Defendant Ludowig admits that there was a Non-Competition section in Defendant Ludowig and Defendant Lambert's agreements but denies that Paragraph 80 of the Amended Complaint accurately states the Non-Competition Section. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 80 of the Amended Complaint.

81. Defendant Ludowig admits that "Prohibited Activity" was discussed in Defendant Ludowig and Defendant Lambert's agreements but denies that Paragraph 81 of the Amended Complaint accurately reflects the agreements. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 81 of the Amended Complaint.

82. Defendants deny that Defendant BFS is a competing pharmaceutical company. Defendants also deny that Defendant Teer breached the Non-Competition Section of his contract. Defendant Teer denies becoming an employee of BFS. Defendants deny that Defendant BFS

participates in the sale of and distribution of similar products to Empower. Defendants admit that Defendant BFS is located in Texas.

83.     Defendant Ludowig denies that he was employed by Defendant BFS and further denies that he breached any non-competition agreement with Empower. Defendant Ludowig further denies that he engaged in any Prohibited Activity. Defendants deny that Defendant BFS is a competing pharmaceutical company. Defendants deny that Defendant BFS participates in the sale of and distribution of similar products to Empower. Defendants admit that Defendant BFS was located in Texas. Defendant Ludowig further denies that any obligation referenced in this paragraph survived his separation from Plaintiff.

84.     Defendants deny the allegations contained in Paragraph 84 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

**Count VI: Unjust Enrichment**

85.     Paragraph 85 of the Amended Complaint does not require an admission or a denial.

86.     Defendants deny the allegations contained in Paragraph 86 of the Amended Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Amended Complaint. Defendants further state that Defendant BFS has been dissolved and will not be entering any marketplace.

88.     Defendants deny the allegations contained in Paragraph 88 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

89.     Defendants deny the allegations contained in Paragraph 89 of the Amended Complaint and deny Plaintiff is entitled to the relief sought. Defendants further deny that Defendant BFS has any income or revenue. Defendants also deny that any of the information referenced in this paragraph enriched Defendants in any tangible way.

**Count VIII: Tortious Interference**

90.     Paragraph 90 of the Amended Complaint does not require an admission or a denial.

91.     Defendants admit that Plaintiff is a party to certain contracts with Defendant Teer, Hudanich, and Ludowig, the enforceability is left to the courts and cannot be determined by the Defendants. The Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 91 of the Amended Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Amended Complaint; Defendants specifically deny that Defendant BFS has employees.

93.     Defendants deny that Defendant BFS has employees. Defendants deny that Defendants Teer, Hudanich, Lambert, and Ludowig are employed by Defendant BFS.  Defendants deny the remaining allegations in Paragraph 93 of the Amended Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Amended Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

**Count IX: Breach of Fiduciary Duty**

96.     Paragraph 96 of the Amended Complaint does not require an admission or a denial.

97.     Paragraph 97 of the Amended Complaint asserts a legal conclusion as to the existence of trade secrets to which no admission or denial is required.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 97 of the Amended Complaint.

98.     Paragraph 98 of the Amended Complaint requires the making of a legal conclusion which is not proper and does not require an admission or a denial.  Defendant Teer denies the allegations contained in Paragraph 98 of the Amended Complaint.  The remaining Defendants lack

knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 98 of the Amended Complaint.

99.     Paragraph 99 of the Amended Complaint requires the making of a legal conclusion which is not proper and does not require an admission or a denial.  Defendant Ludowig denies the allegations contained in Paragraph 99 of the Amended Complaint.  The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 99 of the Amended Complaint.

100.     Defendant Teer denies the allegations contained in Paragraph 100 of the Amended Complaint.  The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 100 of the Amended Complaint.

101.     Defendant Teer admits he inadvertently deleted files at Plaintiff but asserts that he also restored them and/or had them restored.  Defendant Teer denies the remaining allegations contained in Paragraph 101 of the Amended Complaint.  The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 101 of the Amended Complaint.

