UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EMPOWER CLIENT SERVICES L.L.C.                                    PLAINTIFF

v.                                    CASE NO. 4:23-cv-4123

Bio Filling Solutions Inc. f/k/a/ Bio42                           DEFENDANTS
Clinical Filling Solutions, Inc., Hanson
Irwin Group LLC, David Teer, Lisa
Hudanich, Matthew Ludowig, Marc
Hanson, Jerry Irwin, and Michael Lambert

## SEPARATE DEFENDANT MICHAEL LAMBERT'S ANSWER TO EMPOWER CLIENT SERVICES L.L.C.'S SECOND AMENDED COMPLAINT

Separate Defendant Michael Lambert for his answer to Plaintiff Empower Client Services

L.L.C.'s ("Empower") Second Amended Complaint, states:

1.      To the extent that the statements in Paragraph 1 of Empower's Second Amended

Complaint can be construed as making factual allegations against Defendant Lambert, Defendant

Lambert denies such allegations.

2.      To the extent that the statements in Paragraph 2 of Empower's Second Amended

Complaint can be construed as making factual allegations against Defendant Lambert, Defendant

Lambert denies such allegations.

3.      To the extent that the statements in Paragraph 3 of Empower's Second Amended

Complaint can be construed as making factual allegations against Defendant Lambert, Defendant

Lambert denies such allegations.

4.      To the extent that the statements in Paragraph 4 of Empower's Second Amended

Complaint can be construed as making factual allegations against Defendant Lambert, Defendant

Lambert denies such allegations.

5.     To the extent that the statements in Paragraph 5 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

6.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 6 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

7.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 7 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

8.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 8 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

9.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 9 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

10.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 10 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 10 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

11.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 11 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 11 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

12.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 12 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

13.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 13 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 13 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

14.     Defendant Lambert denies the allegations in paragraph 14 of Empower's Second Amended Complaint.  Defendant Lambert has not resided in the state of Texas since on or about January 28, 2023.  Moreover, Defendant Lambert has established domicile in Washington, District

of Columbia, and has no intention to return to Texas. Defendant Lambert denies that Empower has achieved proper service of process and that this Court may assert personal jurisdiction.

15.     Defendant Lambert denies the allegations in paragraph 15 of Empower's Second Amended Complaint. Empower's lawsuit is a state-law based cause of action masquerading as a DTSA action.

16.     Paragraph 16 contains legal conclusions for which no response is necessary. To the extent paragraph 16 can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies those allegations. Defendant Lamberts lacks the necessary minimum contacts with Texas for this Court to assert personal jurisdiction over him.

17.     To the extent that the statements in Paragraph 17 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

18.     To the extent that the statements in Paragraph 18 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

19.     Defendant Lambert admits that between on or about March 2021 to on or about September 1, 2023, he worked as an employee for Empower. To the extent that the statements in Paragraph 19 of Empower's Second Amended Complaint can be construed as making additional factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

20.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 20 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 20 of Empower's Second Amended Complaint can be

construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

21.    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 21 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 21 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

22.    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 22 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 22 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

23.    Defendant Lambert admits that he served as Manager of the Legislative and Government Affairs, a position based primarily in Washington, D.C. Defendant Lambert denies the remaining allegations.

24.    Defendant Lambert denies the allegations in paragraph 24 of Empower's Second Amended Complaint

25.    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 25 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 25 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

26. Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 26 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 26 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

27. Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 27 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 27 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

28. Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 28 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 28 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

29. Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 29 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 29 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

30. Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 30 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 30 of Empower's Second Amended Complaint can be

construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

31.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 31 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 31 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

32.     Defendant Lambert denies the allegations in paragraph 32 of Empower's Second Amended Complaint

33.     Defendant Lambert denies the allegations in paragraph 33 of Empower's Second Amended Complaint

34.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 34 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 34 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

35.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 35 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 35 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

36.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 36 of Empower's Second Amended Complaint.  To the

extent that the statements in paragraph 36 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

37.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 37 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

38.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 38 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 38 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

39.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 39 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 39 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

40.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 40 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 40 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

41. Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 41 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 41 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

42. Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 42 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 42 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

43. Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 43 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 43 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

44. Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 44 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 44 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

45. Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 45 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 45 of Empower's Second Amended Complaint can be

construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

46.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 46 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 46 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

47.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 47 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 47 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

48.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 48 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 48 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

49.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 49 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 49 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

50.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 50 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 50 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

51.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 51 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 51 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

52.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 52 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 52 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

53.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 53 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 53 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

54.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 54 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 54 of Empower's Second Amended Complaint can be

construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

55.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 55 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 55 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

56.     Defendant Lambert admits that he was employed by Empower on June 28, 2023. Defendant Lambert denies the remaining allegations in paragraph 56 of Empower's Second Amended Complaint.

