IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Empower Clinic Services, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> Bio Filling Solutions Inc. f/k/a Bio42 Clinical Filling Solutions, Inc., Hanson Irwin Group LLC, David Teer, Lisa Hudanich, Matthew Ludowig, Marc Hanson, Jerry Irwin, <br><br> Defendants. | Case No. 4:23-cv-4123 |

**DEFENDANT/COUNTERCLAIM PLAINTIFF MATTHEW LUDOWIG'S UNOPPOSED MOTION TO TEMPORARILY FILE UNDER SEAL DEFENDANT'S JOINDER TO CO-DEFENDANT'S MOTION TO STRIKE EXPERTS AND EXPERT REPORTS (ECF 136)**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Defendant Matthew Ludowig and files this, his Unopposed Motion to Temporarily File Under Seal his Joinder to Defendant Bio Filling Solutions Inc., et al's, Motion to Strike Plaintiff's Experts and Expert Reports (ECF 136) ("Motion") and to show this Court as follows:

At the inception of this lawsuit, on November 29, 2023, the Parties entered an Agreed Stipulated Confidentiality Order (the "Protective Order") to govern discovery in this matter. (ECF 19).

Mr. Ludowig seeks an order sealing the Motion for a period of fourteen (14) days to allow Plaintiff Empower an opportunity to review the Motion and, if necessary, file its own Motion to Seal the Motion, or portions thereof, beyond the initial fourteen (14) day period. Given the time

1

constraints imposed by Mr. Ludowig's change in counsel and discovery of information in the Motion, he was unable to provide five (5) days-notice to Empower in advance of filing this motion and therefore seeks to have the material sealed temporarily. (See ECF 19, ¶ 7).

This request comports with the Protective Order and provides a minimal disruption of the public's interest in public access to judicial records. (*Id*.) This Court maintains supervisory authority over its own records. As the Fifth Circuit has explained, "the public's common law right [to inspect and copy judicial records] is not absolute." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). To determine whether to grant a motion to seal, courts must consider and balance the competing interests favoring nondisclosure of sensitive documents, and courts may order sealing where court files might "become a vehicle for improper purposes." *Id.*

The undersigned does not believe that any of the information contained within his Motion is privileged, confidential, trade secrets, or otherwise protected, but believes it is proper to provide Empower the opportunity to seek protection of any material in his Motion which it can establish is Confidential or Trade Secrets beyond the initial fourteen (14) day period, and avoid any future litigation or motions practice related to the same.

For these reasons outlined, Mr. Ludowig respectfully requests that this Court grant its Unopposed Motion to Temporarily File under Seal its Motion. Mr. Ludowig has provided a Proposed Order for the Court's consideration and use as appropriate.

                Respectfully submitted,

                **KABAT CHAPMAN & OZMER LLP**

                */s/ Aaron A. Wagner*
                Aaron A. Wagner
                Texas Bar No. 24037655
                KABAT CHAPMAN & OZMER LLP
                171 17th Street NW, Suite 1550
                Atlanta, Georgia 30363

Telephone: (404) 400-7300
Facsimile: (404) 400-7333
awagner@kcozlaw.com


*Attorneys for Defendant,
Matthew Ludowig*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(D), I hereby certify that on April 18, 2025, undersigned counsel emailed counsel for Plaintiff, Mike Bernick, seeking to confer about this request by phone or email. In response, Mr. Bernick indicated by email that Plaintiff did not oppose the relief sought in this Motion.

Respectfully submitted,

*/s/ Aaron A. Wagner*
Aaron A. Wagner

## CERTIFICATE OF SERVICE

This certifies that on April 18, 2025, a true and correct copy of the foregoing **DEFENDANT/COUNTERCLAIM PLAINTIFF MATTHEW LUDOWIG'S UNOPPOSED MOTION TO TEMPORARILY FILE UNDER SEAL DEFENDANT'S JOINDER TO CO-DEFENDANT'S MOTION TO STRIKE EXPERTS AND EXPERT REPORTS (ECF 136)** was forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ Aaron A. Wagner*
Aaron A. Wagner