IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Empower Clinic Services, L.L.C.,<br><br>    Plaintiff,<br><br>v.<br><br>Bio Filling Solutions Inc. f/k/a Bio42 Clinical Filling Solutions, Inc., Hanson Irwin Group LLC, David Teer, Lisa Hudanich, Matthew Ludowig, Marc Hanson, Jerry Irwin,<br><br>    Defendants. | Case No. 4:23-cv-4123 |

**DEFENDANT/COUNTERCLAIM PLAINTIFF MATTHEW LUDOWIG'S JOINDER IN DEFENDANTS' BIO FILLING SOLUTIONS INC., BIO42 CLINICAL FILLING SOLUTIONS, INC., HANSON IRWIN GROUP LLC, DAVID TEER, LISA HUDANICH, MARC HANSON, AND JERRY IRWIN'S OBJECTION TO AND MOTION TO STRIKE PLAINTIFF'S EXPERTS AND EXPERT REPORTS AND LUDOWIG'S SEPARATE MOTION TO STRIKE EXPERTS AND EXPERT REPORTS**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Defendant Matthew Ludowig ("Ludowig") and serves his Joinder in Defendants' Bio Filling Solutions Inc., Bio42 Clinical Filling Solutions, Inc., Hanson Irwin Group LLC, David Teer, Lisa Hudanich, Marc Hanson, and Jerry Irwin's Objection to and Motion to Strike Plaintiff's Experts and Expert Reports, and his Separate Motion to Strike Plaintiff's Experts and Expert Reports ("Motion") for the reasons and in accordance with the arguments made in that Motion and requests the Court to GRANT the Motion on that basis.[1]

---

[1] Ludowig also notes that its new counsel has just appeared in this case and files this Motion in respect for the current scheduling order. That said, Ludowig has filed a motion to extend the current scheduling order to permit proper discovery and filing of this motion and others. Ludowig reserves the right to supplement, amend, and/or refile this motion when proper discovery has been completed. Notably, this motion is filed without the benefit of any depositions of Plaintiff's

1

In addition to the arguments set forth in Defendants' Bio Filling Solutions Inc., Bio42 Clinical Filling Solutions, Inc., Hanson Irwin Group LLC, David Teer, Lisa Hudanich, Marc Hanson, and Jerry Irwin's (collectively, "Defendants") Motion which are hereby joined and incorporated herein, Ludowig further contends that Empower is estopped from calling on experts to testify that Empower suffered any damages, let alone testify to an alleged amount, pursuant to the Temporary Injunction Hearing Testimony on March 27, 2024, wherein its Chief Operating Officer stated under oath, in direct response to this Court's inquiry, that Empower had not suffered any losses:

> Q: Are you aware of any actions by the defendants to interfere with Empower's business?
>
> A: Specifically New Jersey?
>
> Q: Let's start with New Jersey.
>
> A: In New Jersey, it's not clear.
>
> Q: Not clear. That's not a sufficient answer. If there are actions, tell me what they are. If you're unaware of any actions, say that you're unaware of any actions. . . .
>
> A: I'm unaware.
>
> Q: Okay. I take that as a no. The other location, . . . are you aware of any actions that the defendants have taken that interfere with Empower's business to do business in [redacted location]?
>
> A: No.

(ECF 64-1 at pp. 82:18–83:23.) Empower's COO further confirmed that Ludowig, nor the other defendants, had done anything to interfere with Empower's business:

---

Experts. For that reason alone, this motion is premature. Current counsel for Ludowig never agreed to conduct expert depositions after this deadline, and indeed, Ludowig should not be harmed by that decision by his former counsel. Counsel for Ludowig raised this issue with Empower's counsel and asked that the parties seek the Court's permission to extend this deadline for the above reasons, but Empower's counsel refused.

2

> Q: Are there any actions of the defendants that impedes Empower's ability to operate in the business space that [Empower is] currently operating in?
>
> A: In what we're currently doing today, no, sir.

(ECF 64-1 at pp. 92:24–93:17.) The Court also recognized that Empower had suffered no damages:

> The Court: I've not heard of damages today. I did not hear that there were actions taken that would prevent the plaintiff from vying their trade. . . .

(ECF 64-1 at pp 164:1–165-23.) Further, as set forth in Codefendants' Motion (ECF 136), the defendants' business have since failed and wound down. Thus, Empower's unequivocal admission under oath that it suffered no damages as a result of any alleged conduct by Ludowig precludes any "expert" testimony to the contrary. Indeed, efforts to now solicit an expert to fabricate damages is inappropriate and inequitable. Any "expert report" on the subject of damages that contradicts Empower's sworn statement should therefore be stricken.

Moreover, these contradictions in Empower's story casts Ryan Lamotta's expert report into serious questions of reliability. His report professes to calculate damages—**but also indicates that he specifically reviewed the transcript in which Empower admits to having suffered no damages whatsoever**. Further, Empower's other expert, Denis Boyle, admits to relying on Ryan LaMotta's damages report—and similarly reviewed the hearing transcript from March 27, 2024—and therefore both expert reports should be stricken.

Finally, Boyle's report is filled with legal conclusions and vague references to "Defendants" who allegedly caused Empower harm by taking and using Empower's trade secrets. Yet, Boyle has not identified a single piece of confidential or trade secret information which Ludowig took from Empower and disseminated, that he relies upon in providing his opinions. Accordingly, the report and any testimony related thereto, cannot help the trier of fact because it is not based upon reliable data or facts in this case.

For these reasons, and as set forth more fully in Defendants' Motion to Strike Plaintiff's Experts and Expert Reports, Ludowig respectfully requests that the Court strike Plaintiff's experts Denis Boyle and Ryan Lamotta and their reports from the evidentiary record of this matter.

Dated: April 18, 2025.

<u>/s/ Aaron A. Wagner</u>
Aaron A. Wagner
Texas Bar No. 24037655
KABAT CHAPMAN & OZMER LLP
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
Telephone: (404) 400-7300
Facsimile: (404) 400-7333
awagner@kcozlaw.com

*Attorneys for Defendant Matthew Ludowig*

## CERTIFICATE OF SERVICE

This certifies that on April 18, 2025, a true and correct copy of the foregoing **DEFENDANT/COUNTERCLAIM PLAINTIFF MATTHEW LUDOWIG'S JOINDER IN DEFENDANTS' BIO FILLING SOLUTIONS INC., BIO42 CLINICAL FILLING SOLUTIONS, INC., HANSON IRWIN GROUP LLC, DAVID TEER, LISA HUDANICH, MARC HANSON, AND JERRY IRWIN'S OBJECTION TO AND MOTION TO STRIKE PLAINTIFF'S EXPERTS AND EXPERT REPORTS AND LUDOWIG'S SEPARATE MOTION TO STRIKE EXPERTS AND EXPERT REPORTS** was forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure.

    */s/ Aaron A. Wagner*
    Aaron A. Wagner