# EXHIBIT D -
# April 17, 2025 Letter from Ludowig's Counsel regarding Depositions (redacted version)



AARON A. WAGNER
DIRECT DIAL: 360.481.5107
E-MAIL: awagner@kcozlaw.com

April 17, 2025

***VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED***

Mike Bernick and Harris Huguenard
Jackson Walker LLP
1401 McKinney, Suite 1900
Houston, TX 77010
mbernick@jw.com
hhuguenard@jw.com

      **RE:** *Empower Clinic Services, LLC v. Ludowig, et al*
            **Discovery Letter**

Counsel:

    Please accept this correspondence as a response to Empower's request that Mr. Ludowig explain why we need to take certain depositions listed below. Please also accept this as our list of topics to discuss at next week's meet-and-confer.

### Meet and Confer Topics for Next Week's Conferral Call

    As an initial matter, in anticipation of next week's meet-and-confer, we wanted to raise several issues that we have come across in reviewing this file.





**Empower ESI Search Terms**. Please be prepared to discuss the following information: (1) the search terms Empower used in its ESI search; (2) a list of all custodians that your team searched; (3) the total number of "hits" or documents that returned on Empower's ESI searches; and (4) the number of documents that Empower produced from these documents.

**Deposition and Hearing Scheduling**. Please be prepared to discuss your availability for the several depositions you have noticed, the deposition subpoenas we have issued, and a hearing on the motion for continuance of discovery and our forthcoming motion for leave to amend Mr. Ludowig's Answer and Affirmative Defenses and present Counterclaims.

## Basis for Forthcoming Depositions

We also address Empower's request that we explain why Mr. Ludowig needs to take certain depositions in this matter. As you should be aware, Empower is seeking to enforce noncompetition and confidentiality agreements, and alleges trade secret violations against Mr. Ludowig. We will be taking these depositions to demonstrate the following defenses:

- Empower does not have any legitimate business interests to protect and enforcement of the noncompetition agreements would be against public policy, because Empower produces counterfeit, adulterated medications that place thousands of unassuming consumers in harm's way each day. *See Nacogdoches Heart Clinic, P.A. v. Pokala*, No. 12–11–00133–CV, 2013 WL 451810, at *4–6 (Tex. App.–Tyler Feb.6, 2013, no pet.) (mem. op.) (affirming trial court's refusal to enforce noncompete in medical field due to public policy concerns); *Peat Marwick Main & Co. v. Haas*, 818 S.W.2d 381, 386 (Tex. 1991) (requiring employer's need for noncompete to outweigh any injury likely to the public); *Sec. Serv. Fed Credit Union v. Sanders*, 264 S.W.3d 292, 297 (Tex. App.–San Antonio 2008, orig. proceeding) (court may decline to enforce contract on grounds it is against public policy); *Johnson v. Structured Assert Servs., LLC*, 148 S.W.3d 711, 727 (Tex. App.–Dallas 2004, no pet.) (same); *Sacks v. Dallas Gold & Silver Exch., Inc.*, 720 S.W.2d 177, 180 (Tex. App.–Dallas 1986, no writ) (court may decline to enforce contract that is injurious to public); *see also Wharton Phys. Svcs., P.A. v. Sign. Gulf Coast Hosp., L.P.*, 2016 WL 192069, at *4 (Tex. App.-Corpus Christi Jan. 14, 2016) (requiring interests worthy of protection to exist to enforce noncompete).
- Empower does not have confidential information or trade secrets, because (i) there are no secrets in the compounding industry, (ii) Empower provides the same information to some of the below witnesses who are either not subject to confidentiality agreements or who are in violation of similar agreements that Empower is not enforcing, and (iii) Empower generally does not take reasonable steps to protect its alleged confidential information. *E.g.*, *CRC-Evans Pipeline Intern., Inc. v. Myers*, 927 S.W.2d 259, 266 (Tex. App.–Houston [1st Dist.] 1996, no writ) (holding no trade secrets existed where employer consented to provide information to third party not subject to confidentiality agreement); *Anderson Chemical Co., Inc. v. Green*, 66 S.W.3d 434, 442 (Tex. App.-Amarillo 2001) (holding information not trade secret where everyone in industry selling same products but adapting to customers' changing needs); *Guy Carpenter & Co., Inc. v. Provenzale*, 334 F.3d 459, 468 (5th Cir. 2003) ("Evidence in the record indicates participants in the reinsurance market freely disclose the identity of their reinsurance broker and the nature of the reinsurance products they regularly consume.... Even though Guy Carpenter took steps to protect its customer list and Provenzale signed a contract stating the customer list was confidential, we conclude the customer list was not a trade secret because it was readily ascertainable."); and
- Empower has acted with unclean hands and fraud such that there should not be any judgment against Mr. Ludowig based on equitable and public policy principles. *See Crown Const. Co., Inc. v. Huddleston*, 961 S.W.2d 552, 559 (Tex. App.–San Antonio 1997, no pet.) (stating doctrine of unclean hands applies to party whose own conduct in connection with matter has been unjust and tainted with unrighteous dealing); *Nacogdoches Heart Clinic*, 2013 WL 451810, at *4–6; *Peat Marwick*, 818 S.W.2d at 386; *Sanders*, 264 S.W.3d at 297; *Johnson*, 148 S.W.3d at 727; *Sacks*, 720 S.W.2d at 180.

