IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Empower Clinic Services, L.L.C., <br><br>     Plaintiff, <br><br> v. <br><br> Bio Filling Solutions Inc. f/k/a Bio42 Clinical Filling Solutions, Inc., Hanson Irwin Group LLC, David Teer, Lisa Hudanich, Matthew Ludowig, Marc Hanson, and Jerry Irwin, <br><br>     Defendants. | Case No. 4:23-cv-4123 |

**DEFENDANT LUDOWIG'S REPLY IN SUPPORT OF MOTION FOR CONTINUANCE**

Empower's Opposition (ECF 145) fails to deny the essential grounds that justify the relief sought by Ludowig—Ludowig recently discovered Empower's attempts to extort and compensate codefendants for false testimony against him as part of a larger smear campaign. These new discoveries forced Ludowig to retain new counsel. Rather than address these issues, Empower counters with blatantly false statements and innuendo, and ignores that Ludowig has addressed all four factors, and most importantly made clear why he could not have acted sooner to conduct critical discovery in this case. Meanwhile, Empower has refused to cooperate at all with Ludowig's new counsel. In sum, "good cause" exists and Ludowig's Motion establishes the same. Additionally, ***Empower's conduct since the filing of the Motion only further confirms the necessity of the relief sought***. Specifically, Empower refuses to answer any discovery sought by Ludowig's new counsel as untimely. However, Empower drives on demanding its own discovery, including seeking depositions of three depositions (two party depositions that Empower never noticed and forensic examinations of all defendants' devices). Empower simultaneously refuses to provide dates for Ludowig to depose Empower's experts and seeks to quash subpoenas for

1

deposition presented by Ludowig as untimely. Similarly, while Empower agreed to extend discovery with Ludowig's prior counsel to April 18 and produced nearly 8,000 pages of documents on that day, Empower has refused to respond to any discovery served by Ludowig (even discovery served before the close of discovery). *See generally*, Declaration of Aaron A. Wagner at ¶ 33.[1] The Court should not countenance Empower's gamesmanship. Rather, the Court should grant Ludowig's request for continuance[2], providing an extension of deadlines in this matter because (a) Empower created these circumstances, (b) no prejudice to Empower exists (who requested a longer extension for, *inter alia*, being new counsel and needing additional discovery and time to review the voluminous file), and (c) Ludowig has acted in good faith. Ludowig need not recount the arguments in his Motion—which establishes good cause.

A.   **Empower obstructs discovery since Ludowig filed the underlying Motion**

Empower made clear that its strategy is to not only make Ludowig's transition to new counsel painful, but also to obstruct any effort by Ludowig to prepare for trial. The undersigned attests to Empower's conduct in the attached declaration. *See generally* Wagner Decl.

B.   **Empower distorts the record but cannot deny it caused the need for the extension.**

In his Motion, Ludowig outlines *why* the extension is necessary and why he could not have sought the discovery he now seeks prior the close of discovery. This is the first factor. Second, the Lambert situation, combined with specific evidence identified by Ludowig with respect to Nicholas illustrates the critical importance of the discovery and extension sought. Third, Empower's claim it will be prejudiced meanders into alleged prejudice it will suffer by having to defend against Ludowig's new claims but ignores that Empower created the Lambert situation and

---

[1] Empower argues the continuance should be denied because Ludowig did not submit an affidavit (at pp. 3–4) (citing L.R. 7.7). This argument fails: Ludowig cited to the record (and citations) throughout his brief. Out of caution, Ludowig's counsel submits the attached affidavit.
[2] Ludowig's codefendants are unopposed to the request for continuance.

disqualification of Laporte. Moreover, Empower ignores that Ludowig isn't solely seeking discovery on his counterclaims (which he absolutely should get) but has explained why the Lambert/Nicholas situation necessitates discovery critical to Ludowig's defenses against the current claims. And importantly, if Empower was cooperating with Ludowig, the initial 90 day extension sought by Ludowig would have caused minor disruption. Empower can't now claim time delay will cause it harm, when it has essentially "paused" any movement forward and is responsible for the current delays. Finally, Empower does not deny that a continuance will cure any prejudice to Ludowig, but instead simply states it wants to go to trial to save time and money—while ignoring Ludowig's request to be fairly prepared.

That said, and more importantly absent from Empower's opposition is any attempt to deny that it has engaged in the ongoing smear campaign that is central to his defenses in this case, while simultaneously misrepresenting the record and basis for Ludowig's request:

- Empower does not deny engaging in a coordinated media campaign to disparage Ludowig, but only refers to it is a "sideshow" (at 11); Empower does not deny Sitrick's involvement; and Empower does not deny making extra-judicial statements to poison the jury pool. These things need to be investigated through discovery.[3]

- Empower does not deny it provided consideration to Lambert for testimony against Ludowig. It also does not address that Lambert's counsel stated the undersigned was "a good enough attorney" to figure out why Lambert appeared at the March 28 hearing.

