# EXHIBIT 3

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **EMPOWER CLINIC SERVICES,** | § | |
| **L.L.C.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Case No. 4:23-cv-4123** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **BIO FILLING SOLUTIONS INC.** | § | |
| **f/k/a BIO42 CLINICAL FILLING** | § | |
| **SOLUTIONS INC., HANSON IRWIN** | § | |
| **GROUP LLC, DAVID TEER, LISA** | § | |
| **HUDANICH, MARC HANSON** | § | |
| **JERRY IRWIN, and MICHAEL** | § | |
| **LAMBERT** | § | |
| | § | |
| **Defendants.** | § | |

### EMPOWER CLINIC SERVICES, L.L.C.'S ANSWERS AND OBJECTIONS TO DEFENDANT MATTHEW LUDOWIG'S SECOND SET OF INTERROGATORIES

TO:     Defendant, Matthew Ludowig, by and through is attorneys of record, Aaron A. Wagner, Kabat Chapman & Ozmer LLP, 171 17th Street NW, Suite 1550, Atlanta, Georgia 30363.

Pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, Plaintiff Empower Clinic Services, L.L.C. ("Plaintiff" or "Empower Pharmacy"), by and through undersigned counsel, hereby provides its Answers and Objections to Defendant Matthew Ludowig's ("Defendant" or "Ludowig") Second Set of Interrogatories. Without incurring any obligations beyond those created by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or the Local Rules of the Southern District of Texas, Empower Pharmacy reserves the right to modify or supplement these answers with subsequently discovered pertinent information and/or documents omitted from these answers due to mistake, error, oversight, or inadvertence.

Dated:  May 5, 2025

**JACKSON WALKER L.L.P.**

*/s/ Michael H. Bernick*
Michael H. Bernick
State Bar No. 24078227
S.D. Tex. ID 1439062
mbernick@jw.com
Harris J. Huguenard
State Bar No. 24099615
S.D. Tex. ID 3007223
hhuguenard@jw.com
Michael A. Drab
State Bar No. 34115826
S.D. Tex ID 3665349
mdrab@jw.com
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200 – phone

Benjamin A. Herbert
California State Bar No. 277356
Miller Barondess, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, CA 90067
(310) 552-4400

*Admitted Pro Hac Vice*

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 5, 2025, a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, to wit:

Aaron A. Wagner                                          Nicholas Sebastian Rogers
awagner@kcozlaw.com                              nrogers@qgtlaw.com
Kabat Chapman & Ozmer LLP                   Quattlebaum, Grooms & Tull
171 17th Street NW, Suite 1550                  111 Center St., Suite 1900
Atlanta, Georgia 30363                               Little Rock, Arkansas 72201

Anthony L. Laporte
alaporte@hanzenlaporte.com
Alexandra Pierce
apierce@hanszenlaporte.com
Hanzen Laporte
14201 Memorial Drive
Houston, Texas 77079

Benjamin A. Herbert
bherbert@millerbarondess.com
Miller Barondess, LLP
2121 Avenue of the Start, Suite 2600
Los Angeles, California 90067

_____*/s/ Michael H. Bernick*_____
Michael H. Bernick

## OBJECTIONS TO DEFINITIONS

1.      Plaintiff objects to definition number two, which defines "YOU," "YOUR," "EMPOWER," or "PLAINTIFF" to mean Plaintiff and "its agents, employees, representatives, directors, officers, partners, corporate parents, subsidiaries, or affiliates and attorneys or any predecessor company or entity, and anyone else acting on its behalf or under its control" and to "encompass all the foregoing entities as well as any subset or combination of the same, both singular and plural, and individual and collective." This definition is overbroad because it defines the terms to include "agents," "representatives," and "attorneys." It is also overbroad because it defines the terms to include entities and individuals who are not parties to this lawsuit. Plaintiff will answer as though the terms "YOU," "YOUR," "EMPOWER," or "PLAINTIFF" are defined to mean Empower Clinic Services, L.L.C., the Plaintiff in this lawsuit.

2.      Plaintiff objects to definition number three, which defines "MATTHEW LUDOWIG," "LUDOWIG," and/or "DEFENDANT" to mean "Defendant Matthew Ludowig and his respective representatives, agents, insurance companies (and their representatives, agents and employees), partners, accountants, investigators, attorneys, and anyone else acting on his behalf or under his control." This definition is vague and ambiguous because Defendant Matthew Ludowig has not identified any of his "respective representatives, agents, insurance companies (and their representatives, agents and employees), partners, accountants, investigators, attorneys, and anyone else acting on his behalf or under his control" with reasonable particularity. This definition is also overbroad because it defines the terms to include entities and individuals who are not parties to this lawsuit, like Ludowig's current and prior counsel and Ludowig's former partners at Hanszen LaPorte LLP. Plaintiff will answer as though the terms "MATTHEW LUDOWIG," "LUDOWIG," and/or "DEFENDANT" are defined to mean Matthew Ludowig, a Defendant in this lawsuit.

