# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EMPOWER CLINIC SERVICES,** | § | |
| **L.L.C.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Case No. 4:23-cv-4123** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **BIO FILLING SOLUTIONS INC.** | § | |
| **f/k/a BIO42 CLINICAL FILLING** | § | |
| **SOLUTIONS INC.,** | § | |
| **HANSON IRWIN GROUP LLC,** | § | |
| **DAVID TEER, LISA HUDANICH,** | § | |
| **MARC HANSON** | § | |
| **JERRY IRWIN, and** | § | |
| **MICHAEL LAMBERT** | § | |
| | § | |
| **Defendants.** | § | |

**EMPOWER CLINIC SERVICES, L.L.C.'S**
**OBJECTIONS AND RESPONSES TO DEFENDANT MATTHEW LUDOWIG'S**
**THIRD SET OF REQUESTS FOR PRODUCTION**

TO:  Defendant, Matthew Ludowig, by and through is attorneys of record, Aaron A. Wagner, Kabat Chapman & Ozmer LLP, 171 17th Street NW, Suite 1550, Atlanta, Georgia 30363.

Pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, Plaintiff Empower Clinic Services, L.L.C. ("Plaintiff" or "Empower Pharmacy"), by and through undersigned counsel, hereby provides its Objections and Responses to Defendant Matthew Ludowig's ("Defendant" or "Ludowig") Third Set of Requests for Production. Without incurring any obligations beyond those created by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or the Local Rules of the Southern District of Texas, Empower Pharmacy reserves the right to modify or supplement these answers with subsequently discovered pertinent information and/or documents omitted from these answers due to mistake, error, oversight, or inadvertence.

Dated:  May 5, 2025

**JACKSON WALKER L.L.P.**

*/s/ Michael H. Bernick*
Michael H. Bernick
State Bar No. 24078227
S.D. Tex. ID 1439062
mbernick@jw.com
Harris J. Huguenard
State Bar No. 24099615
S.D. Tex. ID 3007223
hhuguenard@jw.com
Michael A. Drab
State Bar No. 34115826
S.D. Tex ID 3665349
mdrab@jw.com
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200 – phone

Benjamin A. Herbert
California State Bar No. 277356
Miller Barondess, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, CA 90067
(310) 552-4400

*Admitted Pro Hac Vice*

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 5, 2025, a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, to wit:

Aaron A. Wagner
awagner@kcozlaw.com
Kabat Chapman & Ozmer LLP
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363

Nicholas Sebastian Rogers
nrogers@qgtlaw.com
Quattlebaum, Grooms & Tull
111 Center St., Suite 1900
Little Rock, Arkansas 72201

Anthony L. Laporte
alaporte@hanzenlaporte.com
Alexandra Pierce
apierce@hanszenlaporte.com
Hanzen Laporte
14201 Memorial Drive
Houston, Texas 77079

Benjamin A. Herbert
bherbert@millerbarondess.com
Miller Barondess, LLP
2121 Avenue of the Start, Suite 2600
Los Angeles, California 90067

_____/s/ Michael H. Bernick_____
Michael H. Bernick

## DEFENDANT MATTHEW LUDOWIG'S THIRD SET OF
## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 46:** All DOCUMENTS identified or relied on in preparing YOUR Initial Disclosures and/or answering LUDOWIG's First or Second Interrogatories to YOU.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests.

**REQUEST FOR PRODUCTION NO. 47:** All DOCUMENTS or COMMUNICATIONS that EVIDENCE, SUPPORT OR REFUTE, or REFER OR RELATE to the claims and factual allegations asserted in the COMPLAINT or the defenses set forth in any ANSWER.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A); *Baker v. Walters*, 652 F. Supp 3d 768, 778 (N.D. Tex. 2023) ("Broad and undirected requests for all documents which relate in any way to the complaint do not meet Rule 34(b)(1)(A)'s standard. Similarly, a request for all documents and records that relate to any of the issues, while convenient, fails to set forth with reasonable particularity the items or category of items sought for the responding party's identification and production of responsive documents." (cleaned up)). Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope but instead calls for the production of "all DOCUMENTS and COMMUNICATIONS" without any regard to whether such materials are relevant to the claims and defenses at issue, proportional to the needs of the case, or likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 48:** All DOCUMENTS that constitute, EVIDENCE, or REFER OR RELATE to any declaration, affidavit, or statement, whether written or oral, that.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A); *Baker v. Walters*, 652 F. Supp 3d 768, 778 (N.D. Tex. 2023) ("Broad and undirected requests for all documents which relate in any way to the complaint do not meet Rule 34(b)(1)(A)'s standard. Similarly, a request for all documents and records that relate to any of the issues, while convenient, fails to set forth with reasonable particularity the items or category of items sought for the responding party's identification and production of responsive documents." (cleaned up)). Empower also objects that this request is vague, ambiguous, and confusing because it fails to state whether it is requesting declarations, affidavits, or statements, or whether it is asking for something else.

