# EXHIBIT 5

**Kathrin Bishop**

| | |
|---|---|
| **From:** | Bernick, Mike <mbernick@jw.com> |
| **Sent:** | Sunday, April 27, 2025 10:31 PM |
| **To:** | Aaron Wagner; Anthony Laporte |
| **Cc:** | Robbie Wright; 'Alex Pierce'; Nancy Martinez; Kathrin Bishop; C. Celeste Creswell; Huguenard, Harris; Barake, Gabriela; Drab, Michael; Ben Herbert |
| **Subject:** | [External] Empower/BFS - Responses and Objections to Ludowig's Untimely Subpoenas for Documents |
| **Attachments:** | 44826907_1_2025-04-27 Jonathan Abrarpour's Responses and Objections to Third Party Subpoena from Ludowig.pdf; 44826905_1_2025-04-27 Shaun Noorian's Responses and Objection to Third Party Subpoena from Ludowig.pdf; 44826902_1_2025-04-27 Sanjay Samudre's Responses and Objections to Third Party Subpoena from Ludowig.pdf; 44827119_1_2025-04-27 Renee Walsh's Responses and Objections to Third Party Subpoena from Ludowig.pdf |

Counsel,

Please find attached:

- *Non-Party Shaun Noorian's Responses and Objections to Defendant Ludowig's Untimely Subpoena for Documents*
- *Non-Party Jonathan Abrarpour's Responses and Objections to Defendant Ludowig's Untimely Subpoena for Documents*
- *Non-Party Renee Walsh's Responses and Objections to Defendant Ludowig's Untimely Subpoena for Documents*
- *Non-Party Sanjay Samudre's Responses and Objections to Defendant Ludowig's Untimely Subpoena for Documents*

Thank you,
**Mike Bernick** | Partner
1401 McKinney, Suite 1900
Houston, TX 77010
V: (713) 752-4270 | F: (713) 752-4221 | mbernick@jw.com

**Jackson Walker** LLP

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| Empower Clinic Services, L.L.C.,<br>    Plaintiff, | |
| v. | Case No. 4:23-cv-4123 |
| Bio Filling Solutions Inc. f/k/a/ Bio42<br>Clinical Filling Solutions, Inc., *et al*. | **Jury Trial Demanded** |
|     Defendants. | |

**NON-PARTY SANJAY SAMUDRE'S RESPONSES AND OBJECTIONS TO
DEFENDANT LUDOWIG'S UNTIMELY SUBPOENA FOR DOCUMENTS**

TO:    Aaron Wagner, Kabat Chapman & Ozmer LLP, 171 17th St., Ste 1550, Atlanta, GA 30363

       Sanjay Samudre ("Respondent"), a non-party to this litigation, submits these responses and objections to the subpoena served upon Respondent pursuant to Rule 45(d) without waiver of any further objection or assertion of privilege related to specific documents when or if such documents are identified.

**I.    GENERAL OBJECTIONS**

    1.    Respondent objects to the Subpoena because it subjects a non-party to undue burden and expense, and it is not proportional to needs of the case considering the scope of the request and irrelevance of the information sought. The document requests are, in some cases, unreasonably overbroad such that compliance would impose an undue burden and expense on a non-party to this litigation.

    2.    It is Respondent's intent to assert all applicable privileges and exemptions from discovery and to otherwise fully protect privileged or exempt information or documents. Any disclosure of privileged or exempt information is inadvertent, involuntary and unintentional, and is not intended to be a waiver of any privileges or exemptions.

3.      Each and every answer to the document requests is intended to include the general objections stated above. No response is intended to be a waiver of these objections. Additional specific objections made in response to a particular request are not intended to, and do not, vitiate these general objections.

4.      To the extent Respondent is required to further respond to the Subpoena, Respondent reserves the right to seek its costs and expenses associated with responding, including such costs for personnel to investigate responsive materials and preparing responsive materials for production and any additional legal and equitable relief to which it may be justly entitled.

## II.     SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

**REQUEST NO. 1:**    All COMMUNICATIONS between YOU, including any communications between any agent or attorney acting on your behalf, and EMPOWER since you left employment with Empower.

**RESPONSE/OBJECTION(S):** Respondent objects to this request because it seeks information not relevant to the parties' claims or defenses, it is not reasonably limited in scope, it is unduly burdensome because it seeks documents from a non-party that it may obtain from a party, and is untimely.

Respondent objects to this request as seeking information not relevant to the parties' claims or defenses. Plaintiff Empower Clinic Services, LLC ("Plaintiff") brought claims against Matthew Ludowig ("Ludowig") for violations of the Defend Trade Secrets Act, the Texas Uniform Trade Secrets Act, breach of contract, unjust enrichment, and breach of fiduciary duty. Dkt No. 92 ("Amended Complaint"). Ludowig answered on January 8, 2025. Dkt. No. 99 ("Answer"). Neither the Complaint nor Answer make reference to any facts that suggest Respondent had any involvement with the matters at issue, or has any information relevant to the claims and defenses. Dkt. Nos. 92 & 99. Respondent is not mentioned at all, nor are his communications with Plaintiff implicated in any way. Ludowig has failed to establish that the information sought in this request is relevant to the current litigation or otherwise discoverable. Absent such a showing, federal courts prohibit such discovery. *See Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 292 (N.D. Tex. 2017) ("Under Rule 26(b)(1) and Fifth Circuit case law, discovery requests must seek information that is relevant to the parties' claims or defenses as pleaded and may not be used only to find new claims or defenses").

Respondent objects to this request as unduly burdensome. Ludowig must attempt to obtain all discovery from a party to the case before burdening a non-party. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts*

*Distrib., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). Respondent is not a party to this litigation. Seeking every single communication Respondent made with Plaintiff since his departure, regardless of the topic, is a request that can and should have been issued to Plaintiff. Ludwig did not make any meaningful effort to obtain such information from the Plaintiff.

Respondent also objects to this request as unduly burdensome because Ludwig also requests documents that are not in Respondent's possession, custody, or control, including documents that would have been exchanged with Plaintiff, if at all. Respondent objects to the production of any documents not currently in Respondent's possession, custody, or control as federal law is clear that parties "need only produce documents in their possession, custody, or control." *Clark v. Unum Group*, No. 4:20-CV-04013-KES, 2021 WL 4134520, at *11 (D.S.D. Sept. 10, 2021).

Respondent also objects and asserts the request seeks information protected by the attorney-client privilege.

Finally, Respondent further objects because Ludwig's subpoena is unduly burdensome, untimely and, attempts to circumvent the discovery deadline to which he previously agreed. Respondent objects the subpoena commands a response outside of the fact discovery period and seeks information from Plaintiff's former employee for information in the possession, custody, and control of Plaintiff. A party cannot obtain documents from an opposing party by serving a subpoena on an employee of the opposing party. Respondent objects that the subpoena gives Respondent less than 30 days to comply.

For these reasons, Respondent stands on the objections to this request.

**REQUEST NO. 2:**    All agreements YOU have entered into with EMPOWER, including any employment agreements, restrictive covenants, termination or severance agreements, or non-competition agreements.

**RESPONSE/OBJECTION(S):**  Respondent objects to this request because it is irrelevant, not reasonably limited in scope, seeks documents from a non-party that it may obtain from a party, and untimely.

As described in response to Request No. 1, Respondent objects to this request as seeking information not relevant to the parties' claims or defenses because the Complaint and Answer do not implicate any of Respondent's agreements with Plaintiff, especially not termination and severance agreements. Dkt. Nos. 92 & 99. Ludwig has failed to establish that the information sought in this request is relevant to the current litigation or otherwise discoverable. Absent such a showing, federal courts prohibit such discovery. *See Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 292 (N.D. Tex. 2017) ("Under Rule 26(b)(1) and Fifth Circuit case law, discovery requests must seek information that is relevant to the parties' claims or defenses as pleaded and may not be used only to find new claims or defenses").

Respondent objects to this request as unduly burdensome. Ludowig must attempt to obtain all discovery from a party to the case before burdening a non-party. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts Distrib., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). Respondent is not a party to this litigation. Seeking every single agreement Respondent ever made with Plaintiff, regardless of its subject or timing, is a request that can and should have been issued to Plaintiff. Ludowig did not make any meaningful effort to obtain such information from the Plaintiff.

