# EXHIBIT 15



KABAT CHAPMAN & OZMER LLP

Atlanta  Chicago  Los Angeles  Portland

AARON A. WAGNER  
E-MAIL: awagner@*kcozlaw.com*

DIRECT DIAL: (360) 481-5107

April 25, 2025

<u>VIA EMAIL</u>  
Lisa Edwards  
Case Manager – Honorable Alfred H. Bennett  
Lisa_Edwards@txs.uscourts.gov

      Re:   *Empower Clinic Services, L.L.C. v. Ludowig, et al.*  
            Case No. 4:23-cv-4123 (S.D. TX)

Dear Ms. Edwards:

Pursuant to Judge Bennett's *Court Procedures and Practices*, Defendant Matthew Ludowig submits this correspondence to seek a conference with the Court and seek the Court's approval to file a motion to compel Plaintiff Empower to provide complete responses to discovery requests, supplement its document production, and address deposition objections by Empower. Ludowig's undersigned counsel and Empower's counsel (Mike Bernick, Ben Herbert, and Harris Huegenard) have exchanged numerous correspondences and participated in several videoconferences discussing the numerous discovery issues in this matter (including on April 4 and 21). The discussed issues include (1) Empower's deficient written discovery responses, deficient document production, and Empower's unidentified ESI search protocol, as well as (2) deposition scheduling. Empower is taking the broad position that a number of witness depositions are irrelevant, and it refuses to make any accommodations for Ludowig's new counsel which appeared in this matter only 3 weeks ago. Empower also stated that it will not be producing any documents or substantive responses to discovery served by Ludowig's new counsel on April 4, 2025, claiming discovery has closed. This, even though Empower inexplicably dumped over 7,500 pages of documents (almost doubling its production) on Ludowig's counsel on April 18. Meanwhile, in contradiction to its objections that discovery is closed for Ludowig, Empower is seeking to take three additional depositions and extract messages from defendants' cell phones. Ludowig submits this letter to seek a conference addressing these discovery issues and to seek to file a motion to compel a remedy to the *severely* lopsided discovery that has taken place to date.[1]

Empower's operative Complaint is 34 pages and asserts 11 causes of action, including claims against Ludowig for alleged breach of noncompetition covenants, trade secret violations, and conspiracy allegations. Empower has subpoenaed Ludowig's phone records, hired three separate

---

[1] Ludowig filed a motion to extend the scheduling order and trial based on the discovery of critical issues that necessitated the withdrawal of his prior attorney, Anthony Laporte, and required Mr. Ludowig to retain new counsel to address landscape-shifting issues that impact his right to a fair trial. Those issues are detailed in Ludowig's Motion for Extension (ECF 133) and his Motion for Leave to Amend his Pleadings (ECF 138). Empower's responses to those motions are not due until May 2 and 9, but Empower's current position is that no further discovery by Ludowig is permitted, notwithstanding the serious issues presented in Ludowig's motions.

171 17th Street, Suite 1550, Atlanta, Georgia, 30363  |  404.400.7300  |  www.kcozlaw.com

April 25, 2025
Page 2

damages experts, and identified well over 20 witnesses. Ludowig's defenses, particularly to the noncompetition covenants, include that Empower does not have legitimate business interests, enforcement of the covenants would be against public policy given that Empower is producing adulterated and contaminated medications, and Empower is acting with unclean hands. Ludowig will show that he sent a memorandum to Empower executives in 2023 identifying Empower's illegalities, and Empower subsequently retaliated against him, leading to a severance agreement where Empower purported to release all claims against Ludowig. This memorandum is among the documents Empower is refusing to produce. Ludowig has strong defenses, including that Empower knowingly violates a multitude of state and federal regulations to protect its profit margin—in direct contravention to the purpose of noncompetition covenants in Texas. Despite these defenses and Empower's wide-ranging complaint, Empower is objecting or refusing to allow discovery of:

- Empower former and current employee witness depositions, such as Sanjay Samudre who is listed in the complaint, that had access to alleged confidential and trade secret information and Empower's illegal activities;
- Ludowig's memorandum and communications identifying Empower's illegal activities, Empower communications with state and federal agencies about illegal operations, and Empower's internal and external communications about its illegal operations (encompassed in numerous requests for production);
- Complete information relating to Empower's other trade secret, confidentiality, and noncompetition litigation, which relates to steps Empower listed in its Complaint that it takes to protect alleged confidential information (*e.g.*, Ludowig Interrogatory Nos. 5–9 to Empower and encompassed within numerous requests for production to Empower);
- Empower's media campaign to disparage Ludowig, which relates to Empower's motive, credibility, and bias in pursuing this lawsuit (Ludowig Interrogatory Nos. 10–15 to Empower and encompassed within numerous requests for production to Empower); and
- Empower's financial statements, which go directly to the issue of damages (encompassed within numerous requests for production to Empower).

Further, as to the ESI search protocol, Empower has to date refused to identify which custodians it pulled documents from, stated in a conference it limited its ESI search to "CDMO," "CRB," "iBio," "College Station," and "New Jersey," has not identified the number of "hits" it had on these terms, and did not identify the richness rate to show the number of responsive documents pulled from this search. Put another way, Empower has not conducted a reasonably diligent search.

Accordingly, Ludowig requests that the Court allow him to file a motion to compel complete discovery responses, as well as allow Ludowig to depose the pertinent witnesses. Ludowig also seeks a conference with the Court to discuss the multitude of discovery issues and the pending Motions for Leave and Motion to Extend the trial date—both of which may moot a number of the current discovery disputes and issues related to Ludowig's Counterclaims, including subpoenas issued to third-parties and third-party discovery.

Sincerely,

Aaron A. Wagner