UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Empower Clinic Services, L.L.C.,<br>    Plaintiff,<br><br>v.<br><br>Bio Filling Solutions Inc. f/k/a/ Bio42<br>Clinical Filling Solutions, Inc., *et al.*,<br>    Defendants. | Case No. 4:23-cv-4123<br><br>**Jury Trial Demanded** |

**Plaintiff's Motion to File Under Seal Its Response to
Defendant Matthew Ludowig's Motion for Summary Judgment**

Plaintiff Empower Clinic Services, L.L.C., doing business as Empower Pharmacy ("Empower") files this Motion to File Under Seal its Response to Defendant Matthew Ludowig's Motion for Summary Judgment, and it respectfully shows as follow:

**I.   BACKGROUND**

On November 29, 2023, entered an *Agreed Stipulated Confidentiality Order* (the "Protective Order") to govern the exchange of discovery in this case. *See* Dkt. 19. The Protective Order permits the designation of materials containing sensitive information as either "Confidential" or "Confidential—Attorneys' Eyes Only." *See id.* at 2. Under paragraph seven, parties are permitted to reference designated material "so long as the hearing or filed document is appropriately sealed." *Id.* at 6.

Plaintiff's Response to Defendant Matthew Ludowig's Motion for Summary Judgment ("Response") relies on and references material designated confidential or attorneys' eyes only under the Court's protective order or material Empower believes should be so designated:

| Ex. 2 at pp. 101–102 | Attorneys' Eyes Only |
|---|---|
| Ex. 7-1 | LaMotta Report |
| Exhibit 8 | Dkt. 105-42 |
| Exhibit 10 | Dkt. 105-41 |
| Exhibit 12 | Dkt. 105-46 |
| Exhibit 14 | Dkt. 105-7 |
| Exhibit 15 | Dkt. 105-39 |
| Exhibit 16 | Dkt. 105-12 |
| Exhibit 17 | Dkt. 105-13 |

In addition, Empower's Response references exhibits attached to *Plaintiff's Motion to Remedy Spoliation of Evidence and for Discovery Sanctions* ("Spoliation Motion") filed with the Court on January 30, 2025. *See* Dkt. 105. Specifically,

| **Response Exhibit No.** | **Dkt. 105 Exhibit** | **Status** |
|---|---|---|
| 8 | 105-42 | Sealed |
| 10 | 105-41 | Sealed |
| 12 | 105-46 | Sealed |
| 14 | 105-7 | Portions Sealed |
| 15 | 105-39 | Sealed |
| 16 | 105-12 | Sealed |
| 17 | 105-13 | Sealed |

Prior to filing the Spoliation Motion, Empower filed its *Unopposed Motion to File Under Seal Plaintiff's Motion for Spoliation and Discovery Sanctions* ("First Motion to Seal"). *See* Dkt. 104. In its First Motion to Seal, Empower sought to seal portions of Exhibit 7, Exhibits 12–13, 39, 41, 42, and 46. *See id.* at 2. The First Motion to Seal was unopposed, and the Court granted it on February 7, 2025. *See* Dkt. 110. Although previously granted permission to seal these records, Empower moves again to file the same documents under seal out of an abundance of caution.

Plaintiff's Motion to File Under Seal Plaintiff's
Response to Defendant's Motion for Summary Judgment
Page 2 of 6

## II. ARGUMENT & AUTHORITIES

### A. Legal Standard

This is a theft of trade secrets case. Although there is a generalized public interest in public access to judicial records, courts maintain supervisory authority over their own records. As the Fifth Circuit has explained, "the public's common law right [to inspect and copy judicial records] is not absolute." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). To determine whether to grant a motion to seal, courts must consider and balance the competing interests favoring nondisclosure of sensitive documents, and courts may order sealing where court files might "become a vehicle for improper purposes." *Id.*

### B. Empower requests permission to file under seal documents it was already granted leave to seal.

Empower has already been granted permission to file exhibit numbers 8, 10, 12, and 14–17 to Empower's Response under seal as part of its Spoliation Motion. Empower requests permission to file these documents again with the Court under seal to maintain a consistent record in this case. As set forth in the First Motion to Seal, Exhibit numbers 8 (Dkt. 105-42) and 17 (Dkt. 105-13) contain information not generally available to the public and that could be used by Empower's competitors and potential competitors to try and lure Empower's management away and gain an unfair competitive edge on the market. *See* Ex. 1, Jan. 27, 2025 Declaration of Pejmon Jonathan Abrarpour (also on file at Dkt. 104-1).

