**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| Empower Clinic Services, L.L.C., | |
| Plaintiff, | |
| v. | Case No. 4:23-cv-4123 |
| | **Jury Trial Demanded** |
| Bio Filling Solutions Inc. f/k/a/ Bio42 Clinical Filling Solutions, Inc., Hanson Irwin Group LLC, David Teer, Lisa Hudanich, Matthew Ludowig, Marc Hanson, Jerry Irwin, and Michael Lambert, | |
| Defendants. | |

**Empower's Motion to Seal Ludowig's Motion for Continuance (Dkt. 133) and Joinder Motion (Dkt. 140) and to Seal Ludowig's Other Motions (Dkt. 138, 142, 143)**

Plaintiff Empower Clinic Services, L.L.C., doing business as Empower Pharmacy ("Empower") files this Motion to Seal Defendant Ludowig's Motion for Continuance (Dkt. 133); and Defendant Ludowig's Joinder to Co-Defendants' Motion to Strike Experts and Expert Reports (Dkt. 140); and to file under seal portions of Defendant Ludowig's Motion for Leave to File an Amended Answer and Affirmative Defenses to Second Amended Complaint and to Assert Counterclaims (Dkt. 138) and the proposed pleading attached to it (Dkt. 138-1); and portions of Defendant Ludowig's Motion for Summary Judgment (Dkt. 142 and 143). Empower attaches its proposed redacted versions of Dkt. 138 and Dkt. 138-1 as Exhibit 2 and its proposed redacted versions of Dkt. 142, 142-1, 143 and 143-1 as Exhibit 3.[1] Empower respectfully shows as follow:

---

[1] Mr. Ludowig's Summary Judgment Motion refers to both Dkts. 142 and 143. Nothing substantive differs between Dkt. 142 and Dkt. 143. Dkt. 142 has redacted copies of the exhibits, while Dkt. 143 has unredacted copies of the exhibits. Empower's proposed redactions apply to both versions of that motion.

## I.    BACKGROUND

Defendant Matthew Ludowig ("Mr. Ludowig") previously served as Empower's in-house counsel. Dkt. 142-1 at ¶ 2. During his tenure, Mr. Ludowig received both privileged and unprivileged client information from Empower and he prepared or had prepared various privileged memoranda for the purpose of providing and obtaining legal advice and guidance for Empower. *See* Ex. 1, Declaration of Pejmon Jonathan Abrarpour at ¶ 4. Mr. Ludowig's employment with Empower ended on September 1, 2023. *See* Dkt 142-1 at ¶ 3.

On November 29, 2023, the Court entered the *Agreed Stipulated Confidentiality Order* (the "Protective Order") to govern the exchange of discovery. Dkt. 19. The Protective Order permits the designation of materials containing sensitive information as either "Confidential" or "Confidential—Attorneys' Eyes Only." *Id.* at 2. Parties are permitted to reference designated material "so long as the hearing or filed document is appropriately sealed." *Id.* at 6. But "[n]o Confidential Information shall be filed with the Court or used in a hearing unless the party seeking to file or use the Confidential Information has provided, at least five (5) business days before the filing or hearing, written notice to all parties and any person designating the information as Confidential Information." *Id.*

On April 11, 2025, Mr. Ludowig filed his Motion for Continuance ("Motion for Continuance"). Dkt. 133. Mr. Ludowig did not redact or seal his Motion for Continuance despite it containing references to privileged and confidential information that should have been sealed. Empower seeks to seal the Motion for Continuance in its entirety because it can no longer be redacted.

On April 18, 2025, Mr. Ludowig filed three Unopposed Motions to Seal (Dkts. 137, 139, & 141) relating to:

1) Mr. Ludowig's Motion for Leave to File an Amended Answer and Affirmative Defenses to Second Amended Complaint and to Assert Counterclaims ("Motion for Leave") (Dkt. 138);

2) Mr. Ludowig's Joinder to Co-Defendants' Motion to Strike Experts and Expert Reports ("Joinder Motion") (Dkt. 140); and

3) Mr. Ludowig's Motion for Summary Judgment ("Summary Judgment Motion") (Dkts. 142 & 143).

In each Motion to Seal, Mr. Ludowig requested that the Court seal the related motions for a period of fourteen days from the date of the temporary sealing order to allow Empower to review the Motions and file its own Motions to Seal. Ludowig states that "he was unable to provide the required five (5) days-notice to Empower in advance of filing" the motions and "therefore [sought] to have the [Motions] sealed temporarily." Dkt. 137 at 1-2; Dkt. 139 at 1-2; Dkt. 141 at 1-2.

Empower moves to seal Ludowig's Joinder Motion (Dkt. 140) because it references and relies on documents and information that parties have already sought to seal. *See* Dkt. 134 and 136.

