**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| Empower Clinic Services, L.L.C., <br><br>     Plaintiff, <br><br> v. <br><br> Bio Filling Solutions Inc. f/k/a Bio42 Clinical Filling Solutions, Inc., Hanson Irwin Group LLC, David Teer, Lisa Hudanich, Matthew Ludowig, Marc Hanson, Jerry Irwin, <br><br>     Defendants. | Case No. 4:23-cv-4123 |

**DEFENDANT MATTHEW LUDOWIG'S MOTION FOR SUMMARY JUDGMENT**

## I.    INTRODUCTION[1]

Effective September 1, 2023, Plaintiff Empower Clinic Services, LLC ("Empower") entered into a General Waiver and Release ("Release") with Defendant Matthew Ludowig ("Ludowig") upon the end of his employment relationship. In the Release, ████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████

based on the following language:

---

[1] To the extent permissible, Mr. Ludowig reserves the right to supplement this Motion. Mr. Ludowig filed a Motion for Continuance of the Scheduling Order on April 11, 2025 (ECF 133) that has not been decided as of the date of this Motion. Mr. Ludowig required the continuance due to Mr. Ludowig's new counsel's recent appearance and review of the case in addition to the newly developed need for additional discovery. This is further supported by Empower having recently noticed its own new deposition and requested additional discovery beyond the close of discovery and past today's date. Because all Parties are still conducting discovery (awaiting responses, supplementing deficient discovery responses, and/or taking depositions) it is likely that this Motion will need to be supplemented in the future.



At the time of signing this Release, Empower had access to all of the alleged communications and documents that form the basis of this lawsuit against Mr. Ludowig, and still signed the Release. This is particularly concerning in light of Empower's allegations—that it must prove—that it took appropriate safeguards to protect their purported trade secret information from being emailed outside the organization. (*See* ECF 92 at p. 8 n.1 (identifying forensic analysis from between the months of July and September 2023)).

On October 16, 2023, Empower contacted Ludowig regarding matters "arising out of or related to [Ludowig's] service to Empower Pharmacy" ███████████████████. (Ex. 2, LUDOWIG_000101.) On December 22, 2023, ███████████████████, Empower filed the First Amended Complaint, naming Ludowig and adding claims arising from his employment. *E.g.*, ECF 92 at p. 5, ¶ 22, p. 14 ¶ 56, p. 20 ¶¶ 62–66,[3] p. 21 ¶ 70, p. 23 ¶¶ 78–83, p. 27 ¶¶ 99, p. 28 ¶ 102, p. 30 ¶ 110 (identifying that all claims in the operative complaint arise from or are by reason of Ludowig's employment relationship with Empower).

███████████████████████████████

████████ against Ludowig as a matter of law, therefore no genuine issue of material

---

[2] ███████████████████████████████
███████████████████████████████

[3] Because Empower misnumbered its paragraphs throughout the Complaint, Ludowig cites to the page number and paragraph number in this Motion.

fact exists to preclude summary judgment, and the Court should enter summary judgment in Ludowig's favor on all of Plaintiff's claims.

## II.    STATEMENT OF FACTS

**A.** ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████ ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████ █████████████████████

███████████████████████████████



████████████████████████████████████████████████

████████████████████████████████████████████████

---

[4] *See also* Empower Pharmacy, *Home Page*, https://www.empowerpharmacy.com/ (last visited April 18, 202) ("Empower Pharmacy is the nation's largest, most advanced 503A compounding pharmacy and 503B outsourcing facility.").

