UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Empower Clinic Services, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> Bio Filling Solutions Inc. f/k/a/ Bio42 Clinical Filling Solutions, Inc., Hanson Irwin Group LLC, David Teer, Lisa Hudanich, Matthew Ludowig, Marc Hanson, Jerry Irwin, and Michael Lambert, <br><br> Defendants. | Case No. 4:23-cv-4123 <br><br> **Jury Trial Demanded** |

**Empower's Reply in Support of its Motion to Seal Portions of
Ludowig's Reply in Support of his Motion for Summary Judgment (Dkt. 155) and
Reply in Support of his Motion for Leave (Dkt. 157)**

Plaintiff Empower Clinic Services, L.L.C. ("Empower") files this Reply in Support of its Motion to Seal Portions of Defendant Matthew Ludowig's Reply in Support of Motion for Summary Judgment (Dkt. 155) and Reply in Support of Motion for Leave (Dkt. 157).

Defendant Matthew Ludowig ("Mr. Ludowig") fights against sealing limited, confidential information contained in his Reply in Support of Motion for Summary Judgment (Dkt. 155) and his Reply in Support of Motion for Leave (Dkt. 157). More specifically, Mr. Ludowig opposes sealing a document he agreed to make confidential in exchange for payment, and documents that he—as a lawyer—helped prepare for the purpose of providing legal advice and guidance to his client. He relies on argument devoid of evidence and based on inapplicable rules. Therefore, Empower requests the Court grant Empower's Motion to Seal (Dkt. 170).

    **A.  The Release, and all references to its contents, should be sealed.**

Mr. Ludowig offers no evidence to contradict Empower's contention that the General Waiver and Release ("Release") is confidential and should be sealed to protect Empower's business interests. Instead, Mr. Ludowig quotes a provision of the agreement that he claims permits

disclosure, and later dismisses the protective order as irrelevant. Neither point refutes Empower's claim of harm to justify allowing the Release to become public.

The Release is a document that the parties bargained to be confidential at its execution. *See, e.g.,* Dkt. 138 at 10; Dkt. 138-1 at 39, 40, 42-45; Dkt. 142 at 1-4. Mr. Ludowig offers no evidence that the information is already public or the proposed sealing is overbroad. While Mr. Ludowig claims that the Release allows him to make it public, he presents no evidence or argument that wholesale disclosure of the agreement is permitted or "necessary" as the Release requires. This is particularly true when, as here, the Release was procured by fraud and does not apply to Empower's claims, which arose after its execution. *See* Dkt. 149 at 6. Mr. Ludowig quotes part of the Release's confidentiality provision and moves on. Mr. Ludowig's "barebones" reference to the Release does not overcome Empower's evidence that establishes that the parties to the Release specifically bargained for its confidentiality and that Empower would be harmed should the Release be publicly disclosed.

Also, the Release is designated confidential under the Court's *Agreed Stipulated Confidentiality Order* (the "Protective Order"). Dkt. 19. Mr. Ludowig has never attempted to challenge that designation as required by the Protective Order, instead insisting the documents should be made public because the Protective Order does not matter. Dkt. 178 at 8. That is wrong. The Court agreed that it was necessary to protect the parties' information. Dkt. 19 ¶ 11. Indeed, as Empower's COO, Johnathan Abrarpour testified, the contents of the Release are confidential and carry the potential to harm Empower by giving its competitors an advantage. Dkt. 170-1 ¶ 8. Mr. Ludowig has not contradicted this evidence beyond broadly alleging the Release cannot possibly harm Empower. Dkt. 178 at 6. This is insufficient. It does not warrant making the Release public.

### B. Mr. Ludowig cites to inapplicable disciplinary rules to circumvent his obligation to keep attorney-client communications and work product confidential.

In arguing for public disclosure of legal advice and guidance he once provided his former client, Mr. Ludowig alleges (1) various references to legal memoranda are not privileged; and (2) the disciplinary rules permit disclosure because keeping it confidential would "protect intentionally illegal conduct." Dkt. 178 at 7. Both arguments fail.

As Mr. Abrarpour has testified, the memoranda at issue are privileged. Dkt. 170-1 ¶¶ 4-7. The limited references Empower seeks to redact are either direct quotes or references from which a person might discern the substantive content of the privileged communication(s). Mr. Ludowig fails to show otherwise. And, as Mr. Abrarpour expressed in his Declaration, and Mr. Ludowig has recently exemplified, persons who seek to harm Empower might present the information without context, misinterpret it, and try to cause Empower reputational and regulatory harm. *Id.* ¶ 7. Empower has plainly met its burden to keep limited privileged information sealed.

