

NORTH AMERICA    SOUTH AMERICA    EUROPE    ASIA

2121 N. Pearl Street
Suite 900
Dallas, TX 75201
T +1 (214) 453-6500
F +1 (214) 453-6400

**REX MANN**

Partner
+1 214-453-6412
rmann@winston.com

October 22, 2025

**_VIA EMAIL: LISA_EDWARDS@TXS.USCOURTS.GOV_**

Ms. Lisa Edwards
Case Manager for Judge Bennett/Judge Alfred Bennett's Chambers
515 Rusk, Room 8631
Houston, Texas 77002

      Re:    *Empower Clinic Services, L.L.C. v. Bio Filling Solutions Inc., et. al.*4:23-CV-04123 Ludowig's Emergency Request to Compel Sitrick Information, Dkt. 220

Dear Ms. Edwards:

I write on behalf of Plaintiff Empower Clinic Services, L.L.C. ("Empower") in response to Defendant Matthew Ludowig's "emergency" request to compel Sitrick information. I made a limited appearance in this case to address this issue with Sitrick because it was my firm, Winston & Strawn LLP ("Winston"), who was retained by Empower to advise it on legal issues related to this matter, and my firm then engaged Sitrick for assistance and introduced it to Empower.

Ludowig's October 20 emergency request to compel non-party Sitrick Group, LLC's to produce communications related to Empower's hiring it should be denied because it (1) is untimely and procedurally improper; (2) is designed to support his unpleaded counterclaims and defenses (which this Court has already denied him leave to amend); (3) does not help, and surely is not "critical" to his "spin doctor" or "smear campaign" allegations; (4) is overly broad and burdensome; and (5) it implicates the attorney-client and/or work product privilege.

Before the October 10, 2025 discovery hearing, in violation of this Court's scheduling order and of the spirit (if not the letter) of its order denying him leave to amend, Ludowig issued third-party subpoenas for at least ten depositions and for documents to at least as many third parties, including to Sitrick. (Ludowig abandoned the Sitrick deposition at the hearing). He also propounded new discovery requests to Empower. At the hearing, this Court left open the possibility of Ludowig's *filing a motion to compel its previously-issued third party subpoena for records to Sitrick,* a public relations firm in Los Angeles that my firm retained as part of its advising Empower. Ludowig instead filed an "emergency" letter on October 20.

Ludowig's request is procedurally improper for several reasons. First, any enforcement action related to the Sitrick California subpoena must be filed in California federal court, the *proper* court of compliance. Fed. R. Civ. R. 45(d)(1). Although Ludowig's letter is self-styled as an "Emergency Request to Compel Sitrick's Info," a careful reading reveals that it is anything but. Rather than moving to compel *Sitrick's* response, Ludowig filed his letter asking the Court for an "emergency decision" to compel *Empower* to provide consent to Sitrick, so that Sitrick can produce *Empower's* records. If Ludowig wants to compel the third-party subpoena to Sitrick,

# WINSTON & STRAWN LLP

October 22, 2025
Page 2

Ludowig should follow the Federal Rules of Civil Procedure and this Court's instructions and file a *motion to compel Sitrick* to respond to his subpoena in the proper jurisdiction.

Moreover, in his letter, Ludowig revealed his true purpose behind his feigned "emergency." He wants to short-circuit this Court's orders and the federal discovery rules to obtain documents for use in an upcoming October 28 deposition—a deposition that *Ludowig* demanded take place on short notice. That is a problem of Ludowig's own making and is an improper basis for defying this Court's directions and Fed. R. Civ. P. 37. In any event, on October 22, 2025, this Court ruled on the allowable topics for that upcoming deposition and expressly rejected Ludowig's proposed topic regarding Sitrick (Ludowig's proposed Topic 26, Dkt. 206).

Furthermore, Ludowig's request covers subjects that are entirely unrelated to this trade-secret action. His barely disguised true goal is to try to bolster his *unpleaded* counterclaims and defenses regarding Empower's supposed breach of contract, defamation, and employment retaliation against Ludowig. Ludowig admits as much in his letter, claiming that Sitrick was a "spin doctor" that Empower hired to "retaliate against" and "publicly discredit" him. This Court denied Ludowig leave to amend to add those claims and defenses, and Ludowig should not be permitted to conduct untimely discovery on issues that are not in this action. And if Ludowig ties this discovery to actual live claims and defenses, the discovery is untimely. It does not justify Ludowig's "emergency requests" and end-runs around this Court's discovery rulings and the Federal Rules of Civil Procedure. Ludowig's request is also unduly burdensome. Ludowig has full access to the press releases themselves—by their very nature they are public.

Finally, as for the non-public discovery Ludowig seeks from Sitrick, Empower maintains that those documents and communications are protected by attorney-client and/or work product privilege. Empower looked to Winston to assist in legal services informed by the unique public relations lens ultimately provided by Sitrick. Winston engaged Sitrick to assist with evaluating the unanticipated implications of the instant lawsuit. Winston was the firm who introduced Sitrick to Empower, and the primary point of contact at Sitrick that Winston and Empower worked with is even a California-barred attorney. As such, these communications are protected by privilege, which Empower owns and controls—and does not intend to waive. *See, e.g.*, *In re Copper Market Antitrust Litigation*, 200 F.R.D. 213, 218-219 (S.D.N.Y. 2001) (holding communications between outside and in-house counsel and public relations firm were protected by attorney-client privilege).

At a minimum, Empower is entitled to review the relevant documents Sitrick identifies for production because Empower owns the privilege. As of now, Sitrick's attorney is reviewing the documents this week, which are not as voluminous as Ludowig suggests (the files are electronic and the equivalent of "eleven boxes," but those files constitute the entirety of Sitrick's files, only a small portion would be potentially relevant), and then Sitrick will allow Empower to evaluate the privilege.

Sincerely,

Rex Mann