102.     Defendant Ludowig denies the allegations contained in Paragraph 102 of the Amended Complaint.  The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 102 of the Amended Complaint.

103.     Defendants Teer and Ludowig deny the allegations contained in Paragraph 103 of the Amended Complaint.  The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 103 of the Amended Complaint.

104.     Defendants deny the allegations contained in Paragraph 128 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

**Count X: Aiding and Abetting Breach of Fiduciary Duty**

105.    Paragraph 105 of the Amended Complaint does not require an admission or a denial.

106.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 106 of the Amended Complaint.

107.    Paragraph 107 of the Amended Complaint requires the making of a legal conclusion which is not proper, and which does not require an admission or denial.  Defendants deny the remaining allegations contained in Paragraph 107 of the Amended Complaint.

108.    Defendants deny the allegations contained in Paragraph 108 of the Amended Complaint.

109.    Defendants deny the allegations contained in Paragraph 109 of the Amended Complaint.

110.    Paragraph 110 of the Amended Complaint requires the making of a legal conclusion which is not proper, and which does not require an admission or a denial.  Defendants deny the remaining allegations contained in Paragraph 110 of the Amended Complaint.

111.    Defendants deny the allegations contained in Paragraph 111 of the Amended Complaint.

112.    Defendants deny the allegations contained in Paragraph 112 of the Amended Complaint.

113.    Defendants deny the allegations contained in Paragraph 113 of the Amended Complaint.  Further, the federal courts do not recognize an aiding-and-abetting claim because no such claim exists in Texas.  *Christopher v. Depuy Orthopaedics, Inc. (In re Depuy Orthopaedics, Inc.)*, 888 F.3d 753, 782 (5th Cir. 2018); *see also Midwestern Cattle Mktg., LLC v. Legend Bank,*

*N.A.*, 800 Fed. Appx. 239, 250 (5th Cir. 2020); *Taylor v. Rothstein Kass & Co., PLLC*, Civil Action No. 3:19-CV-1594-D, 2020 WL 554583, at *5 (N.D. Tex. Feb. 4, 2020).

114.    Defendants deny the allegations contained in Paragraph 114 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

**Count XI: Civil Conspiracy**

115.    Paragraph 115 of the Amended Complaint does not require an admission or denial.

116.    Defendants admit the allegations contained in Paragraph 116 of the Amended Complaint.

117.    Defendants deny the allegations contained in Paragraph 117 of the Amended Complaint.

118.    Defendants deny the allegations contained in Paragraph 118 of the Amended Complaint; Defendants specifically deny that Defendant BFS is a competing pharmaceutical company.

119.    Defendants deny the allegations contained in Paragraph 119 of the Amended Complaint.

120.    Defendants deny the allegations contained in Paragraph 120 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

121.    Defendants deny the allegations contained in Paragraph 145 of the Amended Complaint and deny Plaintiff is entitled to the relief sought.

## VI. JURY DEMAND

122.    Like Plaintiff, Defendants demand a trial by jury.

## VII. ATTORNEY FEES

123.    Defendants deny that Plaintiff is entitled to attorneys' fees.

## VIII. PLAINTIFF'S PRAYER

123.    Defendants deny that Plaintiff is entitled to the relief requested.

## IX. DEFENSES AND AFFIRMATIVE DEFENSES

148.    Defendants contend that Plaintiff has suffered no damages as a result of Defendants' alleged conduct.

149.    Defendants' acts or omissions were not the actual or proximate cause of Plaintiff's damages, if any.

150.    The Non-Compete clause is unenforceable against Defendants Teer, Hudanich, and Ludowig as it is overly broad and lacks adequate consideration.  Further Defendant Ludowig's non-compete clause, if any, was forgiven as part of a settlement of Defendant Ludowig's compensation and severance.

151.    The Non-Solicitation clause is unenforceable against Defendants Teer, Hudanich, and Ludowig as it is overly broad and lacks adequate consideration. Further Defendant Ludowig's non-solicitation clause, if any, was forgiven as part of a settlement of Defendant Ludowig's compensation and severance.