57.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 57 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 57 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

58.1    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 58.1 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 58.1 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.[1]

---

[1] Defendant Lambert notes that throughout Empower's Second Amended Complaint multiple paragraphs are marked with repeating numerical values.  For clarity, Defendant Lambert refers to any paragraphs with repeating numerical values by using the number value followed by a decimal point and the number indicating the instances of the repeated paragraph.  For example Defendant Lambert marks the above paragraph as "58.1" for the first instance in which a paragraph marked with a 58

59.1    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 59.1 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 59.1 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

58.2    Defendant Lambert restates his responses to all previous paragraphs of Empower's Second Amended Complaint in response to paragraph 58.2.

59.2    In response to paragraph 59.1, Defendant Lambert denies that he is engaged in interstate commerce related to funding, development, marketing, and/or the sale of pharmaceutical products.

60.1    Defendant Lambert denies the allegations in paragraph 60.1 of Empower's Second Amended Complaint.

61.1    Defendant Lambert denies the allegations in paragraph 61.1 of Empower's Second Amended Complaint.

62.1    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 62.1 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 62.1 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

63.1    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 63.1 of Empower's Second Amended Complaint.  To

---

appears and "58.2" for the second time a paragraph numbered 58 appears in the Second Amended Complaint.

the extent that the statements in paragraph 63.1 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

64.1    Defendant Lambert denies the allegations in paragraph 64.1 of Empower's Second Amended Complaint.

65.1    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 65.1 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 65.1 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

66.1    Defendant Lambert denies the allegations in paragraph 66.1 of Empower's Second Amended Complaint.

67.1    Defendant Lambert denies the allegations in paragraph 67.1 of Empower's Second Amended Complaint.

68.1    Defendant Lambert denies the allegations in paragraph 68.1 of Empower's Second Amended Complaint.

69.1    Defendant Lambert denies the allegations in paragraph 69.1 of Empower's Second Amended Complaint.

70.1    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 70.1 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 70.1 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

71.1    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 71.1 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 71.1 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

72.1    Defendant Lambert denies the allegations in paragraph 72.1 of Empower's Second Amended Complaint.

73.1    Defendant Lambert restates his responses to all previous paragraphs of Empower's Second Amended Complaint in response to paragraph 73.1.

74.1    Paragraph 74.1 contains a legal conclusion for which no response is required. To the extent that the allegations in Paragraph 74.1 can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

75.1    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 75.1 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 75.1 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

76.1    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 76.1 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 76.1 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

77.1     Defendant Lambert denies the allegations in paragraph 77.1 of Empower's Second Amended Complaint.

78.1     Defendant Lambert denies the allegations in paragraph 78.1 of Empower's Second Amended Complaint.

79.1     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 79.1 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 79.1 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

80.1     Defendant Lambert denies the allegations in paragraph 80.1 of Empower's Second Amended Complaint

81.1     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 81.1 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 81.1 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

82.1     Defendant Lambert denies the allegations in paragraph 82.1 of Empower's Second Amended Complaint.

83.1     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 83.1 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 83.1 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

84.1     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 84.1 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 84.1 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

85.1     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 85.1 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 85.1 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

60.2     Paragraph 60.2 contains a legal conclusion for which no response is required. To the extent that the allegations in Paragraph 60.2 can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

61.2     Defendant Lambert restates his responses to all previous paragraphs of Empower's Second Amended Complaint in response to paragraph 61.2.

62.2     Defendant Lambert denies the allegations in paragraph 62.2 of Empower's Second Amended Complaint

63.2     Paragraph 63.2 of Empower's Second's amended complaint contains no text. To the extent this paragraph 63.2 makes any allegations—including those which are invisible or implied—Defendant Lambert denies those allegations.

64.2     Paragraph 64.2 contains a legal conclusion for which no response is required. To the extent that the allegations in Paragraph 64.2 can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

65.2     Paragraph 65.2 contains legal conclusions for which no response is required. Moreover, Paragraph 65.2 references a purported contract. To the extent Paragraph 65.2 references a valid executed contract, the terms of that contract speak for themselves. To the extent this paragraph contains allegations against Defendant Lambert, Defendant Lambert denies those allegations.