Put simply, given Mr. Ludowig's knowledge of Empower's extensive illegal compounding practices and illegal investment schemes, we will be showing that Empower is a scam, as

Empower produces counterfeit, impure medications; all the while, Empower fraudulently advertises that their medications are of the highest quality—a blatantly false statement. Accordingly, there are no legitimate business interests to protect under the noncompetition agreement, there is no confidential information or trade secrets, and even if there were, equitable principles prohibit a judgment against Mr. Ludowig.

Specific to the list of deponents, below is additional information:

1. Ms. Cuccia – Empower's Pharmacist in Charge and Director of Pharmacy Operations. Her testimony will relate to her involvement and knowledge of plans to expand (if any), and Empower's widespread noncompliance with state and federal regulations pertinent to compounding.
2. Ms. Bradley – Sales Operation Manager. She has knowledge of information underlying the complaint, illegal compounding practices pertinent to public policy considerations, and we believe Empower has not enforced a nearly identical agreement against her.
3. Ms. Walsh – Head of Marketing and Public Relations. We believe Ms. Walsh was responsible for leaking the sealed motions for sanctions on Empower's behalf to the Texas Lawyer. We will show that this demonstrates Empower's unclean hands under the Severance Agreement, as it knowingly violated the disparagement provision.
4. Ms. McClure is a former compliance employee or consultant who has knowledge of Empower's illegal compounding practices, which relates to public policy considerations, and Ms. McClure had access to the same information and either was not subject to a confidentiality agreement or Empower has not enforced the agreement against her.
5. Mr. Samudre – Empower mentions his name throughout the Complaint as having access to the same information as Mr. Ludowig. Mr. Samudre is now working for a competitor, and Empower either had no confidentiality agreement with him or has not enforced any confidentiality or noncompete agreement against Mr. Samudre to our knowledge. This deposition should be self-explanatory but let us know if you need additional information, and we will provide same.
6. Narita Presaud is a consultant to Empower and Revive that has access to the same alleged confidential and trade secret information but is not subject to any confidentiality or noncompetition agreements. Ms. Presaud also has knowledge of Empower's illegal compounding practices that relate to public policy concerns.

\* \* \*

We look forward to discussing these matters with you next week. Also, please let us know if the above explanation regarding your request for more details about the above deponents satisfies your inquiry and we can consider that issue resolved and removed from Monday's meet and confer.

Sincerely,

*s/ Aaron A. Wagner*

Aaron A. Wagner