- In a glaringly false statement, Empower claims Ludowig has not identified the discovery he is seeking or the persons he seeks to depose. *But see* Wagner Decl. ¶¶ 12, 17-21.

- Empower falsely claims Ludowig failed to articulate the discovery's relevance to the "pending

---

[3] Empower neither denies the media campaign nor the plain language of DR 3.07 prohibiting extrajudicial statements to poison the jury pool. The continuation is justified for this reason alone, to allow time for the memories of the "Spin Doctor's" media manipulation to fade, if possible.

claims." Yet, Ludowig has explained repeatedly Empower cannot claim to have confidential information or enforce noncompetition agreements since it does not have legitimate interests to protect. *See e.g.*, ECF 145-4. Empower intentionally violates FDCA laws, to which Ludowig objected. The FDA recognized these "serious deficiencies" putting "patients at risk" continue in a letter published April 22, 2025. Empower's illegal operation has no legitimate interests to support noncompetition covenants, and an illegal operation cannot have trade secrets to protect.

In sum, Empower's argument that Ludowig should have to show how "it was impossible" for Ludowig to pursue the discovery "over the [last] 483 days" (at 6) is disingenuous. Empower only recently created these circumstances. Wagner Decl. ¶ 4. Similarly, Empower's suggestion that Ludowig should be required to file a separate action to bring his counterclaims flies in the face of all notions of judicial and litigation economy, not to mention illustrates how Empower—a $500+ million company—can afford to have lawsuit after lawsuit, bleeding its former employees dry. And if he did file another lawsuit, as Empower suggests, he would get much more than 90 days to prepare his case and would have to re-plow much of the ground already traveled in this matter. The Court can see how inefficient and unfair such a resolution would be.

**C.    Empower's own arguments show courts extend deadlines for new counsel**

Having failed to present any real opposition to Ludowig's demonstration that good cause exists, Empower mischaracterizes Ludowig's necessity to retain new counsel into a simple "choice" that he made. That is wrong and inconsistent with its own prior actions. First, Empower arguing that retaining new counsel is not grounds for an extension is directly opposite to Empower's previous arguments to this Court (ECF 76, 78.) Empower then ignores important distinctions in this cases it cited. (at 5-6, 9). Indeed, ***the very cases cited by Empower support Ludowig's requested extension to allow new counsel to come up to speed***—it is only when counsel fails to act diligently with the extension do courts deny the extension. *E.g.*, *Choice Hotels*

*Intern., Inc. v. Goldmark Hosp., LLC*, 2014 WL 80722, at *1–2 (N.D. Tex. Jan. 9, 2014) (extending all deadlines, and only denying second extension where new counsel waited until after new discovery close to notice depositions); *Nguyen v. Versacom, LLC*, 2016 WL 7426126, at *2–3 (N.D. Tex. Dec. 23, 2016) (granting trial extension, but not reopening discovery because no new developments occurred). Here, the undersigned has acted diligently, and new developments required the change in counsel. *Choice Hotels* even recognizes that special circumstances requiring counsel to withdraw is good cause to modify the scheduling order. *Choice Hotels*, 2014 WL 80722, at *3 n.5. Here, the ethical dilemma Empower created on the eve of discovery's close required Ludowig to obtain new counsel. Finally, Empower's citation to *Rodrigues v. US Bank Nat. Assoc.*, 2021 WL 2077650, at *2–3 (N.D. Tex. May 24, 2021) and *Hoffman v. Americahomekey, Inc.*, 2014 WL 12577103, at *2 (N.D. Tex. May 9, 2014) are also inapposite. In those cases, there was no explanation why prior counsel did not conduct the discovery. That is not the case here. Empower suggests that this Court should question Laporte's prior tactical decisions on behalf of Ludowig. This Court could certainly do that, but any inquiry into the efficacy or appropriateness of Laporte's prior efforts on behalf of Ludowig seems to be an unnecessary inquiry, especially when the issues can be remedied by a brief continuance.

For the reasons set forth herein, as well as in Empower's underlying Motion, Ludowig respectfully requests that the court grant his Motion.

Dated: May 9, 2025.

*/s/ Aaron A. Wagner*
Aaron A. Wagner
Texas Bar No. 24037655
S.D. Texas Bar No. 3813191
KABAT CHAPMAN & OZMER LLP
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
Tel: (404) 370-7300
Fax: (404) 400-7333
Email: awagner@kcozlaw.com
*Attorney for Defendant Ludowig*

5

## **CERTIFICATE OF SERVICE**

This certifies that on May 9, 2025, I filed the foregoing **DEFENDANT LUDOWIG'S REPLY IN SUPPORT OF MOTION FOR CONTINUANCE** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

*/s/ Aaron A. Wagner*
Aaron A. Wagner