3.      Plaintiff objects to definition number 13.a., which defines the term "identify" in a way that requires Plaintiff to identify a person's "present business address and telephone number or…such information as was last known…". This definition imposes obligations on Plaintiff that exceed what is required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(1)(A)(i).

4.      Plaintiff objects to definition number 13.c., which defines the term "identify" with respect to documents in a way that imposes unnecessary burdens on Plaintiff to describe a document that speaks for itself. For example, definition number eleven calls for Plaintiff to identify the type of document, its general subject matter, the date of the document, and the authors.

5.      Plaintiff objects to definition number 18, which defines the term "LAMBERT" to mean "Defendant Michael Lambert and his respective representatives, agents, insurance companies (and their representatives, agents and employees), partners, accountants, investigators, attorneys, and anyone else acting on his behalf or under his control." This definition is overbroad because it defines the term to include entities and individuals that are not parties to this lawsuit. Plaintiff will answer as though the term "Lambert" is defined to mean Defendant Michael Lambert.

## PLAINTIFF'S ANSWERS AND OBJECTIONS

**INTERROGATORY NO. 16:** EXPLAIN in detail why YOU dismissed former Defendant LAMBERT from this action. Please include in YOUR answer an identification and description of all events and communications leading to the dismissal of LAMBERT from this action, including, but not limited to, a description of the settlement agreement and the terms related thereto, identifying all communications, meetings, negotiations YOU were involved with or prompted, the dates on which they occurred, and any consideration, quid pro quo, conditions precedent to dismissal, or other agreements related to the dismissal.

**ANSWER:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludwig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludwig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to services of these discovery requests. Empower objects that this interrogatory is overbroad because it calls for the disclosure of information that is neither relevant to any of the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence. Empower also objects that this interrogatory is overbroad because it incorporates overbroad definitions of the terms "LAMBERT" and "YOU." Empower also objects that the reasons for its decision to dismiss Defendant Lambert are shielded from disclosure by the attorney-client and work-product privileges and calls for the disclosure of information that Empower is contractually bound to maintain in confidence.

**INTERROGATORY NO. 17:** EXPLAIN the process by which the LAMBERT DECLARATION was prepared, including but not limited to the date on which it was first drafted, the date on which LAMBERT first read the declaration, identification of every person who participated in the drafting, editing and finalizing of the declaration, and any and all negotiations that occurred in relation to the LAMBERT DECLARATION.

**ANSWER:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludwig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludwig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to services of these discovery requests. Empower objects that this interrogatory is overbroad because it calls for the disclosure of information that is neither relevant to any of the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence.

Empower also objects that this interrogatory is overbroad because it incorporates an overbroad definition of the term "LAMBERT." Empower also objects that this interrogatory calls for the disclosure of information that is shielded by the attorney-client and work-product privileges and calls for the disclosure of information that Empower is contractually bound to maintain in confidence.

**INTERROGATORY NO. 18:** IDENTIFY all DOCUMENTS that YOU showed to, provided to, or otherwise made available to any expert witness whose testimony YOU intend to use as an expert at trial, at any hearing in this matter, or in connection with any motion filed in this ACTION.

**ANSWER:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludwig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludwig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to services of these discovery requests. Empower also objects that this interrogatory is overbroad because it incorporates an overbroad definition of the term "YOU."

**INTERROGATORY NO. 19:** Identify and describe in detail any and all safeguards or other efforts undertaken by EMPOWER to protect the secrecy of any purported confidential or trade secret information which EMPOWER contends LUDOWIG (or anyone allegedly working on LUDOWIG'S behalf or for the benefit of LUDOWIG) misappropriated. Please describe with particularity each step taken, the cost of each step, and identify all persons having knowledge of the procedures and manners in which the confidential or trade secret information is controlled and state the substance of each person's knowledge.

**ANSWER:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludwig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludwig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to services of these discovery requests. Empower objects that this interrogatory calls for it to marshal all its evidence. Empower also objects that this interrogatory is overbroad because it incorporates overbroad definitions of the terms EMPOWER and LUDOWIG. Empower also objects that "the cost of each step" is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 20:** Identify all persons who had access to or knew about the alleged trade secrets, such as the purported potential investment opportunities, investor information, and new business opportunities, that form the basis of the Complaint as described in Paragraphs 26–31, 48, 51, and 60 of the Complaint.

**ANSWER:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to services of these discovery requests. Empower objects that this interrogatory is overbroad because it contains no reasonable limitation in time. As written, this interrogatory calls for Empower to identify all persons the Defendants disclosed information to without Empower's authorization.