**REQUEST FOR PRODUCTION NO. 49:** Any and all DOCUMENTS SENT OR RECEIVED from any PERSON that REFERS OR RELATES to the facts, allegations, or claims set forth in the COMPLAINT or the defenses set forth in any ANSWER.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A); *Baker v. Walters*, 652 F. Supp 3d 768, 778 (N.D. Tex. 2023) ("Broad and undirected requests for all documents which relate in any way to the complaint do not meet Rule 34(b)(1)(A)'s standard. Similarly, a request for all documents and records that relate to any of the issues, while convenient, fails to set forth with reasonable particularity the items or category of items sought for the responding party's identification and production of responsive documents." (cleaned up)). Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and is not limited to "DOCUMENTS SENT OR RECEIVED" by Empower. Instead, it calls for Empower to produce all documents sent or received from any person without limitation. Such a request, for example, would require Empower to produce and bates label all of its counsel's communications

with opposing counsel or with Empower's testifying and non-testifying experts and all of its counsel's internal communications and all of its communications with its counsel. None of this is allowed under the rules, and many of the requested documents are shielded from disclosure by the attorney-client privilege, the work-product privilege, and the trial preparation privilege.

**REQUEST FOR PRODUCTION NO. 50:** Any and all internal COMMUNICATIONS of EMPOWER that REFERS OR RELATES TO, discusses, or otherwise concerns the subject matter of this COMPLAINT or the defenses set forth in any ANSWER.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludwig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludwig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A); *Baker v. Walters*, 652 F. Supp 3d 768, 778 (N.D. Tex. 2023) ("Broad and undirected requests for all documents which relate in any way to the complaint do not meet Rule 34(b)(1)(A)'s standard. Similarly, a request for all documents and records that relate to any of the issues, while convenient, fails to set forth with reasonable particularity the items or category of items sought for the responding party's identification and production of responsive documents." (cleaned up)). Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope.

**REQUEST FOR PRODUCTION NO. 51:** All internal COMMUNICATIONS between YOUR employees that EVIDENCE, REFLECT, or REFER OR RELATE TO LUDWIG from October 31, 2023 through the present.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludwig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludwig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A); *Baker v. Walters*, 652 F. Supp 3d 768, 778 (N.D. Tex. 2023) ("Broad and undirected requests for all documents which relate in any way to the complaint do not meet Rule 34(b)(1)(A)'s standard. Similarly, a request for all documents and records that relate to any of the issues, while convenient, fails to set forth with reasonable particularity the items or category of items sought for the responding party's

identification and production of responsive documents." (cleaned up)). Empower also objects that this request is overbroad because it contains no reasonable limitation in scope.

**REQUEST FOR PRODUCTION NO. 52:** Any and all recordings including video, audio or otherwise made by YOU of conversations with any PERSON that REFERS OR RELATES to the facts, circumstances, or issues involved in the COMPLAINT or any defenses set forth in any ANSWER.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A); *Baker v. Walters*, 652 F. Supp 3d 768, 778 (N.D. Tex. 2023) ("Broad and undirected requests for all documents which relate in any way to the complaint do not meet Rule 34(b)(1)(A)'s standard. Similarly, a request for all documents and records that relate to any of the issues, while convenient, fails to set forth with reasonable particularity the items or category of items sought for the responding party's identification and production of responsive documents." (cleaned up)). Empower also objects that this request is overbroad because it contains no reasonable limitation in time.

**REQUEST FOR PRODUCTION NO. 53:** Any and all DOCUMENTS regarding LUDOWIG'S employment with EMPOWER, including, but not limited to, LUDOWIG'S personnel file.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request is overbroad because it contains no reasonable limitation in time and scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 54:** Any and all confidentiality, noncompetition, or other restrictive covenant agreements that YOU have sought to enforce (by demand letter, litigation, arbitration, or otherwise).

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request is overbroad because it contains no reasonable limitation in time and because it calls for the production of material that is neither relevant to the claims and defenses at issue, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 55:** Any and all diaries, calendars, logs, journals, summaries, or other notes prepared and maintained by EMPOWER, which relate in any way to LUDOWIG'S employment with EMPOWER or the claims alleged in the COMPLAINT.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests.

**REQUEST FOR PRODUCTION NO. 56:** Any and all DOCUMENTS which EMPOWER alleges are CONFIDENTIAL INFORMATION and/or TRADE SECRETS of EMPOWER'S that were allegedly disclosed to anyone by LUDOWIG.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests.

Empower also objects that this request calls for the production of material that is generally available to Ludowig.

**REQUEST FOR PRODUCTION NO. 57:** Any and all DOCUMENTS which EMPOWER alleges are CONFIDENTIAL INFORMATION and/or TRADE SECRETS of EMPOWER'S that were allegedly misappropriated.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests.

**REQUEST FOR PRODUCTION NO. 58:** Any and all DOCUMENTS that EVIDENCE, REFER OR RELATE TO, or SUPPORT OR REFUTE YOUR allegation that LUDOWIG improperly accessed or acquired EMPOWER'S CONFIDENTIAL INFORMATION or TRADE SECRETS.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that the request for "[a]ny and all DOCUMENTS that EVIDENCE, REFER OR RELATE TO, OR SUPPORT OR REFUTE YOUR allegation" is vague and ambiguous because it fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A); *Baker v. Walters*, 652 F. Supp 3d 768, 778 (N.D. Tex. 2023) ("Broad and undirected requests for all documents which relate in any way to the complaint do not meet Rule 34(b)(1)(A)'s standard. Similarly, a request for all documents and records that relate to any of the issues, while convenient, fails to set forth with reasonable particularity the items or category of items sought for the responding party's identification and production of responsive documents." (cleaned up)).