Ludowig requests documents that are not in Respondent's possession, custody, or control, including documents that would have been exchanged with Plaintiff, if at all. Respondent objects to the production of any documents not currently in Respondent's possession, custody, or control as federal law is clear that parties "need only produce documents in their possession, custody, or control." *Clark v. Unum Group*, No. 4:20-CV-04013-KES, 2021 WL 4134520, at *11 (D.S.D. Sept. 10, 2021).

Finally, Respondent objects that Ludowig's subpoena is untimely and attempts to circumvent the discovery deadline to which he previously agreed. Respondent objects the subpoena commands a response outside of the fact discovery period and seeks information from Plaintiff's former employee for information in the possession, custody, and control of Plaintiff. A party cannot obtain documents from an opposing party by serving a subpoena on an employee of the opposing party. Respondent objects that the subpoena gives Respondent less than 30 days to comply.

For these reasons, Respondent stands on the objections to this request.

**REQUEST NO. 3:**   All COMMUNICATIONS between YOU, including any communications between any agent or attorney acting on your behalf, and EMPOWER relating to Matthew Ludowig or any other former employee of Empower.

**RESPONSE/OBJECTION(S):**   Respondent objects to this request because it is irrelevant, seeks documents not in Respondent's possession, custody, or control, seeks documents from a non-party that it may obtain from a party, and is untimely.

As described in response to Request No. 1, Respondent objects to this request as seeking information not relevant to the parties' claims or defenses because the Complaint and Answer do not implicate Respondent's communications with Plaintiff about Ludowig or "any other former employee" of Plaintiff. Dkt Nos. 92 & 99. Ludowig has failed to establish that the information sought in this request is relevant to the current litigation or otherwise discoverable. Absent such a showing, federal courts prohibit such discovery. *See Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 292 (N.D. Tex. 2017)("Under Rule 26(b)(1) and Fifth Circuit case law, discovery requests must seek information that is relevant to the parties' claims or defenses as pleaded and may not be used only to find new claims or defenses").

Respondent objects to this request as unduly burdensome. Ludowig must attempt to obtain all discovery from a party to the case before burdening a non-party. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt*

*v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts Distrib., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). Respondent is not a party to this litigation. Requiring Respondent to go through all communications since the beginning of time for exchanges about Ludowig or some other, unspecified "former employee" of Plaintiff is not going to produce information that is likely to lead to the discovery of admissible evidence in light of the pending claims. Nor did Ludowig make any meaningful effort to obtain such information from the Plaintiff.

Ludowig requests documents that are not in Respondent's possession, custody, or control, including documents that appear to be exchanged with Plaintiff, if at all. Respondent objects to the production of any documents not currently in Respondent's possession, custody, or control as federal law is clear that parties "need only produce documents in their possession, custody, or control." *Clark v. Unum Group*, No. 4:20-CV-04013-KES, 2021 WL 4134520, at *11 (D.S.D. Sept. 10, 2021).

Respondent also objects and asserts the request seeks information protected by the attorney-client privilege.

Finally, Respondent objects that Ludowig's subpoena is untimely and attempts to circumvent the discovery deadline to which he previously agreed. Respondent objects the subpoena commands a response outside of the fact discovery period and seeks information from Plaintiff's former employee for information in the possession, custody, and control of Plaintiff. A party cannot obtain documents from an opposing party by serving a subpoena on an employee of the opposing party. Respondent objects that the subpoena gives Respondent less than 30 days to comply.

For these reasons, Respondent stands on the objections to this request.

**REQUEST NO. 4:**    All COMMUNICATIONS between YOU, including any communications between any agent or attorney acting on your behalf, and EMPOWER relating to your employment since you left Empower, including any allegations of breach of your prior agreements with Empower.

**RESPONSE/OBJECTION(S):** Respondent objects to this request because it is irrelevant, seeks documents not in Respondent's possession, custody, or control, seeks information from a non-party that it may obtain from a party, and is untimely.

As described in response to Request No. 1, Respondent objects to this request as seeking information not relevant to the parties' claims or defenses because the Complaint and Answer do not implicate Respondent's communications with Plaintiff about Respondent's employment. Dkt Nos. 92 & 99. Ludowig has failed to establish that the information sought in this request is relevant to the current litigation or otherwise discoverable. Absent such a showing, federal courts prohibit such discovery. *See Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 292 (N.D. Tex. 2017) ("Under Rule 26(b)(1) and Fifth Circuit case law, discovery requests must seek information that is relevant to the parties' claims or defenses as pleaded and may not be used only to find new claims or defenses").

Respondent objects to this request as unduly burdensome. Ludowig must attempt to obtain all discovery from a party to the case before burdening a non-party. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts Distrib., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). Respondent is not a party to this litigation. Requiring Respondent to go through all correspondence with Plaintiff for communications about his employment with Plaintiff is not going to produce information that is likely to lead to the discovery of admissible evidence in light of the pending claims. Nor did Ludowig make any meaningful effort to obtain such information from the Plaintiff outside of an untimely request to Plaintiff.

Ludowig requests documents that are not in Respondent's possession, custody, or control, including documents that appear to be exchanged with Plaintiff, if at all. Respondent objects to the production of any documents not currently in Respondent's possession, custody, or control as federal law is clear that parties "need only produce documents in their possession, custody, or control." *Clark v. Unum Group*, No. 4:20-CV-04013-KES, 2021 WL 4134520, at *11 (D.S.D. Sept. 10, 2021).

Finally, Respondent objects that Ludowig's subpoena is untimely and attempts to circumvent the discovery deadline to which he previously agreed. Respondent objects the subpoena commands a response outside of the fact discovery period and seeks information from Plaintiff's former employee for information in the possession, custody, and control of Plaintiff. A party cannot obtain documents from an opposing party by serving a subpoena on an employee of the opposing party. Respondent objects that the subpoena gives Respondent less than 30 days to comply.

For these reasons, Respondent stands on the objections to this request.

## III.    RESERVING FURTHER OBJECTIONS AND CLAIMS OF PRIVILEGE

Respondent reserves the right to lodge further objections and assert applicable privileges if, or when, responsive documents are identified.

**JACKSON WALKER L.L.P.**

*/s/ Michael H. Bernick*

Michael H. Bernick
State Bar No. 24078227
S.D. Tex. ID 1439062
mbernick@jw.com
Harris J. Huguenard
State Bar No. 24099615
S.D. Tex. ID 3007223
hhuguenard@jw.com
Michael A. Drab
State Bar No. 34115826
S.D. Tex ID 3665349
mdrab@jw.com
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200 – phone
(713) 752-4221 – fax

Benjamin A. Herbert
California State Bar No. 277356
Miller Barondess, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, CA 90067
(310) 552-4400

***Admitted Pro Hac Vice***

**ATTORNEYS FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was served by email in accordance with the Federal Rules of Civil Procedure on April 27, 2025, on:

Anthony L. LaPorte
Alexandra E. Pierce
**Hanszen Laporte**
14201 Memorial Drive
Houston, Texas 77079

Aaron A. Wagner
**Kabat Chapman & Ozmer LLP**
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363

*/s/ Michael H. Bernick*

Michael H. Bernick

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| Empower Clinic Services, L.L.C., <br>     Plaintiff, <br><br> v. <br><br> Bio Filling Solutions Inc. f/k/a/ Bio42 <br> Clinical Filling Solutions, Inc., *et al*. <br><br>     Defendants. | Case No. 4:23-cv-4123 <br><br> **Jury Trial Demanded** |

### NON-PARTY SHAUN NOORIAN'S RESPONSES AND OBJECTIONS TO DEFENDANT LUDOWIG'S UNTIMELY SUBPOENA FOR DOCUMENTS

TO:    Aaron Wagner, Kabat Chapman & Ozmer LLP, 171 17th St., Ste 1550, Atlanta, GA 30363

Shaun Noorian ("Respondent"), a non-party to this litigation, submits these responses and objections to the subpoena served upon Respondent pursuant to Rule 45(d) without waiver of any further objection or assertion of privilege related to specific documents when or if such documents are identified.

## I.    GENERAL OBJECTIONS

1.    Respondent objects to the Subpoena because it subjects a non-party to undue burden and expense, and it is not proportional to needs of the case considering the scope of the request and irrelevance of the information sought. The document requests are, in some cases, unreasonably overbroad such that compliance would impose an undue burden and expense on a non-party to this litigation.

2.    It is Respondent's intent to assert all applicable privileges and exemptions from discovery and to otherwise fully protect privileged or exempt information or documents. Any disclosure of privileged or exempt information is inadvertent, involuntary and unintentional, and is not intended to be a waiver of any privileges or exemptions.