### C. Empower requests permission to seal confidential and privileged information.

Pages 101 and 102 to exhibit 2 to Empower's Response contains information that belongs to Empower. Empower incurred significant cost to develop that information, and it was intended to be kept confidential. The information contained on pages 101 and 102 of exhibit 2 is not generally available to the public and could be used by Empower's competitors and potential

Plaintiff's Motion to File Under Seal Plaintiff's
Response to Defendant's Motion for Summary Judgment
Page 3 of 6

competitors to gain an unfair competitive advantage to Empower's detriment. *See* Ex. 2, May 9, 2025 Declaration of Pejmon Jonathan Abrarpour. The general public's interest in this material (outside of Empower's competitors and potential competitors) is likely negligible.

In addition to the two pages from exhibit 2, Empower also seeks permission to seal the damages report from Ryan LaMotta. Empower designated this document "Highly Confidential – Attorneys' Eyes Only" because it contains and refers to Empower's trade secrets and because it contains and refers to sensitive financial and commercial information belonging to Empower. For example, the report identifies each trade secret that forms the basis of Empower's claims and makes reference to them throughout the damages analysis. *See* Ex. 2, May 9, 2025 Declaration of Pejmon Jonathan Abrarpour. The report also references documents produced by Defendants and portions of Defendants' depositions that they have designated for "Confidential" or "Attorney's Eyes Only" protection under the protective order.

Granting this Motion to seal these records is appropriate. *See C.V. v. Casa Azul Spirits, LLC*, N. H-22-2972, 2023 WL 7284182, at *9 (S.D. Tex. Nov. 3, 2023); *Frank Surveying Co. v. Manhard Consulting, Ltd.*, No. 3:22-cv-2837-B, 2024 WL 3015535, at *5 (N.D. Tex. June 14, 2024).

### III. CONCLUSION

For the reasons provided above, Plaintiff Empower Clinic Services, L.L.C., respectfully requests an order granting this Motion to File Under Seal Plaintiff's Response to Defendant Matthew Ludowig's Motion for Summary Judgment and awarding it any such further relief to which it may show itself entitled.

Plaintiff's Motion to File Under Seal Plaintiff's
Response to Defendant's Motion for Summary Judgment
Page 4 of 6

Respectfully submitted,

**JACKSON WALKER L.L.P.**

*/s/ Michael H. Bernick*
Michael H. Bernick
State Bar No. 24078227
S.D. Tex. ID 1439062
mbernick@jw.com
Harris J. Huguenard
State Bar No. 24099615
S.D. Tex. ID 3007223
hhuguenard@jw.com
Michael A. Drab
State Bar No. 34115826
S.D. Tex ID 3665349
mdrab@jw.com
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200 – phone
(713) 752-4221 – fax

Benjamin A. Herbert
California State Bar No. 277356
Miller Barondess, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, CA 90067
(310) 552-4400

*Pro Hac Application Pending*

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

      I hereby certify that I conferred with opposing counsel regarding the relief requested in this motion. Counsel for Defendants Bio Filling Solutions Inc. f/k/a/ Bio42 Clinical Filling Solutions, Inc., Hanson Irwin Group LLC, David Teer, Lisa Hudanich, Marc Hanson, and Jerry Irwin indicated his clients were unopposed to the relief requested. Counsel for Defendant Matthew Ludowig indicated Mr. Ludowig was unopposed to Empower redacting portions of documents that Empower contends are its trade secrets in Exhibits 7-1, 8, 15, and 17.

                                                     /s/Michael H. Bernick
                                                         Michael H. Bernick

**CERTIFICATE OF SERVICE**

      I hereby certify that service of a true and correct copy of the above and foregoing document will be accomplished on all counsel of record through the notice of electronic filing in accordance with the Federal Rules of Civil Procedure on May 9, 2025.

                                                     /s/Michael H. Bernick
                                                       Michael H. Bernick