Empower also moves to seal certain portions of those motions (Dkt. 138 and 138-1, as well as, 142 and 143) to protect references to Empower's privileged information and communications and to protect confidential client information that Empower provided to Mr. Ludowig while he served as Empower's in-house counsel. Empower's request to seal should be granted because it is narrowly tailored to restrict access to sensitive, confidential, or proprietary information, leaving nearly all of Mr. Ludowig's motions publicly accessible, and also, doing so will be consistent with the Protective Order that governs this litigation.

## II.    ARGUMENT & AUTHORITIES

### A.    Legal Standard

Although there is a generalized public interest in public access to judicial records, courts maintain supervisory authority over their own records. As the Fifth Circuit has explained, "the

public's common law right [to inspect and copy judicial records] is not absolute." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). To determine whether to grant a motion to seal, courts must consider and balance the competing interests favoring nondisclosure of sensitive documents, and courts may order sealing where court files might "become a vehicle for improper purposes." *Id.*

**B.      Mr. Ludowig's Motion for Continuance [Dkt. 133] should be sealed because it contains allegations regarding documents that would be privileged and confidential.**

Mr. Ludowig's Motion for Continuance should be sealed because it relies on and references documents and information that constitute Empower's confidential information, and also, would constitute Empower's privileged information prepared by or for Empower's former General Counsel to provide legal advice.

Fifth Circuit courts recognize that clients, like Empower, have a right to protection from a former attorney disclosing the client's privileged communications and information, as well as, the client's unprivileged but confidential information. Under the rule of attorney-client privilege, "an attorney may not disclose his client's confidences." *In re E.E.O.C.*, 207 F. App'x 426, 431 (5th Cir. 2006). "A corporate client has a privilege to refuse to disclose, and prevent its attorneys from disclosing, confidential communications between its representatives and its attorneys when the communications were made to obtain legal services." *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999). "The privilege applies not only to communications with outside counsel but also to communications between a client corporation and its inside counsel." *See AHF Community Development, LLC v. City of Dallas*, 258 F.R.D. 143, 146 (N.D. Tex. 2009).

Also, under Rule 1.05 of the Texas Disciplinary Rules of Professional Conduct, an attorney is barred from disclosing a client's confidential information, which includes both privileged and unprivileged information. *Sealed Party v. Sealed Party*, No. H-04-2229, 2006 U.S. Dist. LEXIS

28392, at *33 (S.D. Tex. 2006). "'Unprivileged client information' means all information relating to a client or furnished by the client, other than privileged information, acquired by the lawyer during the course of or by reason of the representation of the client." *Id.* at *36 (quoting Rule 1.05). The boundaries of an attorney's confidentiality duties exceed the boundaries of the common law attorney-client privilege. *Nat'l Fed'n of Indep. Bus. v. Perez*, No. 5:16-cv-00066-C, 2016 U.S. Dist. LEXIS 89694, at *84 (N.D. Tex. 2016). An attorney's duty of confidentiality is broader than just client communications, and extends to all confidential information, "whether learned directly from the client or from another source." *Sealed Party*, 2006 U.S. Dist. LEXIS 28392, at *36-37 (citing *Perillo v. Johnson*, 205 F.3d 775, 799 (5th Cir. 2000)). An attorney has a continuing duty after representation of the client ends to not knowingly reveal confidential information relating to the client or obtained from the client or other sources without the client's permission. *Id.* at *45. This fiduciary duty survives the termination of the attorney-client relationship. *Id.* at *25.

While serving as Empower's in-house counsel, Mr. Ludowig received both privileged and unprivileged client information from Empower and he prepared or had prepared various memoranda for the purpose of Empower obtaining legal advice and guidance. *See* Ex. 1, Declaration of Pejmon Jonathan Abrarpour at ¶ 4. Mr. Ludowig's Motion for Continuance references and discusses at length an alleged memorandum and its contents that Mr. Ludowig prepared or had prepared for Empower while serving as its in-house counsel. Dkt. 133 at 7-8. Empower (not Ludowig) holds the privilege with respect to the memorandum. *See Nguyen*, 197 F.3d at 206. And Empower has not waived and is not waiving its attorney-client privilege over that memorandum, its contents, or the documents and information that Empower provided to Mr. Ludowig for purposes of obtaining or rendering legal advice. *See* Ex. 1, Declaration of Pejmon Jonathan Abrarpour at ¶ 5. While Empower disagrees with Mr. Ludowig's disparaging

characterization of the memorandum, Empower did not authorize Mr. Ludowig to reveal its privileged (or not privileged) confidential information and nothing required Mr. Ludowig to do so. *See id.* Empower requests that the Motion for Continuance be sealed to protect Empower's privileged communications and information.