[5] ████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████████████████████▌ ████████
████████████████████████████████████████████████████
█

**B.     Empower Files this Complaint Against Ludowig Based on** ████████████
███████████████
████████████████████████████████████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████

On December 22, 2023, Empower filed its First Amended Complaint that added Ludowig

as a defendant—████████████████████████. *See generally*, (ECF 24; ECF 92 (December

16, 2024 Second Amended Complaint, the operative complaint).[7]  Specifically, Empower brings

---

6 █████████████████████████████████████████████████████
████████████████████████████

[7] Notably, Empower's now operative complaint (ECF 92) quotes the Phantom Plan as the basis
for the confidentiality and noncompetition covenants. (*Compare* ECF 92 at ¶¶ 65, 89–81 *with*
Ex. 3, Phantom Plan at Exhibit III §§ 1, 4.) ████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████ These two are the only
agreements that contained confidentiality obligations. Ludowig has filed these under seal
because Empower labeled them as "attorneys' eyes only," despite Empower having filed the
Phantom Plan publicly in another lawsuit. *See* Plaintiff Empower's Complaint at Ex. 1-B (Dec.

the following claims against Ludowig: (1) violation of the Defend Trade Secrets Act and Texas Uniform Trade Secrets Act [ECF 92 at pp. 15–19], (2) three separate counts for Breach of Contract based on confidentiality and noncompetition covenants [ECF 92 at pp. 20–24]; (3) Unjust Enrichment [ECF 92 at pp. 24–25]; (4) Breach of Fiduciary Duty [ECF 92 at pp. 27–28]; (4) Aiding and Abetting Breach of Fiduciary Duty [ECF 92 at pp. 29–30]; and (5) Civil Conspiracy [ECF 92 at p. 31].

Nonetheless, the now operative Complaint makes clear that the facts underlying all of the causes of action against Ludowig is by reason of Ludowig's employment. For example, all covenants in the complaint arise out of employment agreements that pre-date the Release:

- "Defendant Matthew Ludowig began his employment with Empower Pharmacy on August 31, 2020 . . . As a condition of Defendant Ludowig's employment, he executed an [unidentified] Employee Confidentiality, Nondisclosure, and Non-Recruiting Agreement on or about July 31, 2020 . . . [H]e remained at all times bound by the terms of these confidentiality and non-compete agreements." (ECF 92 at p. 5 ¶ 22.)

- "Defendant[] . . . Ludowig entered into confidentiality and non-compete agreements as a condition of [his] employment by Empower Pharmacy." (ECF 92 at pp. 20–21 ¶¶ 62–66 (citing to Phantom Plan that Empower drafted in the Release as being reconsidered, and thus superseded).)

5

- "The confidentiality and non-compete agreement entered into by Defendant[] . . . Ludowig contained a non-compete clause." (ECF 92 at p. 23–24 ¶¶ 78–83 (citing Phantom Plan noncompete section).

Further, all conduct and all duties that Empower asserts as the basis for its claims against Ludowig were similarly done over the course of Ludowig's employment, as repeatedly admitted in the operative complaint:

- "[A]s early as June 28, 2023, and while Defendant[] . . . Ludowig [was] still employed with Empower Pharmacy, some of the Defendants began meeting . . . "[8] (ECF 92 at p. 14 ¶ 56.)

- "Defendant Ludowig owed a fiduciary duty to Empower Pharmacy by virtue of his [employment with] Empower[.]" (ECF 92 at p. 27 ¶ 99; ECF 92 at p. 30 ¶ 110.)

## C.   Empower's COO Admits to No Damages

Finally, Empower's Chief Operating Offer Jonathan Abrarpour has ███████

██████████████████

▪ ██████████████████████████████████
   ██████

▪ ███████████████

▪ ████████████████

▪ ████████████████

---

8 ████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████



(ECF 64-1 at pp. 82:18–83:23.)  Empower's COO further confirmed that ████████████

████████████████████████████████████████



(ECF  64-1  at  pp.  92:24–93:17).[9]   Finally,  the  Court  recognized  that  Empower's  COO

acknowledged there were no damages:

> The Court:   I've not heard of damages today.  I did not hear that there were actions
> taken that would prevent the plaintiff from vying their trade. . . .