Mr. Ludowig alleges that, despite its privileged nature, he can disclose the information pursuant to exemptions under the disciplinary rules, but no rule contemplates disclosure in this situation. First, Mr. Ludowig contends that the rules permit disclosure of information to prevent illegal conduct. Texas Disciplinary Rules of Professional Conduct 1.05(c)(7), (e). These rules, however, permit disclosure of confidential information only to the extent "reasonably necessary" to prevent criminal or fraudulent acts. Mr. Ludowig has not established how his allegations in summary judgment briefing in a civil trade secrets case would prevent purported criminal or fraudulent acts. He merely alleges that the contents are a matter of public safety but does not tie his disclosure of the information to any live claims or defenses.

Second, Mr. Ludowig contends that two other provisions of the disciplinary rules permit disclosure to enforce a claim or defense in dispute with a client. *Id.* at 1.05(c)(5), (6). Mr. Ludowig

offers no explanation or analysis in support of this argument. He merely contends that Empower should not be permitted to maintain its privilege in litigation against him. But none of the pending claims or defenses justify disclosure of the specific privileged and irrelevant information Empower seeks to keep sealed. Mr. Ludowig does not explain why the nature of the pending trade secret dispute requires disclosure of the confidential information in violation of the ethical rules.

### C. Alleged public interest does not justify disclosure.

Separately, Mr. Ludowig argues that Empower's proffered interest in sealing does not outweigh the public's interest in the information being sealed. Mr. Ludowig contends that Empower has no legally protectible interest because it is allegedly covering up an illegal operation, but that is factually and legally flawed. *See, e.g., Sive Ent. v. Ott*, 2018 WL 6844717, at *5 (C.D. Cal. Nov. 5, 2015) (plaintiff operating marijuana-related business could maintain misappropriation of trade secrets claim related to client lists and client information, despite federal prohibition on cannabis). He further relies on alleged public safety and regulatory issues he claims need to be made public, but his argument wholly ignores the legitimate business interests presented by Mr. Abrarpour. Dkt. 170-1 ¶¶ 4-7. Mr. Ludowig has not, and cannot, show that Empower's interests are not worthy of protection, and Empower's interest in protecting its information takes precedence. *See Weeco Int'l, Inc. v. Superior Degassing Services, Inc.*, 2020 WL 13272440, at *3 (S.D. Tex. 2011) ("the competing interests will be served in this case by placing plaintiff's exhibits" reflecting its trade secrets "under seal"); *see also Seals v. Herzing Inc.–New Orleans*, 482 Fed. App'x 893, 896 (5th Cir. 2012) (unpublished) (no abuse of discretion sealing agreement that parties agreed to keep confidential); *see Doe v. A Corp.*, 709 F.2d 1043, 1045 (5th Cir. 1983) (noting the district court granted a motion to seal documents "to prevent possible disclosure of

confidential information concerning [a company's] affairs"); *In re City of Houston*, 772 F. App'x 143, 144 (5th Cir. 2019) (per curiam) (granting mandamus to seal privileged communications).

Ultimately, Mr. Ludowig's arguments are premised on the idea that Empower's request to seal is broad and all-encompassing. But Empower's request is targeted to protect only information that the parties agreed was confidential, and only information that affects Empower's narrow private interests. Empower respectfully requests the Court grant Empower's Motion to Seal (Dkt. 170), and award Empower any such further relief to which it may show itself entitled.

Respectfully submitted,

**JACKSON WALKER L.L.P.**

*/s/ Michael H. Bernick*
Michael H. Bernick
State Bar No. 24078227
S.D. Tex. ID 1439062
mbernick@jw.com
Harris J. Huguenard
State Bar No. 24099615
S.D. Tex. ID 3007223
hhuguenard@jw.com
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200 – phone
(713) 752-4221 – fax

Benjamin A. Herbert
California State Bar No. 277356
Miller Barondess, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, CA 90067
(310) 552-4400
*Admitted Pro Hac Vice*
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on all counsel of record through the Court's ECF system on June 27, 2025.

*/s/ Michael H. Bernick*
Michael H. Bernick