152.    Defendants allege Plaintiff is not entitled to recover on its claims under the Defend Trade Secrets Act and the Texas Uniform Trade Secrets Act as the information at issue is not considered a trade secret.  Further, the information has no independent economic value.

153.    To the extent that Defendants acquired Plaintiff's trade secrets or other confidential information, Defendants did not acquire them by improper means nor did they utilize same for any benefit nor did they intend to take or utilize Plaintiff's trade secrets.

154.    Plaintiff cannot recover on any of its claims relating to the taking or utilizing of trade secrets as the materials at issue do not constitute trade secrets or that were already known by any of the Defendants outside of their work with Plaintiff.

155.    Plaintiff cannot claim "trade secret" protection to any information, processes, procedures, or materials which Defendants already possessed prior to coming to work with of for Plaintiff.

156.    Plaintiff cannot recover on any breach of fiduciary claim or claim which relies on the imposition of a fiduciary relationship against Defendants Teer and Ludowig as they were not fiduciaries of Plaintiff.

157.    Plaintiff has failed to state a claim upon which relief can be granted.

158.    Plaintiff cannot recover on any of its claims relating to the taking or utilizing of trade secrets if they were provided by Plaintiff itself.

159.    Plaintiff cannot claim "trade secret" protection to any information which it ultimately abandons.    Further, Plaintiff cannot recover on an unjust enrichment claim on information which does not enrich its recipient or possessor.

160.    Defendants further assert the defenses of:

    a.    excessive demand;

    b.    Plaintiff seeking recovery to which it is not entitled;

    c.    abandonment;

    d.    information that is common knowledge;

    e.    information which is publicly available;

    f.    information which is in the public domain;

    g.    no breach of contract;

    h.    no breach of fiduciary duty;

    i.    no fiduciary duty;

    j.    no conspiracy;

    k.    no damages;

l.      excessive attorneys' fees;

m.      no demand;

n.      no presentment;

o.      failure of conditions precedent;

p.      no improper use; and,

q.      no intent - inadvertent or unintentional possession of materials.

## **PRAYER**

Wherefore, premises considered, Defendants Bio Filling Solutions Inc., Bio42 Clinical Filling Solutions, Inc., David Teer, Lisa Hudanich, Matthew Ludowig, Hanson Irwin Group LLC, Marc Hanson, and Jerry Irwin pray this Court to grant judgment in their favor against Plaintiff with regard to the allegations and claims contained in the Second Amended Complaint; that Plaintiff take nothing for damages from Defendants; that Defendants be awarded its costs, including reasonable attorney's fees; and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: *Anthony L. Laporte*____
Anthony L. Laporte
Attorney In Charge
S.D. Bar No. 21701
Texas State Bar No. 00787876
alaporte@hanszenlaporte.com
Alexandra E. Pierce
S.D. Bar No. 3804067
Texas State Bar No. 24131912
apierce@hanszenlaporte.com
Hanszen Laporte
14201 Memorial Drive
Houston, Texas 77079
Telephone: 713-522-9444
Facsimile: 713-524-2580

*Attorneys for Defendants, Bio Filling Solutions Inc., Bio42 Clinical Filling Solutions, Inc., David Teer, Lisa Hudanich, Hanson Irwin Group LLC, Matthew Ludowig, Marc Hanson, and Jerry Irwin*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on January 8, 2025, a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, to wit:

Michael H. Bernick
mbernick@jw.com
Harris Huguenard
hhuguenard@jw.com
Michael Drab
mdrab@jw.com
Patterson + Sheridan LLP
Jackson Walker LLP
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: 713-752-4270
Facsimile: 713-752-4221

***Attorneys for Plaintiff***
***Empower Clinic Services, LLC***

Nicholas S. S. Rogers
nrogers@qgtlaw.com
Quattlebaum, Grooms & Tull PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: 501-450-0279

***Attorneys for Defendant Michael Lambert***

Respectfully submitted,

*By: Anthony L. Laporte*
Anthony L. Laporte