66.2     Defendant Lambert denies the allegations in paragraph 66.2 of Empower's Second Amended Complaint.

67.2     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 67.2 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 67.2 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

68.2     Defendant Lambert is aware of the existence of a slide deck related to the allegations in the Second Amended Complaint. Defendant Lambert took no part in creating, disseminating, or otherwise utilizing the slide deck. To the extent paragraph 68.2 contains allegations against Defendant Lambert, Defendant Lambert denies those allegations.

69.2     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 69.2 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 69.2 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

70.2     Defendant Lambert denies the allegations in paragraph 70.2 of Empower's Second Amended Complaint.

71.2    Defendant Lambert denies the allegations in paragraph 71.2 of Empower's Second Amended Complaint.

72.2    Defendant Lambert restates his responses to all previous paragraphs of Empower's Second Amended Complaint in response to paragraph 72.2.

73.2    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 73.2 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 73.2 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

74.2    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 74.2 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 74.2 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

75.2    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 75.2 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 75.2 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

76.2    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 76.2 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 76.2 of Empower's Second Amended Complaint can

be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

77.2    Defendant Lambert restates his responses to all previous paragraphs of Empower's Second Amended Complaint in response to paragraph 77.2.

78.2    Paragraph 78.2 contains legal conclusions for which no response is required. Moreover, Paragraph 78.2 references a purported contract.  To the extent Paragraph 78.2 references a valid executed contract, the terms of that contract speak for themselves.  To the extent this paragraph contains allegations against Defendant Lambert, Defendant Lambert denies those allegations.

79.2    Paragraph 79.2 contains legal conclusions for which no response is required. Moreover, Paragraph 79.2 references a purported contract.  To the extent Paragraph 79.2 references a valid executed contract, the terms of that contract speak for themselves.  To the extent this paragraph contains allegations against Defendant Lambert, Defendant Lambert denies those allegations.

80.2    Paragraph 80.2 contains legal conclusions for which no response is required. Moreover, Paragraph 80.2 references a purported contract.  To the extent Paragraph 80.2 references a valid executed contract, the terms of that contract speak for themselves.  To the extent this paragraph contains allegations against Defendant Lambert, Defendant Lambert denies those allegations.

81.2    Paragraph 81.2 contains legal conclusions for which no response is required. Moreover, Paragraph 81.2 references a purported contract.  To the extent Paragraph 81.2 references a valid executed contract, the terms of that contract speak for themselves.  To the extent

this paragraph contains allegations against Defendant Lambert, Defendant Lambert denies those allegations.

82.2    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 82.2 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 82.2 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

83.2    Paragraph 83.2 contains legal conclusions for which no response is required. Moreover, Paragraph 83.2 references a purported contract. To the extent Paragraph 83.2 references a valid executed contract, the terms of that contract speak for themselves. To the extent this paragraph contains allegations against Defendant Lambert, Defendant Lambert denies those allegations.

84.2    Paragraph 84.2 contains legal conclusions for which no response is required. Moreover, Paragraph 84.2 references a purported contract. To the extent Paragraph 84.2 references a valid executed contract, the terms of that contract speak for themselves. To the extent this paragraph contains allegations against Defendant Lambert, Defendant Lambert denies those allegations.

85.2    Defendant Lambert restates his responses to all previous paragraphs of Empower's Second Amended Complaint in response to paragraph 85.2.

86.    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 86 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 86 of Empower's Second Amended Complaint can be

construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

87.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 87 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 87 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

88.     Paragraph 88 contains legal conclusions for which no response is required.  Moreover, Paragraph 88 references a purported contract.  To the extent Paragraph 88 references a valid executed contract, the terms of that contract speak for themselves.  To the extent this paragraph contains allegations against Defendant Lambert, Defendant Lambert denies those allegations.

89.     Paragraph 89 contains legal conclusions for which no response is required.  Moreover, Paragraph 89 references a purported contract.  To the extent Paragraph 89 references a valid executed contract, the terms of that contract speak for themselves.  To the extent this paragraph contains allegations against Defendant Lambert, Defendant Lambert denies those allegations.

90.     Defendant Lambert restates his responses to all previous paragraphs of Empower's Second Amended Complaint in response to paragraph 90.