**REQUEST FOR PRODUCTION NO. 59:** Any and all DOCUMENTS that EVIDENCE, REFER OR RELATE TO, or SUPPORT OR REFUTE YOUR allegation that LUDOWIG has disclosed and/or used EMPOWER'S CONFIDENTIAL INFORMATION or TRADE SECRETS.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81,

2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludwig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludwig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that the request for "[a]ny and all DOCUMENTS that EVIDENCE, REFER OR RELATE TO, OR SUPPORT OR REFUTE YOUR allegation" is vague and ambiguous because it fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A); *Baker v. Walters*, 652 F. Supp 3d 768, 778 (N.D. Tex. 2023) ("Broad and undirected requests for all documents which relate in any way to the complaint do not meet Rule 34(b)(1)(A)'s standard. Similarly, a request for all documents and records that relate to any of the issues, while convenient, fails to set forth with reasonable particularity the items or category of items sought for the responding party's identification and production of responsive documents." (cleaned up)).

**REQUEST FOR PRODUCTION NO. 60:** Any and all DOCUMENTS that EVIDENCE, REFER OR RELATE TO, or SUPPORT OR REFUTE YOUR allegation that EMPOWER took precautions to maintain the confidentiality of the alleged CONFIDENTIAL INFORMATION or TRADE SECRET information at issue in the COMPLAINT.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludwig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludwig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that the request for "[a]ny and all DOCUMENTS that EVIDENCE, REFER OR RELATE TO, OR SUPPORT OR REFUTE YOUR allegation" is vague and ambiguous because it fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A); *Baker v. Walters*, 652 F. Supp 3d 768, 778 (N.D. Tex. 2023) ("Broad and undirected requests for all documents which relate in any way to the complaint do not meet Rule 34(b)(1)(A)'s standard. Similarly, a request for all documents and records that relate to any of the issues, while convenient, fails to set forth with reasonable particularity the items or category of items sought for the responding party's identification and production of responsive documents." (cleaned up)). Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope.

**REQUEST FOR PRODUCTION NO. 61:** Any and all DOCUMENTS that EVIDENCE, REFER OR RELATE TO, or SUPPORT OR REFUTE any and all efforts undertaken by YOU to prevent, prohibit, or detect any transfer of alleged CONFIDENTIAL INFORMATION or TRADE SECRETS, whether through your email platform or otherwise.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that the request for "[a]ny and all DOCUMENTS that EVIDENCE, REFER OR RELATE TO, OR SUPPORT OR REFUTE YOUR allegation" is vague and ambiguous because it fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A); *Baker v. Walters*, 652 F. Supp 3d 768, 778 (N.D. Tex. 2023) ("Broad and undirected requests for all documents which relate in any way to the complaint do not meet Rule 34(b)(1)(A)'s standard. Similarly, a request for all documents and records that relate to any of the issues, while convenient, fails to set forth with reasonable particularity the items or category of items sought for the responding party's identification and production of responsive documents." (cleaned up)). Empower further objects that this request is overbroad because it contains no reasonable limitation in time or scope.

**REQUEST FOR PRODUCTION NO. 62:** All DOCUMENTS that EVIDENCE, REFER OR RELATE TO, or SUPPORT OR REFUTE YOUR internal investigation into LUDOWIG prior to filing the COMPLAINT and the results of said investigation.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A); *Baker v. Walters*, 652 F. Supp 3d 768, 778 (N.D. Tex. 2023) ("Broad and undirected requests for all documents which relate in any way to the complaint do not meet Rule 34(b)(1)(A)'s standard. Similarly, a request for all documents and records that relate to any of the issues, while convenient, fails to set forth with reasonable particularity the items or category of items sought for the responding party's identification and production of responsive documents." (cleaned up)).

**REQUEST FOR PRODUCTION NO. 63:** Any and all DOCUMENTS that EVIDENCE, REFER OR RELATE TO, or SUPPORT OR REFUTE YOUR allegation that all defendants participated in a conspiracy.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A); *Baker v. Walters*, 652 F. Supp 3d 768, 778 (N.D. Tex. 2023) ("Broad and undirected requests for all documents which relate in any way to the complaint do not meet Rule 34(b)(1)(A)'s standard. Similarly, a request for all documents and records that relate to any of the issues, while convenient, fails to set forth with reasonable particularity the items or category of items sought for the responding party's identification and production of responsive documents." (cleaned up)).

**REQUEST FOR PRODUCTION NO. 64:** A copy of any and all forensic investigation reports, images, copies, analysis, or other documents associated with any forensic investigation performed as it pertains to LUDOWIG.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A). Empower also objects that the term "forensic investigation" is vague and ambiguous because it contains no definition and fails to otherwise describe with reasonable particularity the kinds of documents that might be responsive to this request.

**REQUEST FOR PRODUCTION NO. 65:** Any and all DOCUMENTS EVIDENCING EMPOWER'S corporate structure and internal management hierarchy (including identifying each person in each executive role and their tenure) from January 1, 2020 through the present.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither

requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A). Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence. Instead, this request calls for Empower to produce every document that might show even some small part of Empower's corporate structure and internal management hierarchy—for example, every email that with a signature block is arguably responsive to this request.