3.      Each and every answer to the document requests is intended to include the general objections stated above. No response is intended to be a waiver of these objections. Additional specific objections made in response to a particular request are not intended to, and do not, vitiate these general objections.

4.      To the extent Respondent is required to further respond to the Subpoena, Respondent reserves the right to seek its costs and expenses associated with responding, including such costs for personnel to investigate responsive materials and preparing responsive materials for production and any additional legal and equitable relief to which it may be justly entitled.

## II.    SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

**REQUEST NO. 1:**    All COMMUNICATIONS between YOU and any media outlet, newspaper, online news source, public relations firm, or consultant, relating to Matthew Ludowig, this Litigation, or any other Defendant in this Litigation since Empower filed its action on October 30, 2023.

**RESPONSE/OBJECTION(S):** Respondent objects to this request because it seeks information not relevant to the parties' claims or defenses, it is unduly burdensome because it seeks documents not in Respondent's possession, custody, or control, and seeks information from a non-party, who is an employee of a party, and is untimely.

Respondent objects to this request as seeking information not relevant to the parties' claims or defenses. Plaintiff Empower Clinic Services, LLC ("Plaintiff") brought claims against Matthew Ludowig ("Ludowig") for violations of the Defend Trade Secrets Act, the Texas Uniform Trade Secrets Act, breach of contract, unjust enrichment, and breach of fiduciary duty. Dkt No. 92 ("Amended Complaint"). Ludowig answered on January 8, 2025. Dkt. No. 99 ("Answer"). Neither the Complaint nor Answer make reference to any facts that implicate Respondent's individual communications with a public relations firm or media outlets. Dkt. Nos. 92 & 99. Regardless, Ludowig served discovery requests on Plaintiff seeking such information from Plaintiff. Plaintiff objected to the irrelevant nature of the request. Ludowig then served this untimely subpoena, and others like it, on Plaintiff's individual officers and employees, including Respondent, seeking the same or similar information. Ludowig has failed to establish that the information sought in this request is relevant to the current litigation or otherwise discoverable. Absent such a showing, federal courts prohibit such discovery. *See Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 292 (N.D. Tex. 2017) ("Under Rule 26(b)(1) and Fifth Circuit case law, discovery requests must seek information that is relevant to the parties' claims or defenses as pleaded and may not be used only to find new claims or defenses").

Respondent objects to this request as unduly burdensome. Ludowig must attempt to obtain all discovery from a party to the case before burdening a non-party. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts Distrib., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). Respondent is not a party to this litigation. Requiring Respondent to go through all correspondence and drafts, with a variety of third parties, including unspecified "contractors" for communications about Ludowig, Defendants, or the lawsuit is not going to produce information that is likely to lead to the discovery of admissible evidence in light of the pending claims. Nor did Ludowig make any meaningful effort to obtain such information from the Plaintiff beyond simply issuing a request at the end of the discovery period.

Ludowig also requests documents that are not in Respondent's possession, custody, or control, including documents that appear to be exchanged in a representative capacity on behalf of Plaintiff. Respondent objects to the production of any documents not currently in Respondent's possession, custody, or control as federal law is clear that parties "need only produce documents in their possession, custody, or control." *Clark v. Unum Group*, No. 4:20-CV-04013-KES, 2021 WL 4134520, at *11 (D.S.D. Sept. 10, 2021).

Finally, Respondent objects that Ludowig's subpoena is unduly burdensome, untimely, and attempts to circumvent the discovery deadline to which he previously agreed. More specifically, the subpoena seeks information from Plaintiff's employee for information in the possession, custody, and control of Plaintiff and not Respondent in Respondent's individual capacity. A party cannot obtain documents from an opposing party by serving a subpoena on an employee of the opposing party.  Respondent objects that the subpoena gives Respondent less than 30 days to comply, and commands a response outside of the fact discovery period.

For these reasons, Respondent stands on the objections to this request.

**REQUEST NO. 2:**    All agreements YOU have entered into with any public relations firm, on behalf of EMPOWER since this case was filed on October 30, 2023, including any edits, notes, or negotiations related thereto.

**RESPONSE/OBJECTION(S):**  Respondent objects to this request because it seeks information not relevant to the parties' claims or defenses, it is unduly burdensome because it explicitly seeks documents not in Respondent's possession, custody, or control, and seeks information from a non-party, who is an employee of a party, and is untimely.

As described in response to Request No. 1, Respondent objects to this request as seeking information not relevant to the parties' claims or defenses because this case does not implicate any agreements Respondent may have entered into with a public relations firm on behalf of Plaintiff. Thus, the request is not likely to lead to the discovery of admissible evidence.

Respondent objects to this request as unduly burdensome.  Ludowig must attempt to obtain all discovery from a party to the case before burdening a non-party. "When a nonparty is

subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts Distrib., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). Respondent is not a party to this litigation. Ludowig did not make any meaningful effort to obtain such information from the Plaintiff beyond simply issuing a request at the end of the discovery period. Ludowig has failed to establish that the information sought in this request is relevant to the current litigation or otherwise discoverable. Absent such a showing, federal courts prohibit such discovery. *See Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 292 (N.D. Tex. 2017) ("Under Rule 26(b)(1) and Fifth Circuit case law, discovery requests must seek information that is relevant to the parties' claims or defenses as pleaded and may not be used only to find new claims or defenses").

In addition, Ludowig explicitly requests documents that are *not* in Respondent's possession, custody, or control, including documents that were created or exchanged in a representative capacity on behalf of Plaintiff ("on behalf of EMPOWER"). Respondent objects to the production of any documents not currently in Respondent's possession, custody, or control as federal law is clear that parties "need only produce documents in their possession, custody, or control." *Clark v. Unum Group*, No. 4:20-CV-04013-KES, 2021 WL 4134520, at *11 (D.S.D. Sept. 10, 2021).

Finally, Respondent objects that Ludowig's subpoena is unduly burdensome, untimely, and attempts to circumvent the discovery deadline to which he previously agreed. More specifically, the subpoena seeks information from Plaintiff's employee for information in the possession, custody, and control of Plaintiff and not Respondent in Respondent's individual capacity. A party cannot obtain documents from an opposing party by serving a subpoena on an employee of the opposing party. Respondent objects that the subpoena gives Respondent less than 30 days to comply, and commands a response outside of the fact discovery period.

For these reasons, Respondent stands on the objections to this request.

**REQUEST NO. 3:**    All COMMUNICATIONS between YOU and Jonathan Abrapour relating to Matthew Ludowig, this Litigation, or any other Defendant in this Litigation since Empower filed its action on October 30, 2023.

**RESPONSE/OBJECTION(S):** Respondent objects to this request because it seeks documents not in Respondent's possession, custody, or control, and seeks information from a non-party, who is an employee of a party, which has already responded to requests of this nature, and it is untimely.

Respondent objects to this request as unduly burdensome. Ludowig must attempt to obtain all discovery from a party to the case before burdening a non-party. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts Distrib., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). Respondent is not a party to this litigation.  Respondent objects to the production of any documents not currently in Respondent's possession, custody, or control as federal law is clear

that parties "need only produce documents in their possession, custody, or control." *Clark v. Unum Group*, No. 4:20-CV-04013-KES, 2021 WL 4134520, at *11 (D.S.D. Sept. 10, 2021).

Finally, Respondent objects that Ludowig's subpoena is unduly burdensome, untimely, and attempts to circumvent the discovery deadline to which he previously agreed. More specifically, the subpoena seeks information from Plaintiff's employee for information in the possession, custody, and control of Plaintiff and not Respondent in Respondent's individual capacity. A party cannot obtain documents from an opposing party by serving a subpoena on an employee of the opposing party. Respondent objects that the subpoena gives Respondent less than 30 days to comply, and commands a response outside of the fact discovery period.

For these reasons, Respondent stands on the objections to this request.

**REQUEST NO. 4:**    All COMMUNICATIONS between YOU and Jonathan Abrapour regarding the decision to change Matthew Ludowig's title, position, or responsibilities during the time Mr. Ludowig was employed by EMPOWER through his last date of employment with EMPOWER on August 31, 2023.

**RESPONSE/OBJECTION(S):**    Respondent objects to this request because it seeks documents not in Respondent's possession, custody, or control, and seeks information from a non-party, who is an employee of a party, which has already responded to requests of this nature, and it is untimely.