Empower also requests that the motion be sealed because the discussion of the memorandum is confidential and sensitive. Any information provided or obtained by Mr. Ludowig to prepare the memorandum would be information relating to Empower or furnished by Empower that he acquired during the course of or by reason of the representation of Empower. *Sealed Party*, 2006 U.S. Dist. LEXIS 28392, at *33. Thus, the information is subject to Mr. Ludowig's confidentiality obligations under Rule 1.05. Empower has not authorized Mr. Ludowig to reveal or use that information and he has no basis for doing so. Should the information in the Motion for Continuance remain public, it could erode trust among customers and business partners, allowing Empower's competitors to exploit the information to their advantage. It could also improperly expose Empower to investigations by regulatory bodies and even civil or criminal litigation. *See* Ex. 1, Declaration of Pejmon Jonathan Abrarpour at ¶¶ 5, 7. The information that Empower seeks to protect cannot be redacted because the motion is already on file. As established above, the information is protected under Fifth Circuit precedent and the Texas Disciplinary Rules of Professional Conduct, and is subject to the Protective Order. Empower requests that the Motion for Continuance be sealed. *See* Dkt. 19.

**C.    Portions of Mr. Ludowig's Motion for Leave to Amend and the proposed amended answer and counterclaims attached to it should be sealed because they contain allegations regarding purported documents and information that would be privileged and confidential.**

Portions of Mr. Ludowig's Motion for Leave and the proposed pleading attached to it should be sealed because the sections rely on and reference the same privileged memorandum and

information related to the memorandum discussed above in the context of the Motion for Continuance. *See* Dkt. 138 at 8; Dkt. 138 at Ex. A ¶61. Empower's same arguments apply equally here.

And portions of the Motion for Leave and the proposed pleading should be sealed because they rely on and reference other privileged memoranda prepared by or for Empower's former General Counsel to provide or obtain legal advice. For example, the Motion for Leave references a memorandum prepared by Mr. Ludowig regarding certain legal requirements regarding fundraising and two memoranda that Mr. Ludowig directed his compliance officer Norita Persuad to draft. *Id.* at 7, 9; Dkt. 138 at Ex. A ¶72. These three additional memoranda are privileged because they were prepared by Mr. Ludowig himself or his compliance officer at his direction for purposes of providing legal advice to Empower. *See Nguyen*, 197 F.3d at 206; *see also United States v. White*, 617 F.2d 1131, 1135 (5th Cir. 1980) ("Communications between an attorney's agent and the attorney's client can be protected by the privilege when the communication is made in confidence for the purpose of facilitating the rendition of legal services."). Empower holds the power to waive the privilege, and it does not waive it. The memoranda also reveal confidential client information that an attorney is barred from revealing or using. *See Sealed Party*, 2006 U.S. Dist. LEXIS 28392, at *33. Empower has not authorized Mr. Ludowig to reveal or use that information and he has no basis for doing so.

Empower requests that certain portions of the Motion for Leave and the proposed pleading attached to it be sealed because the discussion of the memoranda is confidential and sensitive, and it reveals client confidential information. The information is currently not public and should remain that way. Competitors could use the information to gain an unfair edge in the marketplace. Regulators could also be misled by the information, prompting investigations or litigation. *See* Ex.

1, Declaration of Pejmon Jonathan Abrarpour at ¶¶ 6-7. The portions of the Motion for Leave and the proposed pleading should be sealed because they contain information warranting protection under Fifth Circuit precedent and information that falls within the protections of the Court's Protective Order. *See* Tex Disciplinary Rules Prof'l Conduct Rule 1.05 (concerning attorney's duty of confidentiality); *see also* Dkt. 19. Empower attaches the Motion for Leave and the proposed pleading with its proposed redactions applied to those portions for which permanent sealing is sought, and Empower respectfully requests that the redacted sections remain under seal with the Court. *See* Ex. 2, Empower's Proposed Redactions to Ludowig's Motion for Leave and Ludowig's Proposed Pleading.

**D.    Mr. Ludowig's Joinder Motion should be sealed because it relies on and references documents and information that parties have sought to seal.**

Mr. Ludowig's Joinder Motion relies on and references Defendants'[2] Sealed Motion to Strike Plaintiff's Experts and Expert Reports (Dkt. 136); *see also* Defendants' Unopposed Motion to Seal Motion to Strike Plaintiff's Experts and Expert Reports (Dkt. 134). The Joinder Motion states that the argument set forth in Defendants' Sealed Motion to Strike Plaintiff's Experts and Expert Reports "are hereby . . . incorporated herein." Dkt. 140 at 2. Because the Joinder Motion relies on a filing that the parties have already sought to seal without opposition, the information is subject to the Protective Order. *See* Dkt. 19. Empower requests that the Joinder Motion be sealed.