(ECF 64-1 at pp 164:1–165-23.)  And, since the preliminary injunction hearing, the defendants'

businesses  failed  and  were  wound  down  while  Empower  remains  the  "nation's  largest,  most

advanced 503A compounding pharmacy and 503B outsourcing facility"[10]—far from threatening,

much less actually causing any, damage to Empower.  *See* (ECF 136 (motion to strike experts).

---

[10] Empower Pharmacy, *Home Page*, https://www.empowerpharmacy.com/ (last visited April 18,
202) ("Empower Pharmacy is the nation's largest, most advanced 503A compounding pharmacy
and 503B outsourcing facility.").

Accordingly, because Empower's claims against Ludowig are by reason of his employment with Empower, ███████████████████████████████████ Empower has suffered no damages, such that Plaintiff's claims fail as a matter of law and the Court should enter summary judgment in Ludowig's favor.

### III.    ARGUMENT AND CITATION TO AUTHORITY

### A.    Summary Judgment Standard

The summary judgment standard "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the nonmoving party based upon the record evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990).  At summary judgment, both parties bear burdens of production. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  First, the moving party must show the absence of a genuine issue of material fact.  Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 322–23.  Then, the nonmoving party must rebut that showing with competent evidence that establishes a genuine issue of fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy this burden. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).  Rather, the non-moving party must "identify specific admissible evidence" and "articulate the precise manner in which that evidence supports the claim." *Holcomb v. McCraw*, 262 F. Supp. 3d 437, 445 (W.D. Tex. 2017) (citing *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006)).  Further, "[o]nly disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment" and disputed facts that are "irrelevant and unnecessary" will not be considered. *Anderson*, 477 U.S. at 248.  If the nonmoving party cannot establish the existence of any element of its case, summary judgment must be granted.

*Celotex*, 477 U.S. at 322–23. Such is the case here, where Plaintiff cannot create any genuine issue of fact as to its causes of action against Ludowig.

███ ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████

Public policy favors enforcement of releases. *See Rogers v. General Elec. Co.*, 781 F.2d 452, 454 (5th Cir. 1986). A written release extinguishes any obligation covered by the release's terms, and language releasing "any and all" claims should be interpreted broadly, because parties should not be forced "to scour the United States Code and the state statutes and reports to identify every possible cause of action." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372–73 (5th Cir. 2002). Indeed, it is "not necessary . . . for the parties to anticipate and explicitly identify every potential cause of action relating to the subject matter of the release," and releases may "include [known and] unknown claims and damages that develop in the future." *Kodiak Products Co., Inc. v. Deegear*, No. 02–13–00422–CV, 2015 WL 3523195, at *4 (Tex. App.–Fort Worth June 4, 2015).

As pertinent here, an agreement that releases "all claims" or "any claims," whether unknown or known, that a party has or may have arising from the employment relationship precludes subsequent litigation over alleged misappropriation of trade secrets, breach of fiduciary duty, breach of contract, and other claims that arise from the employment relationship. *E.g., Kodiak Products Co.*, 2015 WL 35223195, at *5–7 (affirming summary judgment based on release precluding misappropriation of trade secret claims based on nearly identical release language); *D.R. Horton-Texas, Ltd. v. Savannah Properties Assocs., L.P.*, 416 S.W.3d 217, 226–28 (Tex. App.–Fort Worth 2013) (affirming summary judgment dismissing breach of contract claims in agreement that released "any and all claims . . . known or unknown").

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

precludes all of Plaintiff's claims, and this Court should grant summary judgment as to all claims. *See e.g., Kodiak Products Co.*, 2015 WL 35223195, at *5–7; *D.R. Horton-Texas*, 416 S.W.3d at 226–28.