91.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 91 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 91 of Empower's Second Amended Complaint can be

construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

92. Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 92 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 92 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

93. Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 93 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 93 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

94. Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 94 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 94 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

95. Defendant Lambert restates his responses to all previous paragraphs of Empower's Second Amended Complaint in response to paragraph 95.

96. Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 96 of Empower's Second Amended Complaint. To the extent that the statements in paragraph 96 of Empower's Second Amended Complaint can be

construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

97.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 97 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 97 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

98.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 98 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 98 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

99.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 99 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 99 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

100.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 100 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 100 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

101.    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 101 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 101 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

102.    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 102 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 102 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

103.    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 103 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 103 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

104.    Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 104 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 104 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

105.    Defendant Lambert restates his responses to all previous paragraphs of Empower's Second Amended Complaint in response to paragraph 105.

106.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 106 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 106 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

107.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 107 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 107 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

108.     Defendant Lambert denies the allegations in paragraph 108 of Empower's Second Amended Complaint.

109.     Defendant Lambert denies the allegations in paragraph 109 of Empower's Second Amended Complaint, including the allegations made in all the enumerated subparts.

110.     Paragraph 110 of Empower's Second Amended Complaint contains legal conclusions for which no response is required.  To the extent this paragraph contains allegations against Defendant Lambert, Defendant Lamber denies those allegations.

111.     Paragraph 111 of Empower's Second Amended Complaint contains legal conclusions for which no response is required.  To the extent this paragraph contains allegations against Defendant Lambert, Defendant Lamber denies those allegations.

112.     Defendant Lambert denies the allegations in paragraph 112 of Empower's Second Amended Complaint, including the allegations made in all the enumerated subparts.

113.     Paragraph 113 of Empower's Second Amended Complaint contains legal conclusions for which no response is required.  To the extent this paragraph contains allegations against Defendant Lambert, Defendant Lamber denies those allegations.

114.     Paragraph 114 of Empower's Second Amended Complaint contains legal conclusions for which no response is required.  To the extent this paragraph contains allegations against Defendant Lambert, Defendant Lamber denies those allegations.

115.     Defendant Lambert restates his responses to all previous paragraphs of Empower's Second Amended Complaint in response to paragraph 115.

116.     Defendant Lambert lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 116 of Empower's Second Amended Complaint.  To the extent that the statements in paragraph 116 of Empower's Second Amended Complaint can be construed as making factual allegations against Defendant Lambert, Defendant Lambert denies such allegations.

117.     Defendant Lambert denies the allegations in paragraph 117 of Empower's Second Amended Complaint.

118.     Defendant Lambert denies the allegations in paragraph 118 of Empower's Second Amended Complaint.

119.     Paragraph 119 of Empower's Second Amended Complaint contains legal conclusions for which no response is required.  To the extent this paragraph contains allegations against Defendant Lambert, Defendant Lambert denies those allegations.

120.     Paragraph 120 of Empower's Second Amended Complaint contains legal conclusions for which no response is required.  To the extent this paragraph contains allegations against Defendant Lambert, Defendant Lambert denies those allegations.

121. Paragraph 121 of Empower's Second Amended Complaint contains legal conclusions for which no response is required. To the extent this paragraph contains allegations against Defendant Lambert, Defendant Lambert denies those allegations.

122. Paragraph 122 of Empower's Second Amended Complaint contains legal conclusions for which no response is required. To the extent this paragraph contains allegations against Defendant Lambert, Defendant Lambert denies those allegations.

123. Defendant Lambert denies the allegations in the PRAYER section of the Second Amended Complaint, and denies that Empower is entitled to the relief requested.

124. Defendant Lambert denies each and every allegation in the Second Amended Complaint that is not specifically admitted in this Answer.

125. Defendant Lambert affirmatively asserts that Empower fails to state a claim upon which relief may be granted.

126. Defendant Lambert affirmatively asserts that this Court lacks subject matter jurisdiction over the claims against him.

127. Defendant Lambert affirmatively asserts that this Court lacks personal jurisdiction over him.

128. Defendant Lambert denies that Empower suffered any damages, but if Empower suffered damages, they were caused by the fault or negligence of Empower or some other person over whom Defendant Lambert had or has no control.

129. Empower's recovery, if any, must be offset by amounts recovered from other sources.

130. To the extent it has suffered damages as a result of Defendant Lambert breaching his employment contract, Empower failed to mitigate its damages.