**REQUEST FOR PRODUCTION NO. 66:** Any and all DOCUMENTS EVIDENCING the revenues, profits, and net profits earned by EMPOWER each month (and each year) for the last five years.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A). Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence. For example, this request calls for the production of every document, without limitation, that might show some revenue generated by Empower (*i.e.* every invoice, every receipt, etc.) and every document, without limitation, that might show some expense incurred by Empower. There is no reasonable basis for the production of all documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 67:** Any and all DOCUMENTS EVIDENCING EMPOWER'S employee turnover in each position held by any defendant named in the COMPLAINT for the last five years.  Please produce DOCUMENTS sufficient to IDENTIFY the name of each PERSON who has held each position during the last five years, their tenure at EMPOWER, the person who replaced each PERSON, and the PERSON currently in the position.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to

before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A). Empower also objects that this request is overbroad because it contains no reasonable limitation in time and because it calls for the production of material that is neither relevant to the claims and defenses at issue, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence. Finally, Empower objects that this request calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 68:** Any and all DOCUMENTS that EVIDENCE, REFER OR RELATE TO, or SUPPORT OR REFUTE YOUR efforts to mitigate any alleged damages you allege LUDOWIG has caused YOU.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A); *Baker v. Walters*, 652 F. Supp 3d 768, 778 (N.D. Tex. 2023) ("Broad and undirected requests for all documents which relate in any way to the complaint do not meet Rule 34(b)(1)(A)'s standard. Similarly, a request for all documents and records that relate to any of the issues, while convenient, fails to set forth with reasonable particularity the items or category of items sought for the responding party's identification and production of responsive documents." (cleaned up)). Empower also objects that this request calls for the production of material that is neither relevant to the claims and defenses at issue, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 69:** Any and all DOCUMENTS, COMMUNICATIONS, or property SENT to, RECEIVED from, or prepared by, or at the direction of, or on behalf of, each expert witness you intend to call to testify, or expect to testify on your behalf concerning the assertions, facts, allegations and/or claims for damages set forth in the COMPLAINT, or concerning any ANSWER.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling

order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludwig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludwig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request improperly calls for Empower to produce records shield from disclosure by the trial-preparation privilege. *See* Fed. R. Civ. P. 26(b)(3)(A), (B). Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A); *Baker v. Walters*, 652 F. Supp 3d 768, 778 (N.D. Tex. 2023) ("Broad and undirected requests for all documents which relate in any way to the complaint do not meet Rule 34(b)(1)(A)'s standard. Similarly, a request for all documents and records that relate to any of the issues, while convenient, fails to set forth with reasonable particularity the items or category of items sought for the responding party's identification and production of responsive documents." (cleaned up)).

**REQUEST FOR PRODUCTION NO. 70:** For each expert witness whose testimony YOU intend to use at trial, at any hearing in this matter, or in connection with any motion filed in this litigation, all DOCUMENTS, data, or other materials provided to, shown to, or considered by the expert in arriving at his or her opinion, as well as all DOCUMENTS that EVIDENCE, SUPPORT OR REFUTE, or REFER OR RELATE to the qualifications and experience YOU will rely on in qualifying each witness whose testimony YOU intend to use as an expert at trial, including, without limitation, the resume of the expert and all other information referenced in Federal Rule of Civil Procedure 26(a)(2).

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludwig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludwig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request improperly calls for Empower to produce records shield from disclosure by the trial-preparation privilege. *See* Fed. R. Civ. P. 26(b)(3)(A), (B).

**REQUEST FOR PRODUCTION NO. 71:** For each expert witness whose testimony YOU intend to use at trial, at any hearing in this matter, or in connection with any motion filed in this litigation, all COMMUNICATIONS SENT to or RECEIVED from the expert.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to

before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request improperly calls for Empower to produce records shield from disclosure by the trial-preparation privilege. *See* Fed. R. Civ. P. 26(b)(3)(A), (B).

**REQUEST FOR PRODUCTION NO. 72:** All COMMUNICATIONS between YOU and LAMBERT since this case was filed on October 30, 2023.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 73:** All DOCUMENTS and COMMUNICATIONS that EVIDENCE, REFER OR RELATE TO, or SUPPORT OR REFUTE any and all audit findings, both published and verbal, from any federal or state agency, including, but not limited to the Food and Drug Administration, the Department of Health and Human Services, any State Board(s) of Pharmacy, or any Third Party Auditors (such as Amicus) that was kept as part of the quality transcriptions.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A). Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 74:** All documents and communications that EVIDENCE, REFER OR RELATE TO, or SUPPORT OR REFUTE Mr. Noorian's lifetime ban from "Longevity Fest" based upon his conduct at World Congress: Longevity Fest 2024 in Las Vegas, Nevada from on or about December 13-15, 2024.

       i.      Please include all images, pictures, or other information taken by Mr. Noorian from vendors, attendees, or others.