Respondent objects to this request as unduly burdensome. Ludowig must attempt to obtain all discovery from a party to the case before burdening a non-party. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts Distrib., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). Respondent is not a party to this litigation. Respondent objects to the production of any documents not currently in Respondent's possession, custody, or control as federal law is clear that parties "need only produce documents in their possession, custody, or control." *Clark v. Unum Group*, No. 4:20-CV-04013-KES, 2021 WL 4134520, at *11 (D.S.D. Sept. 10, 2021).

Finally, Respondent objects that Ludowig's subpoena is unduly burdensome, untimely, and attempts to circumvent the discovery deadline to which he previously agreed. More specifically, the subpoena seeks information from Plaintiff's employee for information in the possession, custody, and control of Plaintiff and not Respondent in Respondent's individual capacity. A party cannot obtain documents from an opposing party by serving a subpoena on an employee of the opposing party. Respondent objects that the subpoena gives Respondent less than 30 days to comply, and commands a response outside of the fact discovery period.

For these reasons, Respondent stands on the objections to this request.

**REQUEST NO. 5:**    All COMMUNICATIONS between YOU and Mr. Ludowig in which he advised you or anyone else that EMPOWER's practices were not compliant with the law, regulations, FDA guidance or memorandums, or otherwise, were improper in any manner,

specifically including but not limited to the use of semaglutide salt versus base in the compounding of semaglutide.

**RESPONSE/OBJECTION(S):**  Respondent objects to this request because it seeks information not relevant to the parties' claims or defenses, it is unduly burdensome because it seeks documents not in Respondent's possession, custody, or control, and seeks information from a non-party, who is an employee of a party, and it is untimely.

As described in response to Request No. 1, Respondent objects to this request as seeking information not relevant to the parties' claims or defenses because this case does not implicate any communications regarding alleged advice Ludowig may have given about Empower's compounding of semaglutide or compliance with the law. Thus, the request is not likely to lead to the discovery of admissible evidence.

Respondent objects to this request as unduly burdensome.  Ludowig must attempt to obtain all discovery from a party to the case before burdening a non-party. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts Distrib., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). Respondent is not a party to this litigation. Ludowig did not make any meaningful effort to obtain such information from the Plaintiff. Ludowig has failed to establish that the information sought in this request is relevant to the current litigation or otherwise discoverable. Absent such a showing, federal courts prohibit such discovery.  *See Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 292 (N.D. Tex. 2017) ("Under Rule 26(b)(1) and Fifth Circuit case law, discovery requests must seek information that is relevant to the parties' claims or defenses as pleaded and may not be used only to find new claims or defenses").

Also, Respondent objects to this request as unduly burdensome because Ludowig requests documents that are not in Respondent's possession, custody, or control, including documents that appear to be exchanged in a representative capacity on behalf of Plaintiff, if at all. Respondent objects to the production of any documents not currently in Respondent's possession, custody, or control as federal law is clear that parties "need only produce documents in their possession, custody, or control." *Clark v. Unum Group*, No. 4:20-CV-04013-KES, 2021 WL 4134520, at *11 (D.S.D. Sept. 10, 2021). Relatedly, Ludowig explicitly seeks communications with a non-party that he either initiated or received. This information is in the superior possession of Ludowig himself and can be obtained without expense to him, unless he has destroyed it. Should Ludowig contend that he no longer has access to such communications because they were stored on Empower's server, then the point is made that Respondent does not have possession, custody, or control of these items.

Finally, Respondent objects that Ludowig's subpoena is unduly burdensome, untimely, and attempts to circumvent the discovery deadline to which he previously agreed. More specifically, the subpoena seeks information from Plaintiff's employee for information in the possession, custody, and control of Plaintiff and not Respondent in Respondent's individual capacity. A party cannot obtain documents from an opposing party by serving a subpoena on an employee of the

opposing party.  Respondent objects that the subpoena gives Respondent less than 30 days to comply, and commands a response outside of the fact discovery period.

For these reasons, Respondent stands on the objections to this request.

**REQUEST NO. 6:**    All COMMUNICATIONS between you and the FDA, FDA inspectors, investors, or anyone else, relating to the use of non-pharmaceutical grade API in the compounding of drugs at EMPOWER since January 1, 2022.

**RESPONSE/OBJECTION(S):**    Respondent objects to this request because it seeks information not relevant to the parties' claims or defenses, it is not reasonably limited in time or scope, it is unduly burdensome because seeks documents not in Respondent's possession, custody, or control, and seeks information from a non-party, who is an employee of a party, and it is untimely.

As described in response to Request No. 1, Respondent objects to this request as seeking information not relevant to the parties' claims or defenses because this case does not implicate any communications Respondent might have had with the entire world over the course of three years relating to Empower's alleged "use of non-pharmaceutical grade API in the compounding of drugs." Not only is the request is not likely to lead to the discovery of admissible evidence, it is not reasonably limited in time or scope.

Respondent objects to this request as unduly burdensome. Ludowig must attempt to obtain all discovery from a party to the case before burdening a non-party. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts Distrib., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). Respondent is not a party to this litigation. Ludowig did not make any meaningful effort to obtain such information from the Plaintiff. Requiring Respondent to go through every single bit of correspondence he has with "anyone else" (i.e., everyone) for over three years is unduly burdensome, and is not going to produce information that is likely to lead to the discovery of admissible evidence in light of the pending claims. Ludowig has failed to establish that the information sought in this request is relevant to the current litigation or otherwise discoverable. Absent such a showing, federal courts prohibit such discovery. *See Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 292 (N.D. Tex. 2017) ("Under Rule 26(b)(1) and Fifth Circuit case law, discovery requests must seek information that is relevant to the parties' claims or defenses as pleaded and may not be used only to find new claims or defenses").

Also, Respondent objects to this request as unduly burdensome because Ludowig requests documents that are not in Respondent's possession, custody, or control, including documents that appear to be exchanged in a representative capacity on behalf of Plaintiff, if at all. Respondent objects to the production of any documents not currently in Respondent's possession, custody, or control as federal law is clear that parties "need only produce documents in their possession, custody, or control." *Clark v. Unum Group*, No. 4:20-CV-04013-KES, 2021 WL 4134520, at *11 (D.S.D. Sept. 10, 2021).

Finally, Respondent objects that Ludowig's subpoena is unduly burdensome, untimely, and attempts to circumvent the discovery deadline to which he previously agreed. More specifically, the subpoena seeks information from Plaintiff's employee for information in the possession, custody, and control of Plaintiff and not Respondent in Respondent's individual capacity. A party cannot obtain documents from an opposing party by serving a subpoena on an employee of the opposing party. Respondent objects that the subpoena gives Respondent less than 30 days to comply, and commands a response outside of the fact discovery period.

For these reasons, Respondent stands on the objections to this request as written.

## III.    RESERVING FURTHER OBJECTIONS AND CLAIMS OF PRIVILEGE

Respondent reserves the right to lodge further objections and assert applicable privileges if, or when, responsive documents are identified.

**JACKSON WALKER L.L.P.**

*/s/ Michael H. Bernick*
Michael H. Bernick
State Bar No. 24078227
S.D. Tex. ID 1439062
mbernick@jw.com
Harris J. Huguenard
State Bar No. 24099615
S.D. Tex. ID 3007223
hhuguenard@jw.com
Michael A. Drab
State Bar No. 34115826
S.D. Tex ID 3665349
mdrab@jw.com
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200 – phone
(713) 752-4221 – fax

Benjamin A. Herbert
California State Bar No. 277356
Miller Barondess, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, CA 90067
(310) 552-4400
***Admitted Pro Hac Vice***

**ATTORNEYS FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was served by email in accordance with the Federal Rules of Civil Procedure on April 27, 2025, on:

Anthony L. LaPorte                    Aaron A. Wagner
Alexandra E. Pierce                    **Kabat Chapman & Ozmer LLP**
**Hanszen Laporte**                   171 17th Street NW, Suite 1550
14201 Memorial Drive                   Atlanta, Georgia 30363
Houston, Texas 77079

*/s/ Michael H. Bernick*
Michael H. Bernick

Page **9** of **9**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| Empower Clinic Services, L.L.C., <br> Plaintiff, | |
| v. | Case No. 4:23-cv-4123 |
| Bio Filling Solutions Inc. f/k/a/ Bio42 <br> Clinical Filling Solutions, Inc., *et al*. | **Jury Trial Demanded** |
| Defendants. | |

### NON-PARTY JONATHAN ABRARPOUR'S RESPONSES AND OBJECTIONS TO DEFENDANT LUDOWIG'S UNTIMELY SUBPOENA FOR DOCUMENTS

TO:    Aaron Wagner, Kabat Chapman & Ozmer LLP, 171 17th St., Ste 1550, Atlanta, GA 30363

Jonathan Abrarpour ("Respondent"), a non-party to this litigation, submits these responses and objections to the subpoena served upon Respondent pursuant to Rule 45(d) without waiver of any further objection or assertion of privilege related to specific documents when or if such documents are identified.