---

[2] Defendants are defined as Bio Filling Solutions Inc. ("BFS"), Bio42 Clinical Filling Solutions, Inc. ("Bio42"), David Teer ("Teer"), Lisa Hudanich ("Hudanich"), Hanson Irwin Group LLC ("HIG"), Marc Hanson ("Hanson"), and Jerry Irwin ("Irwin"), and Ludowig himself.

**E.      The confidential "General Waiver and Release" agreement should be sealed and references to it should be redacted because they disclose confidential information.**

1.      Portions of Defendant Ludowig's Summary Judgment Motion and his Motion to Amend rely on and reference a document titled "General Waiver and Release". This document contains a confidentiality provision to which Mr. Ludowig agreed. *See* Dkt. 138-1, 142, and 143 at Exhibit 1 at 2, ¶ 8. The General Waiver and Release contains sensitive and confidential information, including the amount Empower paid to Mr. Ludowig as part of the agreement. *See* Ex. 1, Declaration of Pejmon Jonathan Abrarpour at ¶ 8; *see also* Dkt. 138-1, 142, and 143 at Exhibit 1 at 1. Also, Mr. Ludowig's filings detail nearly the entirety of the agreement's confidential terms, which the parties bargained to keep confidential. *See, e.g.,* Dkt. 138 at 10; Dkt. 138-1 at 39, 40, 42-45; Dkt. 142 at 1-4. This information is not public and third parties could use this information to harm Empower and gain an unfair competitive advantage in the marketplace. *See* Ex. 1, Declaration of Pejmon Jonathan Abrarpour at ¶ 8.

The general public's interest (outside of Empower's competitors and potential competitors) in the confidential and sensitive information in the General Waiver and Release is negligible. Therefore, sealing these records and references to these records in the Ludowig's motions is appropriate. *See C.V. v. Casa Azul Spirits, LLC*, N. H-22-2972, 2023 WL 7284182, at *9 (S.D. Tex. Nov. 3, 2023); *Frank Surveying Co. v. Manhard Consulting, Ltd.*, No. 3:22-cv-2837-B, 2024 WL 3015535, at *5 (N.D. Tex. June 14, 2024).

Accordingly, and in addition to its proposed redactions to Ludowig's Motion to Amend and the exhibits thereto, Empower attaches the Motion for Summary Judgment with its proposed redactions applied to those portions for which continued sealing is sought, and Empower respectfully requests that the redacted sections remain under seal with the Court. *See* Ex. 3, Empower's Proposed Redactions to Mr. Ludowig's Motion for Summary Judgment.

### III.    CONCLUSION

For the reasons provided above, Plaintiff Empower Clinic Services, L.L.C., respectfully requests an order granting this Motion to Seal Ludowig's Motion for Continuance and Joinder Motion and to Seal Portions of Ludowig's Other Motions and awarding it any such further relief to which it may show itself entitled.

_____

EMPOWER'S MOTION TO SEAL LUDOWIG'S MOTION FOR CONTINUANCE AND
HIS JOINDER MOTION AND TO SEAL PORTIONS OF LUDOWIG'S OTHER MOTIONS
PAGE 10 OF 12

Respectfully submitted,

**JACKSON WALKER L.L.P.**

*/s/ Michael H. Bernick*

Michael H. Bernick
State Bar No. 24078227
S.D. Tex. ID 1439062
mbernick@jw.com
Harris J. Huguenard
State Bar No. 24099615
S.D. Tex. ID 3007223
hhuguenard@jw.com
Michael A. Drab
State Bar No. 34115826
S.D. Tex ID 3665349
mdrab@jw.com
Gabriela M. Barake
State Bar No. 24099794
S.D. Tex. ID 3006704
gbarake@jw.com
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200 – phone
(713) 752-4221 – fax

Benjamin A. Herbert
California State Bar No. 277356
Miller Barondess, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, CA 90067
(310) 552-4400

*Admitted Pro Hac Vice*
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with opposing counsel regarding the relief requested in this motion on May 1 and 12, 2025. Counsel for Defendants Bio Filling Solutions Inc. f/k/a/ Bio42 Clinical Filling Solutions, Inc., Hanson Irwin Group LLC, David Teer, Lisa Hudanich, Marc Hanson, and Jerry Irwin indicated his clients were unopposed to the relief requested. Counsel for Mr. Ludowig is opposed and counsel for Empower and counsel for Mr. Ludowig are meeting to confer on Thursday, May 15, 2025.

*/s/Michael H. Bernick*
Michael H. Bernick

## CERTIFICATE OF SERVICE

I hereby certify that service of a true and correct copy of the above and foregoing document will be accomplished on all counsel of record through the notice of electronic filing in accordance with the Federal Rules of Civil Procedure on May 12, 2025.

*/s/Michael H. Bernick*
Michael H. Bernick