## C.    Summary Judgment is Appropriate Because Empower Admits It Suffered No Damages

Damages is an essential element to each of Empower's claims—if Empower does not establish damages, Empower's claims fail as a matter of law. *See Bailey v. Gallagher*, 348 S.W.3d 322, 327 (Tex. App.–Dallas 2011); *Singh v. Duane Morris, L.L.P.*, 338 S.W.3d 176, 183 (Tex. App.–Houston 2011).    Here, Empower's COO plainly admitted at the preliminary injunction hearing that he was not aware of any actions by defendants that interfered with Empower's business, and all of the defendant business have failed and are now wound down. *See* (ECF 64-1 at pp. 82:18–83:23 & 92:24–93:17; ECF 136.) Meanwhile, Empower remains the "nation's largest, most advanced 503A compounding pharmacy and 503B outsourcing facility."[11] Accordingly, Empower should not be allowed to purchase testimony from experts that concoct damages where there are none. As such, no genuine issue of material fact exists as to Empower's lack of damages, and summary judgment is appropriate.

## D.    In the Alternative, Texas's Uniform Trade Secrets Act Preempts Empower's Claims for Unjust Enrichment, Breach of Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, and Civil Conspiracy

---

[11] Empower Pharmacy, *Home Page*, https://www.empowerpharmacy.com/ (last visited April 18, 202) ("Empower Pharmacy is the nation's largest, most advanced 503A compounding pharmacy and 503B outsourcing facility.").

Texas's Uniform Trade Secrets Act ("TUTSA") contains a preemption provision that "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." *See StoneCoat of Texas, LLC v. ProCal Stone Design, LLC*, 426 F. Supp. 3d 311, 336 (E.D. Tex. 2019) (citing *ScaleFactor, Inc. v. Process Pro Consulting, LLC*, 394 F.Supp.3d 680, 683 (W.D. Tex. 2019) (quoting Tex. Civ. Prac. & Rem. Code § 134A.007(a)). Excepted from the provision are "contractual remedies" and "other civil remedies that are not based upon misappropriation of a trade secret." *Id.* (quoting Tex. Civ. Prac. & Rem. Code § 134A.007(b)(1), (2)). Put another way, Empower cannot bring causes of action beyond alleged misappropriation of trade secrets and breach of contract if the other causes of action rely on the existence or misappropriation of a trade secret. *See id.*

Here, Empower improperly brings a number of causes of actions that are preempted by TUTSA. Specifically, TUTSA preempts the following of Empower's claims because Empower relies on the existence and alleged misappropriation of trade secret in bringing them:

- Unjust Enrichment –Empower expressly states the claim is premised on "Defendants . . . misappropriated trade secrets . . ." in direct contravention of TUTSA's preemption provision [ECF 92 at pp. 24–25 ¶¶ 86–87 (demonstrating improper reliance on trade secrets)];

- Breach of Fiduciary Duty –Empower again improperly relies on trade secrets as the basis of this claim [ECF 92 at pp. 27–28 ¶¶ 97, 99, 102 (relying on existence and misappropriation of trade secrets to form basis of claim)];

- Aiding and Abetting Breach of Fiduciary Duty –Empower again relies again on trade secrets as the basis of this claim in violation of TUTSA's preemptive provision [ECF 92 at pp. 29–30 ¶¶ 106, 108–109, 111–112]; and

11

- Civil Conspiracy –once again, Empower relies on the existence and alleged misappropriation of trade secrets as the basis of this claim, in direct contravention of TUTSA's preemptive provision [ECF 92 at pp. 31 ¶ 117 (again citing trade secrets to form the basis of this claim).]

Accordingly, each of these claims fail as a matter of law because they are preempted by TUTSA.

**E.     In the Alternative, A Claim for Aiding and Abetting Breach of Fiduciary Duty Does Not Exist Under Texas Law**

Ludowig is similarly entitled to summary judgment on Empower's Aiding and Abetting Breach of Fiduciary claim, because no such claim exists under Texas law. *Christopher v. Depuy Orthopaedics, Inc. (In re Depu Orthopaedics, Inc.*, 888 F.3d 753, 782 (5th Cir. 2018); *see also Midwestern Cattle Mktg., LLC v. Legend Bank*, 800 F. App'x 239, 250 (5th Cir. 2020); *Taylor v. Rothstein Kass & Co., PLLC*, No. 3:19-cv-1594-D, 2020 WL 554583, at *5 (N.D. Tex. Feb. 4, 2020).