131.     Defendant Lambert contends that Empower has suffered no damages as a result of his alleged conduct.

132.     Defendant Lamberts alleged acts or omissions were not the actual or proximate cause of Empower's damages, if any.

133.     Defendant Lambert states that the non-compete clause asserted against him is overly broad and lacks adequate consideration.

134.     Defendant Lambert states that, to the extent his employment contract contained a Non-Solicitation clause, that clause is unenforceable against him as it is overly broad and lacks adequate consideration.

135.     Defendant Lambert states that Empower is not entitled to recover on its claims under the Defend Trade Secrets Act and the Texas Uniform Trade Secrets Act as the information at issue is not considered a trade secret.

136.     If Defendant Lambert acquired any of Empower's trade secrets or other confidential information, he did so unintentionally by no improper means, and did not make use of such trade secrets or other confidential information for any benefit and did not intent to utilize Plaintiff's trade secrets.

137.     Empower cannot recover on any of its claims relating to the taking or utilizing of trade secrets as the materials at issue do not constitute trade secrets or that were already known by any of the Defendants outside of their work with Empower.

138.     Defendant Lambert asserts that Empower cannot claim to have trade secret protection to skills, information, processes, procedures, or materials Defendant Lambert possessed prior to the start of his employment with Empower.

139.     Empower cannot recover on any breach of fiduciary claim or claim which relies on the imposition of a fiduciary relationship against Defendant Lambert who was not a fiduciary of Empower.

140.     Empower cannot recover on any of its claims relating to the taking or utilizing of trade secrets if they were provided by Empower itself.

141.     Defendant Lambert states that Empower cannot claim "trade secret" protection to any information it abandons.

142.     Defendant Lambert affirmatively asserts the defense of excessive demand.

143.     Defendant Lambert affirmatively asserts the defense of accord and satisfaction.

144.     Defendant Lambert affirmatively asserts the defense of estoppel.

145.     Defendant Lambert affirmatively asserts the defense of failure of consideration.

146.     Defendant Lambert affirmatively asserts the defense of unclean hands.

147.     Defendant Lambert affirmatively asserts the defense of fraud.

148.     Defendant Lambert affirmatively asserts the defense of laches.

149.     Defendant Lambert affirmatively asserts the defense of illegality.

150.     Defendant Lambert affirmatively asserts the defense of unconscionability.

151.     Defendant Lambert affirmatively asserts the defense of abandonment.

152.     Defendant Lambert affirmatively asserts that the information at issue is publicly available or otherwise in the public domain.

153.     Defendant Lambert affirmatively asserts the defense of lack of breach of contract.

154.     Defendant Lambert affirmatively asserts the defense of lack of breach of fiduciary duty.

155.     Defendant Lambert affirmatively asserts the defense of no fiduciary relationship.

156. Defendant Lambert affirmatively asserts the defense of no conspiracy.

157. Defendant Lambert affirmatively asserts the defense of no damages.

158. Defendant Lambert affirmatively asserts the defense of excessive attorneys' fees.

159. Defendant Lambert affirmatively asserts the defense of no demand.

160. Defendant Lambert affirmatively asserts the defense of no presentment.

161. Defendant Lambert affirmatively asserts the defense of failure of conditions precedent.

162. Defendant Lambert affirmatively asserts the defense of no improper use.

163. Defendant Lambert affirmatively asserts the defense of no intent.

WHEREFORE Separate Defendant Michael Lambert prays (1) that the Court will grant judgment in his favor and against Empower Client Services L.L.C. and dismiss with prejudice the Second Amended Complaint; (2) that Empower recover nothing from Mr. Lambert in damages; (3) that Mr. Lambert be awarded his costs, including reasonable attorney's fees; and (4) for such other and further relief as this Court deems just and proper.

Nicholas S. S. Rogers, Ark. Bar No. 2021255
*Pro Hac Vice*
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
(501) 379-1700 (telephone)
(501) 379-1701 (facsimile)
nrogers@qgtlaw.com

By: /s/ Nicholas S. S. Rogers
    Michael N. Shannon

*Attorneys for Defendant Michael Lambert*

**<u>CERTIFICATE OF SERVICE</u>**

 I hereby certify that on this 13th day of January, 2025, I filed the foregoing with the Clerk of the Court using the CM/ECF electronic filing system, which shall send notification of such filing to all counsel of record in accordance with the applicable rules of procedure.

/s/ Nicholas S. S. Rogers     
Nicholas S. S. Rogers