      ii.     All correspondence between Mr. Noorian and any regulatory body regarding the evidence he secured; and iii. All correspondence between anyone associated with Longevity Fest and Mr. Noorian regarding his conduct at the conference and resulting lifetime ban.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request is overbroad because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 75:** All DOCUMENTS and COMMUNICATIONS YOU have had with any PERSON or THIRD PARTY since October 1, 2023 that EVIDENCE OR REFER OR RELATE TO LUDOWIG or the subject of this action, including but not limited to communications relating to LUDOWIG'S departure from Empower, alleged post-employment obligations, or any defendants.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A); *Baker v. Walters*, 652 F. Supp 3d 768, 778 (N.D. Tex. 2023) ("Broad and undirected requests for all documents which relate in any way to the complaint do not meet Rule 34(b)(1)(A)'s standard. Similarly, a request for all documents and records that relate to any of the issues, while convenient, fails to set forth with

reasonable particularity the items or category of items sought for the responding party's identification and production of responsive documents." (cleaned up)). Empower also objects that this request is overbroad because it contains no reasonable limitation in scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 76:** All DOCUMENTS and COMMUNICATIONS that EVIDENCE, REFER OR RELATE TO, or SUPPORT OR REFUTE EMPOWER'S use of food or animal grade, opposed to pharmaceutical grade, active pharmaceutical ingredients.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 77:** Any DOCUMENTS and COMMUNICATIONS that EVIDENCE or REFER or RELATE TO Mr. Noorian's COMMUNICATIONS with compliance personnel within 14 days of each audit or directive from any federal or state agency, including, but not limited to the Food and Drug Administration, the Department of Health and Human Services, any State Board(s) of Pharmacy, or any Third Party Auditors (such as Amicus).

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 78:** Any DOCUMENTS and COMMUNICATIONS that EVIDENCE or REFER or RELATE TO COMMUNICATIONS submitted to any federal or state agency, including, but not limited to the Food and Drug Administration, the Department of Health and Human Services, any State Board(s) of Pharmacy, or any Third Party Auditors (such as Amicus) regarding the  source of active pharmaceutical ingredients, including, but not limited to, any reports submitted pursuant to Section 503 biannual reporting requirements.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A); *Baker v. Walters*, 652 F. Supp 3d 768, 778 (N.D. Tex. 2023) ("Broad and undirected requests for all documents which relate in any way to the complaint do not meet Rule 34(b)(1)(A)'s standard. Similarly, a request for all documents and records that relate to any of the issues, while convenient, fails to set forth with reasonable particularity the items or category of items sought for the responding party's identification and production of responsive documents." (cleaned up)). Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 79:** Any DOCUMENTS and COMMUNICATIONS that EVIDENCE or REFER OR RELATE TO LUDOWIG'S COMMUNICATIONS regarding EMPOWER's compliance (or lack thereof) with any federal or state agency laws or directives, including, but not limited to the Food and Drug Administration, the Department of Health and Human Services, any State Board(s) of Pharmacy, or any Third Party Auditors (such as Amicus).

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A); *Baker v. Walters*, 652 F. Supp 3d 768, 778 (N.D. Tex. 2023) ("Broad and undirected requests for all documents which relate in any

way to the complaint do not meet Rule 34(b)(1)(A)'s standard. Similarly, a request for all documents and records that relate to any of the issues, while convenient, fails to set forth with reasonable particularity the items or category of items sought for the responding party's identification and production of responsive documents." (cleaned up)). Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 80:** Any DOCUMENTS and COMMUNICATIONS that EVIDENCE or REFER OR RELATE TO COMMUNICATIONS between EMPOWER and BFS that EVIDENCE or REFER OR RELATE TO settlement, LUDOWIG, dismissal, conditions precedent to dismissal, or a declaration or statement that REFERS OR RELATES TO this lawsuit.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence. Empower also objects that settlement communications are not discoverable and disrupt the purposes of Rule 408 of the Federal Rules of Evidence. Empower also objects that the material requested is shielded from disclosure by the attorney-client and work-product privileges. *See Atomanczyk v. Tex. Dep't of Crim. J.*, No. H-17-0719, 2018 WL 560228, at *5 (S.D. Tex. Jan. 24, 2018); *Software Tree, LLC v. Red Hat, Inc.*, No. 6:09-cv-97, 2010 WL 2788202, at *1 (E.D. Tex. June 24, 2010) ("[T]he Eastern District of Texas has historically followed a bright-line rule protecting settlement negotiations from discovery."); *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980–82 (6th Cir. 2003) (recognizing a federal privilege for settlement negotiations).

**REQUEST FOR PRODUCTION NO. 81:** Any DOCUMENTS and COMMUNICATIONS that EVIDENCE or REFER OR RELATE TO COMMUNICATIONS between EMPOWER and HIG that EVIDENCE or REFER OR RELATE TO settlement, LUDOWIG, dismissal, conditions precedent to dismissal, or a declaration or statement that REFERS OR RELATES TO this lawsuit.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to

before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence. Empower also objects that settlement communications are not discoverable and disrupt the purposes of Rule 408 of the Federal Rules of Evidence. Empower also objects that the material requested is shielded from disclosure by the attorney-client and work-product privileges. *See Atomanczyk v. Tex. Dep't of Crim. J.*, No. H-17-0719, 2018 WL 560228, at *5 (S.D. Tex. Jan. 24, 2018); *Software Tree, LLC v. Red Hat, Inc.*, No. 6:09-cv-97, 2010 WL 2788202, at *1 (E.D. Tex. June 24, 2010) ("[T]he Eastern District of Texas has historically followed a bright-line rule protecting settlement negotiations from discovery."); *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980–82 (6th Cir. 2003) (recognizing a federal privilege for settlement negotiations).