## I.    GENERAL OBJECTIONS

1.    Respondent objects to the Subpoena because it subjects a non-party to undue burden and expense, and it is not proportional to needs of the case considering the scope of the request and irrelevance of the information sought. The document requests are, in some cases, unreasonably overbroad such that compliance would impose an undue burden and expense on a non-party to this litigation.

2.    It is Respondent's intent to assert all applicable privileges and exemptions from discovery and to otherwise fully protect privileged or exempt information or documents. Any disclosure of privileged or exempt information is inadvertent, involuntary and unintentional, and is not intended to be a waiver of any privileges or exemptions.

3.      Each and every answer to the document requests is intended to include the general objections stated above. No response is intended to be a waiver of these objections. Additional specific objections made in response to a particular request are not intended to, and do not, vitiate these general objections.

4.      To the extent Respondent is required to further respond to the Subpoena, Respondent reserves the right to seek its costs and expenses associated with responding, including such costs for personnel to investigate responsive materials and preparing responsive materials for production and any additional legal and equitable relief to which it may be justly entitled.

## II.    SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

**REQUEST NO. 1:**    All COMMUNICATIONS between YOU and any media outlet, newspaper, online news source, public relations firm, or consultant, relating to Matthew Ludowig, this Litigation, or any other Defendant in this Litigation since EMPOWER filed its action on October 30, 2023.

**RESPONSE/OBJECTION(S):** Respondent objects to this request because it seeks information not relevant to the parties' claims or defenses, it is unduly burdensome because it seeks documents not in Respondent's possession, custody, or control, and seeks information from a non-party, who is an employee of a party, and is untimely.

Respondent objects to this request as seeking information not relevant to the parties' claims or defenses. Plaintiff Empower Clinic Services, LLC ("Plaintiff") brought claims against Matthew Ludowig ("Ludowig") for violations of the Defend Trade Secrets Act, the Texas Uniform Trade Secrets Act, breach of contract, unjust enrichment, and breach of fiduciary duty. Dkt No. 92 ("Amended Complaint"). Ludowig answered on January 8, 2025. Dkt. No. 99 ("Answer"). Neither the Complaint nor Answer make reference to any facts that implicate Respondent's individual communications with a public relations firm or media outlets. Dkt. Nos. 92 & 99. Regardless, Ludowig served discovery requests on Plaintiff seeking such information from Plaintiff. Plaintiff objected to the irrelevant nature of the request. Ludowig then served this untimely subpoena, and others like it, on Plaintiff's individual officers and employees, including Respondent, seeking the same or similar information. Ludowig has failed to establish that the information sought in this request is relevant to the current litigation or otherwise discoverable. Absent such a showing, federal courts prohibit such discovery.  *See Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 292 (N.D. Tex. 2017)("Under Rule 26(b)(1) and Fifth Circuit case law, discovery requests must seek information that is relevant to the parties' claims or defenses as pleaded and may not be used only to find new claims or defenses").

Respondent objects to this request as unduly burdensome. Ludowig must attempt to obtain all discovery from a party to the case before burdening a non-party. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts Distrib., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). Respondent is not a party to this litigation. Requiring Respondent to go through all correspondence and drafts, with a variety of third parties, including unspecified "contractors" for communications about Ludowig, Defendants, or the lawsuit is not going to produce information that is likely to lead to the discovery of admissible evidence in light of the pending claims. Nor did Ludowig make any meaningful effort to obtain such information from the Plaintiff beyond simply issuing a request at the end of the discovery period.

Ludowig also requests documents that are not in Respondent's possession, custody, or control, including documents that appear to be exchanged in a representative capacity on behalf of Plaintiff. Respondent objects to the production of any documents not currently in Respondent's possession, custody, or control as federal law is clear that parties "need only produce documents in their possession, custody, or control." *Clark v. Unum Group*, No. 4:20-CV-04013-KES, 2021 WL 4134520, at *11 (D.S.D. Sept. 10, 2021).

Finally, Respondent objects that Ludowig's subpoena is unduly burdensome, untimely, and attempts to circumvent the discovery deadline to which he previously agreed. More specifically, the subpoena seeks information from Plaintiff's employee for information in the possession, custody, and control of Plaintiff and not Respondent in Respondent's individual capacity. A party cannot obtain documents from an opposing party by serving a subpoena on an employee of the opposing party. Respondent objects that the subpoena gives Respondent less than 30 days to comply, and commands a response outside of the fact discovery period.

For these reasons, Respondent stands on the objections to this request.

**REQUEST NO. 2:**    All drafts of agreements YOU have entered into with any public relations firm, on behalf of EMPOWER since this case was filed on October 30, 2023, including any edits, notes, or negotiations related thereto:

**RESPONSE/OBJECTION(S):**  Respondent objects to this request because it seeks information not relevant to the parties' claims or defenses, it is unduly burdensome because it explicitly seeks documents not in Respondent's possession, custody, or control, and seeks information from a non-party, who is an employee of a party, and is untimely.

As described in response to Request No. 1, Respondent objects to this request as seeking information not relevant to the parties' claims or defenses because this case does not implicate any agreements Respondent may have entered into with a public relations firm on behalf of Plaintiff. Thus, the request is not likely to lead to the discovery of admissible evidence.

Respondent objects to this request as unduly burdensome. Ludowig must attempt to obtain all discovery from a party to the case before burdening a non-party. "When a nonparty is

subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts Distrib., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). Respondent is not a party to this litigation. Ludowig did not make any meaningful effort to obtain such information from the Plaintiff beyond simply issuing a request at the end of the discovery period. Ludowig has failed to establish that the information sought in this request is relevant to the current litigation or otherwise discoverable. Absent such a showing, federal courts prohibit such discovery. *See Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 292 (N.D. Tex. 2017)("Under Rule 26(b)(1) and Fifth Circuit case law, discovery requests must seek information that is relevant to the parties' claims or defenses as pleaded and may not be used only to find new claims or defenses").

In addition, Ludowig explicitly requests documents that are *not* in Respondent's possession, custody, or control, including documents that were created or exchanged in a representative capacity on behalf of Plaintiff ("on behalf of EMPOWER"). Respondent objects to the production of any documents not currently in Respondent's possession, custody, or control as federal law is clear that parties "need only produce documents in their possession, custody, or control." *Clark v. Unum Group*, No. 4:20-CV-04013-KES, 2021 WL 4134520, at *11 (D.S.D. Sept. 10, 2021).

Finally, Respondent objects that Ludowig's subpoena is unduly burdensome, untimely, and attempts to circumvent the discovery deadline to which he previously agreed. More specifically, the subpoena seeks information from Plaintiff's employee for information in the possession, custody, and control of Plaintiff and not Respondent in Respondent's individual capacity. A party cannot obtain documents from an opposing party by serving a subpoena on an employee of the opposing party. Respondent objects that the subpoena gives Respondent less than 30 days to comply, and commands a response outside of the fact discovery period.

For these reasons, Respondent stands on the objections to this request.

**REQUEST NO. 3:**    All COMMUNICATIONS between YOU and Shaun Noorian relating to Matthew Ludowig, this Litigation, or any other Defendant in this Litigation since EMPOWER filed its action on October 30, 2023.

**RESPONSE/OBJECTION(S):**    Respondent objects to this request because it seeks documents not in Respondent's possession, custody, or control, and seeks information from a non-party, who is an employee of a party, which has already responded to requests of this nature, and it is untimely.

Ludowig must attempt to obtain all discovery from a party to the case before burdening a non-party. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts Distrib., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). Respondent is not a party to this litigation. Respondent objects to the production of any documents not currently in Respondent's possession, custody, or control as federal law is clear that parties "need only produce documents in their possession, custody, or

control." *Clark v. Unum Group*, No. 4:20-CV-04013-KES, 2021 WL 4134520, at *11 (D.S.D. Sept. 10, 2021).