**F.     In the Alternative, Empower's Noncompete Claim Fails As Against Public Policy**

Lastly, Empower's attempted enforcement of the noncompete should be barred because noncompetition agreements are not enforceable against attorneys. *See* Texas Rule 5.06; American Bar Association (ABA) Model Rule 5.6. Accordingly, this claim should be barred as a matter of law.[12]

---

[12] As set forth in footnote 1 *supra*, to the extent permissible, Mr. Ludowig reserves the right to include additional arguments if his Motion for Continuance of the Scheduling Order is granted, including, but not limited to, arguing that the noncompetition covenants are unenforceable for lack of consideration or due to being overly broad and not tailored to any legitimate business interests.

## IV.    CONCLUSION

Plaintiff's claims are meritless because the Release precludes all of Plaintiff's claims—*i.e.*, all claims arise by reason of Ludowig's employment with Empower, which fall squarely within the Release's language as a matter of law. Even if the Court finds that the Release does not bar all claims, TUTSA preempts Plaintiff's unjust enrichment, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and conspiracy claims, because all of these claims rely on the existence or misappropriation of trade secrets.  Further, there is no claim for "aiding and abetting" in Texas.  Finally, the noncompete agreement is unenforceable against Ludowig, as Empower seeks to punish Ludowig him from representing other clients in his capacity as an attorney—in direct contravention to Texas and ABA Model Rule 5.06.

Dated:  April 18, 2025.

*/s/ Aaron A. Wagner*
Aaron A. Wagner
Texas Bar No. 24037655
KABAT CHAPMAN & OZMER LLP
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
Telephone: (404) 400-7300
Facsimile: (404) 400-7333
awagner@kcozlaw.com


*Attorney for Defendant,*
*Matthew Ludowig*

## CERTIFICATE OF SERVICE

This certifies that on April 18, 2025, a true and correct copy of the foregoing

**DEFENDANT MATTHEW LUDOWIG'S MOTION FOR SUMMARY JUDGMENT** was

forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure.

Dated:  April 18, 2025

*/s/ Aaron A. Wagner*

Aaron A. Wagner

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| Empower Clinic Services, L.L.C., | |
|     Plaintiff, | |
| v. | Case No. 4:23-cv-4123 |
| Bio Filling Solutions Inc. f/k/a Bio42 Clinical Filling Solutions, Inc., Hanson Irwin Group LLC, David Teer, Lisa Hudanich, Matthew Ludowig, Marc Hanson, Jerry Irwin, | |
|     Defendants. | |

**DECLARATION OF MATTHEW LUDOWIG IN SUPPORT OF MOTION FOR**
**SUMMARY JUDGMENT**

I, Matthew Ludowig, declare as follows:

1.      This declaration is based on my personal knowledge.  I am making this declaration as an individual in support of the Motion for Summary Judgment in the above-captioned matter. If called and sworn as a witness, I could and would competently testify to the matters discussed herein.

2.      I am former in-house counsel for Plaintiff Empower Clinic Services, LLC ("Empower").

3.      Upon my employment at Empower ending, I executed a General Waiver and Release ("Release") on or around August 13, 2023, with an effective date of September 1, 2023. A true and accurate copy is attached hereto as **Exhibit 1.**

4.      On or around October 12, 2023, Empower's counsel emailed me to discuss facts that ultimately led to Empower amending to file the above-captioned lawsuit against me.  A true

1

and accurate copy of the October 12, 2023 email from Empower's counsel to me is attached hereto

as **Exhibit 2.**

5.  ██████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████  A true and accurate copy of the Phantom Plan is attached hereto as **Exhibit**

**3**.

6.    I declare under penalty of perjury under the laws of the State of Houston that the

foregoing is true and correct.  Executed this 18th day of April, 2025 in Houston, Texas

*Matthew R. Ludowig*
MATTHEW LUDOWIG