**REQUEST FOR PRODUCTION NO. 82:** Any DOCUMENTS and COMMUNICATIONS that EVIDENCE or REFER OR RELATE TO COMMUNICATIONS between EMPOWER and TEER that EVIDENCE or REFER OR RELATE TO settlement, LUDOWIG, dismissal, conditions precedent to dismissal, or a declaration or statement that REFERS OR RELATES TO this lawsuit.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence. Empower also objects that settlement communications are not discoverable and disrupt the purposes of Rule 408 of the Federal Rules of Evidence. Empower also objects that the material requested is shielded from disclosure by the attorney-client and work-product privileges. *See Atomanczyk v. Tex. Dep't of Crim. J.*, No. H-17-0719, 2018 WL 560228, at *5 (S.D. Tex. Jan. 24, 2018); *Software Tree, LLC v. Red Hat, Inc.*, No. 6:09-cv-97, 2010 WL 2788202, at *1 (E.D. Tex. June 24, 2010) ("[T]he Eastern District of Texas has historically followed a bright-line rule protecting settlement negotiations from discovery."); *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980–82 (6th Cir. 2003) (recognizing a federal privilege for settlement negotiations).

**REQUEST FOR PRODUCTION NO. 83:** Any DOCUMENTS and COMMUNICATIONS that EVIDENCE or REFER OR RELATE TO COMMUNICATIONS between EMPOWER and HUDANICH that EVIDENCE or REFER OR RELATE TO settlement, LUDOWIG, dismissal, conditions precedent to dismissal, or a declaration or statement that REFERS OR RELATES TO this lawsuit.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence. Empower also objects that settlement communications are not discoverable and disrupt the purposes of Rule 408 of the Federal Rules of Evidence. Empower also objects that the material requested is shielded from disclosure by the attorney-client and work-product privileges. *See Atomanczyk v. Tex. Dep't of Crim. J.*, No. H-17-0719, 2018 WL 560228, at *5 (S.D. Tex. Jan. 24, 2018); *Software Tree, LLC v. Red Hat, Inc.*, No. 6:09-cv-97, 2010 WL 2788202, at *1 (E.D. Tex. June 24, 2010) ("[T]he Eastern District of Texas has historically followed a bright-line rule protecting settlement negotiations from discovery."); *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980–82 (6th Cir. 2003) (recognizing a federal privilege for settlement negotiations).

**REQUEST FOR PRODUCTION NO. 84:** Any DOCUMENTS and COMMUNICATIONS that EVIDENCE or REFER OR RELATE TO COMMUNICATIONS between EMPOWER and HANSON that EVIDENCE or REFER OR RELATE TO settlement, LUDOWIG, dismissal, conditions precedent to dismissal, or a declaration or statement that REFERS OR RELATES TO this lawsuit.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to

the discovery of admissible evidence. Empower also objects that settlement communications are not discoverable and disrupt the purposes of Rule 408 of the Federal Rules of Evidence. Empower also objects that the material requested is shielded from disclosure by the attorney-client and work-product privileges. *See Atomanczyk v. Tex. Dep't of Crim. J.*, No. H-17-0719, 2018 WL 560228, at *5 (S.D. Tex. Jan. 24, 2018); *Software Tree, LLC v. Red Hat, Inc.*, No. 6:09-cv-97, 2010 WL 2788202, at *1 (E.D. Tex. June 24, 2010) ("[T]he Eastern District of Texas has historically followed a bright-line rule protecting settlement negotiations from discovery."); *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980–82 (6th Cir. 2003) (recognizing a federal privilege for settlement negotiations).

**REQUEST FOR PRODUCTION NO. 85:** Any DOCUMENTS and COMMUNICATIONS that EVIDENCE or REFER OR RELATE TO COMMUNICATIONS between EMPOWER and IRWIN that EVIDENCE or REFER OR RELATE TO settlement, LUDOWIG, dismissal, conditions precedent to dismissal, or a declaration or statement that REFERS OR RELATES TO this lawsuit.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence. Empower also objects that settlement communications are not discoverable and disrupt the purposes of Rule 408 of the Federal Rules of Evidence. Empower also objects that the material requested is shielded from disclosure by the attorney-client and work-product privileges. *See Atomanczyk v. Tex. Dep't of Crim. J.*, No. H-17-0719, 2018 WL 560228, at *5 (S.D. Tex. Jan. 24, 2018); *Software Tree, LLC v. Red Hat, Inc.*, No. 6:09-cv-97, 2010 WL 2788202, at *1 (E.D. Tex. June 24, 2010) ("[T]he Eastern District of Texas has historically followed a bright-line rule protecting settlement negotiations from discovery."); *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980–82 (6th Cir. 2003) (recognizing a federal privilege for settlement negotiations).