Finally, Respondent objects that Ludowig's subpoena is unduly burdensome, untimely, and attempts to circumvent the discovery deadline to which he previously agreed. More specifically, the subpoena seeks information from Plaintiff's employee for information in the possession, custody, and control of Plaintiff and not Respondent in Respondent's individual capacity. A party cannot obtain documents from an opposing party by serving a subpoena on an employee of the opposing party. Respondent objects that the subpoena gives Respondent less than 30 days to comply, and commands a response outside of the fact discovery period.

For these reasons, Respondent stands on the objections to this request.

**REQUEST NO. 4:**    All COMMUNICATIONS between YOU and Shaun Noorian regarding the decision to change Matthew Ludowig's title, position, or responsibilities during the time Mr. Ludowig was employed by EMPOWER through his last date of employment with EMPOWER on August 31, 2023.

**RESPONSE/OBJECTION(S):**    Respondent objects to this request because it seeks documents not in Respondent's possession, custody, or control, and seeks information from a non-party, who is an employee of a party, which has already responded to requests of this nature, and it is untimely.

Ludowig must attempt to obtain all discovery from a party to the case before burdening a non-party. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts Distrib., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). Respondent is not a party to this litigation. Respondent objects to the production of any documents not currently in Respondent's possession, custody, or control as federal law is clear that parties "need only produce documents in their possession, custody, or control." *Clark v. Unum Group*, No. 4:20-CV-04013-KES, 2021 WL 4134520, at *11 (D.S.D. Sept. 10, 2021).

Finally, Respondent objects that Ludowig's subpoena is unduly burdensome, untimely, and attempts to circumvent the discovery deadline to which he previously agreed. More specifically, the subpoena seeks information from Plaintiff's employee for information in the possession, custody, and control of Plaintiff and not Respondent in Respondent's individual capacity. A party cannot obtain documents from an opposing party by serving a subpoena on an employee of the opposing party. Respondent objects that the subpoena gives Respondent less than 30 days to comply, and commands a response outside of the fact discovery period.

For these reasons, Respondent stands on the objections to this request.

**REQUEST NO. 5:**    All COMMUNICATIONS between YOU and Mr. Ludowig in which he advised you or anyone else that EMPOWER's practices were not compliant with the law, regulations, FDA guidance or memorandums, or otherwise, were improper in any manner,

specifically including but not limited to the use of semaglutide salt versus base in the compounding of semaglutide.

**RESPONSE/OBJECTION(S):**  Respondent objects to this request because seeks information not relevant to the parties' claims or defenses, it is unduly burdensome because it seeks documents not in Respondent's possession, custody, or control, and seeks information from a non-party, who is an employee of a party, and it is untimely.

As described in response to Request No. 1, Respondent objects to this request as seeking information not relevant to the parties' claims or defenses because this case does not implicate any communications regarding alleged advice Ludowig may have given about Empower's compounding of semaglutide or compliance with the law. Thus, the request is not likely to lead to the discovery of admissible evidence.

Respondent objects to this request as unduly burdensome. Ludowig must attempt to obtain all discovery from a party to the case before burdening a non-party. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts Distrib., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). Respondent is not a party to this litigation. Ludowig did not make any meaningful effort to obtain such information from the Plaintiff. Ludowig has failed to establish that the information sought in this request is relevant to the current litigation or otherwise discoverable. Absent such a showing, federal courts prohibit such discovery. *See Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 292 (N.D. Tex. 2017)("Under Rule 26(b)(1) and Fifth Circuit case law, discovery requests must seek information that is relevant to the parties' claims or defenses as pleaded and may not be used only to find new claims or defenses").

Also, Respondent objects to this request as unduly burdensome because Ludowig requests documents that are not in Respondent's possession, custody, or control, including documents that appear to be exchanged in a representative capacity on behalf of Plaintiff, if at all. Respondent objects to the production of any documents not currently in Respondent's possession, custody, or control as federal law is clear that parties "need only produce documents in their possession, custody, or control." *Clark v. Unum Group*, No. 4:20-CV-04013-KES, 2021 WL 4134520, at *11 (D.S.D. Sept. 10, 2021). Relatedly, Ludowig explicitly seeks communications with a non-party that he either initiated or received. This information is in the superior possession of Ludowig himself and can be obtained without expense to him, unless he has destroyed it. Should Ludowig contend that he no longer has access to such communications because they were stored on Empower's server, then the point is made that Respondent does not have possession, custody, or control of these items.

Finally, Respondent objects that Ludowig's subpoena is unduly burdensome, untimely, and attempts to circumvent the discovery deadline to which he previously agreed. More specifically, the subpoena seeks information from Plaintiff's employee for information in the possession, custody, and control of Plaintiff and not Respondent in Respondent's individual capacity. A party cannot obtain documents from an opposing party by serving a subpoena on an employee of the

opposing party.  Respondent objects that the subpoena gives Respondent less than 30 days to comply, and commands a response outside of the fact discovery period.

For these reasons, Respondent stands on the objections to this request.

**REQUEST NO. 6:**    All COMMUNICATIONS between you and the FDA, FDA inspectors, investors, or anyone else, relating to the use of non-pharmaceutical grade API in the compounding of drugs at EMPOWER since January 1, 2022.

**RESPONSE/OBJECTION(S):** Respondent objects to this request because it seeks information not relevant to the parties' claims or defenses, it is not reasonably limited in time or scope, it is unduly burdensome because it seeks documents not in Respondent's possession, custody, or control, and seeks information from a non-party, who is an employee of a party, and it is untimely.

As described in response to Request No. 1, Respondent objects to this request as seeking information not relevant to the parties' claims or defenses because this case does not implicate any communications Respondent might have had with the entire world over the course of three years relating to Empower's alleged "use of non-pharmaceutical grade API in the compounding of drugs." Not only is the request is not likely to lead to the discovery of admissible evidence, it is not reasonably limited in time or scope.

Respondent objects to this request as unduly burdensome.  Ludowig must attempt to obtain all discovery from a party to the case before burdening a non-party. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts Distrib., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). Respondent is not a party to this litigation. Ludowig did not make any meaningful effort to obtain such information from the Plaintiff. Requiring Respondent to go through every single bit of correspondence he has with "anyone else" (i.e., everyone) for over three years is unduly burdensome, and is not going to produce information that is likely to lead to the discovery of admissible evidence in light of the pending claims. Ludowig has failed to establish that the information sought in this request is relevant to the current litigation or otherwise discoverable. Absent such a showing, federal courts prohibit such discovery. *See Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 292 (N.D. Tex. 2017)("Under Rule 26(b)(1) and Fifth Circuit case law, discovery requests must seek information that is relevant to the parties' claims or defenses as pleaded and may not be used only to find new claims or defenses").

Also, Respondent objects to this request as unduly burdensome because Ludowig requests documents that are not in Respondent's possession, custody, or control, including documents that appear to be exchanged in a representative capacity on behalf of Plaintiff, if at all. Respondent objects to the production of any documents not currently in Respondent's possession, custody, or control as federal law is clear that parties "need only produce documents in their possession, custody, or control." *Clark v. Unum Group*, No. 4:20-CV-04013-KES, 2021 WL 4134520, at *11 (D.S.D. Sept. 10, 2021).

Finally, Respondent objects that Ludowig's subpoena is unduly burdensome, untimely, and attempts to circumvent the discovery deadline to which he previously agreed. More specifically, the subpoena seeks information from Plaintiff's employee for information in the possession, custody, and control of Plaintiff and not Respondent in Respondent's individual capacity. A party cannot obtain documents from an opposing party by serving a subpoena on an employee of the opposing party.  Respondent objects that he subpoena gives Respondent less than 30 days to comply, and commands a response outside of the fact discovery period.

For these reasons, Respondent stands on the objections to this request.

## III.    RESERVING FURTHER OBJECTIONS AND CLAIMS OF PRIVILEGE

Respondent reserves the right to lodge further objections and assert applicable privileges if, or when, responsive documents are identified.