**REQUEST FOR PRODUCTION NO. 86:** Any DOCUMENTS and COMMUNICATIONS that EVIDENCE or REFER OR RELATE TO COMMUNICATIONS between EMPOWER and LAMBERT that EVIDENCE or REFER OR RELATE TO settlement, LUDOWIG, dismissal, conditions precedent to dismissal, or a declaration or statement that REFERS OR RELATES TO this lawsuit.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81,

2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence. Empower also objects that settlement communications are not discoverable and disrupt the purposes of Rule 408 of the Federal Rules of Evidence. Empower also objects that the material requested is shielded from disclosure by the attorney-client and work-product privileges. *See Atomanczyk v. Tex. Dep't of Crim. J.*, No. H-17-0719, 2018 WL 560228, at *5 (S.D. Tex. Jan. 24, 2018); *Software Tree, LLC v. Red Hat, Inc.*, No. 6:09-cv-97, 2010 WL 2788202, at *1 (E.D. Tex. June 24, 2010) ("[T]he Eastern District of Texas has historically followed a bright-line rule protecting settlement negotiations from discovery."); *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980–82 (6th Cir. 2003) (recognizing a federal privilege for settlement negotiations).

**REQUEST FOR PRODUCTION NO. 87:** All DOCUMENTS that EVIDENCE, REFLECT, or REFER OR RELATE TO any COMMUNICATION between YOU and any PERSON affiliated with Sitrick and Company.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A). Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence. Empower objects to the extent this request calls for the production of information that is shielded from disclosure by the attorney-client and work-product privileges.

**REQUEST FOR PRODUCTION NO. 88:** All DOCUMENTS that EVIDENCE, REFLECT, or REFER OR RELATE TO any COMMUNICATION between YOU and any PERSON affiliated with Sitrick and Company regarding this lawsuit.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A). Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence. Empower objects to the extent this request calls for the production of information that is shielded from disclosure by the attorney-client and work-product privileges

**REQUEST FOR PRODUCTION NO. 89:** All DOCUMENTS that EVIDENCE, REFLECT, or REFER OR RELATE TO any COMMUNICATION between YOU and any PERSON affiliated with the media that EVIDENCE, REFLECT, or REFER OR RELATE TO any news or news articles regarding this lawsuit.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A). Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence. Finally, Empower objects to the extent this request calls for the production of information that is shielded from disclosure by the attorney-client and work-product privileges.

**REQUEST FOR PRODUCTION NO. 90:** All settlement agreements YOU have entered into with LAMBERT since this case was filed on October 30, 2023.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to

initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request is overbroad it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 91:** All drafts of settlement agreements YOU have entered into with LAMBERT since this case was filed on October 30, 2023, including any edits, notes, or negotiations related thereto.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request is overbroad because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence. Empower also objects that settlement communications are not discoverable and disrupt the purposes of Rule 408 of the Federal Rules of Evidence. Empower also objects that the material requested is shielded from disclosure by the attorney-client and work-product privileges. *See Atomanczyk v. Tex. Dep't of Crim. J.*, No. H-17-0719, 2018 WL 560228, at *5 (S.D. Tex. Jan. 24, 2018); *Software Tree, LLC v. Red Hat, Inc.*, No. 6:09-cv-97, 2010 WL 2788202, at *1 (E.D. Tex. June 24, 2010) ("[T]he Eastern District of Texas has historically followed a bright-line rule protecting settlement negotiations from discovery."); *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980–82 (6th Cir. 2003) (recognizing a federal privilege for settlement negotiations).

**REQUEST FOR PRODUCTION NO. 92:** All drafts of the LAMBERT DECLARATION including all redlined edits, initial drafts, revised drafts, and final drafts including all native metadata.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained,

leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request is overbroad because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence. Empower also objects that this request calls for the production of material that it is contractually obligated to maintain in confidence. Empower also objects that settlement communications are not discoverable and disrupt the purposes of Rule 408 of the Federal Rules of Evidence. Empower also objects that the material requested is shielded from disclosure by the attorney-client and work-product privileges. *See Atomanczyk v. Tex. Dep't of Crim. J.*, No. H-17-0719, 2018 WL 560228, at *5 (S.D. Tex. Jan. 24, 2018); *Software Tree, LLC v. Red Hat, Inc.*, No. 6:09-cv-97, 2010 WL 2788202, at *1 (E.D. Tex. June 24, 2010) ("[T]he Eastern District of Texas has historically followed a bright-line rule protecting settlement negotiations from discovery."); *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980–82 (6th Cir. 2003) (recognizing a federal privilege for settlement negotiations).

**REQUEST FOR PRODUCTION NO. 93:** All DOCUMENTS relied upon when YOU or LAMBERT drafted the LAMBERT DECLARATION.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request is overbroad because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence. Empower also objects that this request calls for the production of material that it is contractually obligated to maintain in confidence. Empower also objects that settlement communications are not discoverable and disrupt the purposes of Rule 408 of the Federal Rules of Evidence. Empower also objects that the material requested is shielded from disclosure by the attorney-client and work-product privileges. *See Atomanczyk v. Tex. Dep't of Crim. J.*, No. H-17-0719, 2018 WL 560228, at *5 (S.D. Tex. Jan. 24, 2018); *Software Tree, LLC v. Red Hat, Inc.*, No. 6:09-cv-97, 2010 WL 2788202, at *1 (E.D. Tex. June 24, 2010) ("[T]he Eastern District of Texas has historically followed a bright-line rule protecting settlement negotiations from discovery."); *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980–82 (6th Cir. 2003) (recognizing a federal privilege for settlement negotiations).