**JACKSON WALKER L.L.P.**

*/s/ Michael H. Bernick*
Michael H. Bernick
State Bar No. 24078227
S.D. Tex. ID 1439062
mbernick@jw.com
Harris J. Huguenard
State Bar No. 24099615
S.D. Tex. ID 3007223
hhuguenard@jw.com
Michael A. Drab
State Bar No. 34115826
S.D. Tex ID 3665349
mdrab@jw.com
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200 – phone
(713) 752-4221 – fax

Benjamin A. Herbert
California State Bar No. 277356
Miller Barondess, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, CA 90067
(310) 552-4400

***Admitted Pro Hac Vice***

**ATTORNEYS FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was served by email in accordance with the Federal Rules of Civil Procedure on April 27, 2025, on:

Anthony L. LaPorte                          Aaron A. Wagner
Alexandra E. Pierce                         **Kabat Chapman & Ozmer LLP**
**Hanszen Laporte**                         171 17th Street NW, Suite 1550
14201 Memorial Drive                        Atlanta, Georgia 30363
Houston, Texas 77079

*/s/ Michael H. Bernick*
Michael H. Bernick

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Empower Clinic Services, L.L.C., Plaintiff, | |
| v. | Case No. 4:23-cv-4123 |
| Bio Filling Solutions Inc. f/k/a/ Bio42 Clinical Filling Solutions, Inc., *et al*. | **Jury Trial Demanded** |
| Defendants. | |

**NON-PARTY RENEE WALSH'S RESPONSES AND OBJECTIONS TO DEFENDANT LUDOWIG'S UNTIMELY SUBPOENA FOR DOCUMENTS**

TO:    Aaron Wagner, Kabat Chapman & Ozmer LLP, 171 17th St., Ste 1550, Atlanta, GA 30363

Renee Walsh ("Respondent"), a non-party to this litigation, submits these responses and objections to the subpoena served upon Respondent pursuant to Rule 45(d) without waiver of any further objection or assertion of privilege related to specific documents when or if such documents are identified.

**I.    GENERAL OBJECTIONS**

1.    Respondent objects to the Subpoena because it subjects a non-party to undue burden and expense, and it is not proportional to needs of the case considering the scope of the request and irrelevance of the information sought. The document requests are, in some cases, unreasonably overbroad such that compliance would impose an undue burden and expense on a non-party to this litigation.

2.    It is Respondent's intent to assert all applicable privileges and exemptions from discovery and to otherwise fully protect privileged or exempt information or documents. Any disclosure of privileged or exempt information is inadvertent, involuntary and unintentional, and is not intended to be a waiver of any privileges or exemptions.

=

3.      Each and every answer to the document requests is intended to include the general objections stated above. No response is intended to be a waiver of these objections. Additional specific objections made in response to a particular request are not intended to, and do not, vitiate these general objections.

4.      To the extent Respondent is required to further respond to the Subpoena, Respondent reserves the right to seek its costs and expenses associated with responding, including such costs for personnel to investigate responsive materials and preparing responsive materials for production and any additional legal and equitable relief to which it may be justly entitled.

## II.     SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

**REQUEST NO. 1:**    All COMMUNICATIONS between YOU, including any communications between any agent or attorney acting on your behalf, and EMPOWER referring to Matthew Ludowig, this Lawsuit, or any other Defendant in this Lawsuit, since Empower filed its action on October 30, 2023.

**RESPONSE/OBJECTION(S):** Respondent objects to this request as unduly burdensome because it seeks documents not in Respondent's possession, custody, or control, and seeks information from a non-party, who is an employee of a party from whom the information may be obtained, and it is untimely.

Ludowig must attempt to obtain all discovery from a party to the case before burdening a non-party. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts Distrib., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). Respondent is not a party to this litigation, and Respondent objects to the production of any documents not currently in Respondent's possession, custody, or control as federal law is clear that parties "need only produce documents in their possession, custody, or control." *Clark v. Unum Group*, No. 4:20-CV-04013-KES, 2021 WL 4134520, at *11 (D.S.D. Sept. 10, 2021). Communications between employees of the Plaintiff are within the Plaintiff's possession, custody, and control. Ludowig makes no showing that he requested such information from Plaintiff during the discovery period.

Respondent also objects and asserts the request seeks information protected by the attorney-client privilege.

Finally, Respondent further objects because Ludowig's subpoena is unduly burdensome, untimely and attempts to circumvent the discovery deadline to which he previously agreed. The subpoena

seeks information from Plaintiff's employee for information in the possession, custody, and control of Plaintiff and not Respondent in Respondent's individual capacity. A party cannot obtain documents from an opposing party by serving a subpoena on an employee of the opposing party. The subpoena then gives Respondent less than 30 days to comply, and commands a response outside of the fact discovery period.

For these reasons, Respondent objects to this request.

**REQUEST NO. 2:**   All COMMUNICATIONS between YOU, including any communications between any agent or attorney acting on your behalf, and SITRICK referring to Matthew Ludowig, this Lawsuit, or any other Defendant in this Lawsuit since EMPOWER filed its action on October 30, 2023.

**RESPONSE/OBJECTION(S):**   Respondent objects to this request because it seeks information not relevant to the parties' claims or defenses, it is unduly burdensome because it seeks documents not in Respondent's possession, custody, or control, and seeks information from a non-party, who is an employee of a party that has already responded to a request of this nature, and is untimely.

Respondent objects to this request as seeking information not relevant to the parties' claims or defenses. Plaintiff Empower Clinic Services, LLC ("Plaintiff") brought claims against Matthew Ludowig ("Ludowig") for violations of the Defend Trade Secrets Act, the Texas Uniform Trade Secrets Act, breach of contract, unjust enrichment, and breach of fiduciary duty. Dkt. No. 92 ("Amended Complaint"). Ludowig answered on January 8, 2025. Dkt. No. 99 ("Answer"). Neither the Complaint nor Answer make reference to any facts that implicate Respondent's communications with a public relations firm. Dkt. Nos. 92 & 99. Regardless Ludowig served discovery requests on Plaintiff seeking such information. Plaintiff objected to the irrelevant nature of the request. Ludowig then served this untimely subpoena, and others like it, on Plaintiff's individual officers and employees, including Respondent, seeking the same or similar information. Ludowig has failed to establish that the information sought in this request is relevant to the current litigation or otherwise discoverable. Absent such a showing, federal courts prohibit such discovery. *See Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 292 (N.D. Tex. 2017) ("Under Rule 26(b)(1) and Fifth Circuit case law, discovery requests must seek information that is relevant to the parties' claims or defenses as pleaded and may not be used only to find new claims or defenses").

Respondent objects to this request as unduly burdensome. Ludowig must attempt to obtain all discovery from a party to the case before burdening a non-party. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]."  *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts Distrib., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). Respondent is not a party to this litigation and Ludowig has not shown any effort to obtain this information from Plaintiff beyond serving a discovery request at the end of the discovery period. Ludowig now attempts to seek the same documents and information from Respondent, a non-party, in her individual capacity. But this information, if it exists, lies in the possession, custody, or control of

the Plaintiff, not Respondent. Thus, Respondent objects to the production of any documents not currently in Respondent's possession, custody, or control as federal law is clear that parties "need only produce documents in their possession, custody, or control." *Clark v. Unum Group*, No. 4:20-CV-04013-KES, 2021 WL 4134520, at \*11 (D.S.D. Sept. 10, 2021).Finally, Respondent further objects because Ludowig's subpoena is unduly burdensome, untimely, and attempts to circumvent the discovery deadline to which he previously agreed. The subpoena seeks information from Plaintiff's employee for information in the possession, custody, and control of Plaintiff and not Respondent in Respondent's individual capacity. A party cannot obtain documents from an opposing party by serving a subpoena on an employee of the opposing party. The subpoena then gives Respondent less than 30 days to comply, and commands a response outside of the fact discovery period.

For these reasons, Respondent stands on the objections to this request.

**REQUEST NO. 3:**    All COMMUNICATIONS between YOU, including any communications between any agent or attorney acting on your behalf, and any public relations or communications referring to Matthew Ludowig, this Lawsuit, or any other Defendant in this Lawsuit firm since EMPOWER filed its action on October 30, 2023.

**RESPONSE/OBJECTION(S):**    Respondent objects to this request because it seeks information not relevant to the parties' claims or defenses, it is unduly burdensome because it, seeks documents not in Respondent's possession, custody, or control, and seeks information from a non-party, who is an employee of a party that has already responded to a request of this nature, and is untimely.

As described in response to Request No. 2, Respondent objects to this request as seeking information not relevant to the parties' claims or defenses because the Complaint and Answer do not state facts that implicate Respondent's communications with a public relations firm. Dkt. Nos. 92 & 99. Regardless, Ludowig served discovery requests on Plaintiff seeking such information. Plaintiff objected to the irrelevant nature of the request. Ludowig then served this untimely subpoena, and others like it, on Plaintiff's individual officers and employees, including Respondent, seeking the same or similar information. Ludowig has failed to establish that the information sought in this request is relevant to the current litigation or otherwise discoverable. Absent such a showing, federal courts prohibit such discovery.  *See Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 292 (N.D. Tex. 2017) ("Under Rule 26(b)(1) and Fifth Circuit case law, discovery requests must seek information that is relevant to the parties' claims or defenses as pleaded and may not be used only to find new claims or defenses").