**REQUEST FOR PRODUCTION NO. 94:** All COMMUNICATIONS RELATING TO the LAMBERT DECLARATION between YOU and any PERSON.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81,

2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request is overbroad because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence. Empower also objects that settlement communications are not discoverable and disrupt the purposes of Rule 408 of the Federal Rules of Evidence. Empower also objects that the material requested is shielded from disclosure by the attorney-client and work-product privileges. *See Atomanczyk v. Tex. Dep't of Crim. J.*, No. H-17-0719, 2018 WL 560228, at *5 (S.D. Tex. Jan. 24, 2018); *Software Tree, LLC v. Red Hat, Inc.*, No. 6:09-cv-97, 2010 WL 2788202, at *1 (E.D. Tex. June 24, 2010) ("[T]he Eastern District of Texas has historically followed a bright-line rule protecting settlement negotiations from discovery."); *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980–82 (6th Cir. 2003) (recognizing a federal privilege for settlement negotiations).

**REQUEST FOR PRODUCTION NO. 95:** All COMMUNICATIONS between YOU and any PERSON RELATING TO LAMBERT since this case was filed on October 30, 2023.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that the request for "all COMMUNICATIONS between YOU and any PERSON RELATING TO LAMBERT" is vague and ambiguous. Empower also objects that this request is overbroad because it contains no reasonable limitation in scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence. Empower also objects that this request calls for the production of material that it is contractually obligated to maintain in confidence. Empower also objects that settlement communications are not discoverable and disrupt the purposes of Rule 408 of the Federal Rules of Evidence. Empower also objects that the material requested is shielded from disclosure by the attorney-client and work-product privileges. *See Atomanczyk v. Tex. Dep't of Crim. J.*, No. H-17-0719, 2018 WL 560228, at *5 (S.D. Tex. Jan. 24, 2018); *Software Tree, LLC v. Red Hat, Inc.*, No. 6:09-cv-97, 2010 WL 2788202, at *1 (E.D. Tex. June 24, 2010) ("[T]he Eastern District of Texas has historically followed a bright-line rule protecting settlement negotiations from discovery."); *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980–82 (6th Cir. 2003) (recognizing a federal privilege for settlement negotiations).

**REQUEST FOR PRODUCTION NO. 96:** All DOCUMENTS RELATING TO any federal or state agency, including, but not limited to the Food and Drug Administration, the Department of Health and Human Services, any State Board(s) of Pharmacy, or any Third Party Auditors (such as Amicus) audits or inspections since this case was filed on October 30, 2023.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A). Empower also objects that this request is vague and ambiguous because it appears to require Empower to produce any document related to any investigation conducted by any auditor since October 30, 2023, regardless of whether such investigation or audit is related to Empower or any of the claims and defenses at issue in this case. Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 97:** All COMMUNICATIONS between YOU and any federal or state agency, including, but not limited to the Food and Drug Administration, the Department of Health and Human Services, any State Board(s) of Pharmacy, or any Third Party Auditors (such as Amicus) since this case was filed on October 30, 2023.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 98:** All DOCUMENTS and COMMUNICATIONS that EVIDENCE, REFLECT, or REFER OR RELATE TO any audit by any federal or state agency, state pharmacy board, or other regulatory agency from January 1, 2025 to the present.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A). For example, this request appears to require Empower to produce documents and communications related to any audit conducted on any entity anywhere in the world regarding any information since January 1, 2025, without regard to whether such information is relevant to the claims and defenses at issue in this case. Empower also objects that this request is overbroad because it contains no reasonable limitation in time or scope and because it calls for the production of material that is neither relevant to the claims and defenses at issue in this case, proportional to the needs of the case, nor likely to lead to the discovery of admissible evidence. Empower also objects that this request calls for the production of material that it is contractually obligated to maintain in confidence.

**REQUEST FOR PRODUCTION NO. 99:** All DOCUMENTS that YOU intend to present or use at any trial, deposition, hearing, or any other proceeding in this action.

**RESPONSE:** Empower objects that this request is untimely. The discovery period in this case ended on April 18, 2025. *See* Dkt. No. 78; *DeLeon v. Salinas*, No. 1:10-cv-303 and 1:11-cv-81, 2016 WL 11795864, at *8 (S.D. Tex. Feb. 12, 2016) ("The discovery deadline set in a scheduling order typically represents the date by which discovery must be completed rather than a deadline to initiate a last round of discovery requests, and so discovery requests that cannot be responded to before that deadline must ordinarily be deemed untimely." (collecting authority)). Ludowig neither requested, nor obtained, an agreement from Empower to extend written discovery beyond the parties' extended discovery deadline of April 18, 2025. Ludowig neither requested, nor obtained, leave of Court to extend the period for written discovery prior to service of these discovery requests. Empower also objects that this request fails to identify with reasonable particularity each item or category of items to be inspected. Fed. R. Civ. P. 34(b)(1)(A); *Baker v. Walters*, 652 F. Supp 3d 768, 778 (N.D. Tex. 2023) ("Broad and undirected requests for all documents which relate in any way to the complaint do not meet Rule 34(b)(1)(A)'s standard. Similarly, a request for all documents and records that relate to any of the issues, while convenient, fails to set forth with reasonable particularity the items or category of items sought for the responding party's identification and production of responsive documents." (cleaned up)). Empower also objects that this request calls for the disclosure of material protected by the trial-preparation privilege.