Respondent objects to this request as unduly burdensome. Ludowig must attempt to obtain all discovery from a party to the case before burdening a non-party. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]."  *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts Distrib., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at \*4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). Respondent is not a party to this litigation and Ludowig has not shown any effort to obtain this information from Plaintiff beyond serving a discovery request at the end of the discovery period. Ludowig now attempts to seek the same documents and information from Respondent, a non-party, in her

indiviudal capacity. But this information, if it exists, lies in the possession, custody, or control of the Plaintiff, not Respondent. Thus, Respondent objects to the production of any documents not currently in Respondent's possession, custody, or control as federal law is clear that parties "need only produce documents in their possession, custody, or control." *Clark v. Unum Group*, No. 4:20-CV-04013-KES, 2021 WL 4134520, at *11 (D.S.D. Sept. 10, 2021).

Finally, Respondent further objects because Ludowig's subpoena is untimely and attempts to circumvent the discovery deadline to which he previously agreed. More specifically, the subpoena seeks information from Plaintiff's employee for information in the possession, custody, and control of Plaintiff and not Respondent in Respondent's individual capacity. A party cannot obtain documents from an opposing party by serving a subpoena on an employee of the opposing party. The subpoena then gives Respondent less than 30 days to comply, and commands a response outside of the fact discovery period.

For these reasons, Respondent stands on the objections to this request as written.

**REQUEST NO. 4:**    All COMMUNICATIONS between YOU, including any communications between any agent or attorney acting on your behalf, and any journalist referring to Matthew Ludowig, this Lawsuit, or any other Defendant in this Lawsuit since EMPOWER filed its action on October 30, 2023.

**RESPONSE/OBJECTION(S):**  Respondent objects to this request because it seeks information not relevant to the parties' claims or defenses, it is unduly burdensome because seeks documents not in Respondent's possession, custody, or control, and seeks information from a non-party, who is an employee of a party that has already responded to a request of this nature, and is untimely.

As described in response to Request No. 2, Respondent objects to this request as seeking information not relevant to the parties' claims or defenses because the Complaint and Answer do not state facts that implicate Respondent's communications with a journalist. Dkt. Nos. 92 & 99. Regardless, Ludowig served discovery requests on Plaintiff seeking such information. Plaintiff objected to the irrelevant nature of the request. Ludowig then served this untimely subpoena, and others like it, on Plaintiff's individual officers and employees, including Respondent, seeking the same or similar information. Ludowig has failed to establish that the information sought in this request is relevant to the current litigation or otherwise discoverable. Absent such a showing, federal courts prohibit such discovery. *See Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 292 (N.D. Tex. 2017) ("Under Rule 26(b)(1) and Fifth Circuit case law, discovery requests must seek information that is relevant to the parties' claims or defenses as pleaded and may not be used only to find new claims or defenses").

Respondent objects to this request as unduly burdensome. Ludowig must attempt to obtain all discovery from a party to the case before burdening a non-party. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts Distrib., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). Respondent is not a party to this litigation and Ludowig has not shown any effort to obtain this information from Plaintiff beyond serving a discovery request at the end of the discovery period. Ludowig now

attempts to seek the same documents and information from Respondent, a non-party, in her individual capacity. But this information, if it exists, lies in the possession, custody, or control of the Plaintiff, not Respondent. Thus, Respondent objects to the production of any documents not currently in Respondent's possession, custody, or control as federal law is clear that parties "need only produce documents in their possession, custody, or control." *Clark v. Unum Group*, No. 4:20-CV-04013-KES, 2021 WL 4134520, at *11 (D.S.D. Sept. 10, 2021).

Finally, Respondent further objects because Ludowig's subpoena is untimely and attempts to circumvent the discovery deadline to which he previously agreed. More specifically, the subpoena seeks information from Plaintiff's employee for information in the possession, custody, and control of Plaintiff and not Respondent in Respondent's individual capacity. A party cannot obtain documents from an opposing party by serving a subpoena on an employee of the opposing party. The subpoena then gives Respondent less than 30 days to comply, and commands a response outside of the fact discovery period.

For these reasons, Respondent stands on the objections to this request.

**REQUEST NO. 5:**    All drafts of agreements YOU have entered into with any public relations agency, including but not limited to Sitrick, on behalf of EMPOWER since this case was filed on October 30, 2023, including any edits, notes, or negotiations related thereto.

**RESPONSE/OBJECTION(S):**  Respondent objects to this request because it seeks information not relevant to the parties' claims or defenses, it is unduly burdensome because seeks documents not in Respondent's possession, custody, or control, and seeks information from a non-party, who is an employee of a party, and is untimely.

As described in response to Request No. 2, Respondent objects to this request as seeking information not relevant to the parties' claims or defenses because this case does not implicate any agreements Respondent may have entered into with a public relations firm on behalf of Plaintiff. Thus, the request is not likely to lead to the discovery of admissible evidence.

Respondent objects to this request as unduly burdensome. Ludowig must attempt to obtain all discovery from a party to the case before burdening a non-party. "When a nonparty is subpoenaed, the court is particularly mindful of [issues of undue burden and expense to nonparty]." *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *see also Gen. Parts Distrib., LLC v. Perry*, No. 12-MC-93 SRN/SER, 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("[C]oncern about the burden on non-parties carries 'special weight.'"). Respondent is not a party to this litigation. Ludowig did not make any meaningful effort to obtain such information from the Plaintiff beyond simply issuing a request at the end of the discovery period. Ludowig has failed to establish that the information sought in this request is relevant to the current litigation or otherwise discoverable. Absent such a showing, federal courts prohibit such discovery. *See Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 292 (N.D. Tex. 2017) ("Under Rule 26(b)(1) and Fifth Circuit case law, discovery requests must seek information that is relevant to the parties' claims or defenses as pleaded and may not be used only to find new claims or defenses").

In addition, Ludowig explicitly requests documents that are not in Respondent's possession, custody, or control, including documents that were created or exchanged in a representative capacity on behalf of Plaintiff ("on behalf of EMPOWER"). Respondent objects to the production of any documents not currently in Respondent's possession, custody, or control as federal law is clear that parties "need only produce documents in their possession, custody, or control." *Clark v. Unum Group*, No. 4:20-CV-04013-KES, 2021 WL 4134520, at *11 (D.S.D. Sept. 10, 2021).

Finally, Respondent further objects because Ludowig's subpoena is untimely and attempts to circumvent the discovery deadline to which he previously agreed. More specifically, the subpoena seeks information from Plaintiff's employee for information in the possession, custody, and control of Plaintiff and not Respondent in Respondent's individual capacity. A party cannot obtain documents from an opposing party by serving a subpoena on an employee of the opposing party. The subpoena then gives Respondent less than 30 days to comply, and commands a response outside of the fact discovery period.

For these reasons, Respondent stands on the objections to this request.

## III.    RESERVING FURTHER OBJECTIONS AND CLAIMS OF PRIVILEGE

Respondent reserves the right to lodge further objections and assert applicable privileges if, or when, responsive documents are identified.

**JACKSON WALKER L.L.P.**

*/s/ Michael H. Bernick*
Michael H. Bernick
State Bar No. 24078227
S.D. Tex. ID 1439062
mbernick@jw.com
Harris J. Huguenard
State Bar No. 24099615
S.D. Tex. ID 3007223
hhuguenard@jw.com
Michael A. Drab
State Bar No. 34115826
S.D. Tex ID 3665349
mdrab@jw.com
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200 – phone
(713) 752-4221 – fax

Benjamin A. Herbert
California State Bar No. 277356
Miller Barondess, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, CA 90067
(310) 552-4400

*Admitted Pro Hac Vice*

**ATTORNEYS FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was served by email in accordance with the Federal Rules of Civil Procedure on April 27, 2025, on:

Anthony L. LaPorte                   Aaron A. Wagner
Alexandra E. Pierce                  **Kabat Chapman & Ozmer LLP**
**Hanszen Laporte**                  171 17th Street NW, Suite 1550
14201 Memorial Drive                 Atlanta, Georgia 30363
Houston, Texas 77079

*/s/ Michael H. Bernick*
Michael H. Bernick