United States District Court
Southern District of Texas
**ENTERED**
October 23, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMPOWER CLINIC SERVICES, L.L.C., | § | |
| Plaintiff, | § § § | |
| VS. | § § | CIVIL ACTION NO. 4:23-CV-04123 |
| BIO FILLING SOLUTIONS INC., *et al.*, | § § § | |
| Defendants. | § § | |

## TOPICS FOR 30(b)(6) DEPOSITION

1. **Damages.** Damages caused by any of Ludowig's alleged actions for which Empower is seeking recovery in this lawsuit.

2. **Mitigation of Damages.** Empower's efforts to mitigate its alleged damages.

3. **Alleged Avoided Cost Damages and Development of Trade Secrets.** The costs allegedly expended by Empower to develop the Confidential Information or Trade Secrets.

4. **Reasonable Safeguards.** Your practices and procedures for storing and maintaining the alleged Confidential Information and Trade Secrets, including where they are stored, who has access to them, and all safeguards employed to maintain confidentiality, including any changes to these practices and procedures since July 1, 2023.

5. **Alleged Misappropriation.** The factual basis for Empower's contention that Ludowig improperly acquired, misappropriated, or used any Confidential Information or Trade Secrets, including Ludowig's duties, positions, and responsibilities during the relevant time period, the identity of the Confidential Information and Trade Secrets and the basis for Empower's contention that Defendant Ludowig knew or should have known that Teer,

Irwin, or Hudanich allegedly had improperly acquired and were disclosing Empower's alleged trade secrets.

6. **Empower's Disclosure of Alleged Trade Secrets and Confidential Information.** From January 1, 2023 to the present, all presentations and other disclosures of Empower's Trade Secrets or Confidential Information by Empower (including, but not limited to, Shaun Noorian or Empower employees presenting information via online platforms, YouTube, or at conferences and seminars) to third parties, including equipment suppliers, competitors, people involved in the development and operation of facilities, media, consultants, investors, and potential investors, and the circumstances of such presentation or disclosure, identity of attendees and recipients, the information shared, and any NDAs or other documents or procedures implemented by Empower to limit distribution of the information disclosed.

7. **End of Ludowig Employment (Bias and Credibility of Witnesses & Defense to Punitive Damages).** The reason behind Noorian informing Ludowig in January 2023 that he was going to be replaced as General Counsel, and Empower's decision to hire a new General Counsel.

8. **General Waiver and Release Defense (Raised in Answer and MSJ).** The circumstances leading to the end of Ludowig's employment, including facts and circumstances regarding the "General Waiver and Release Agreement" entered into between Ludowig and Empower.

9. **Alleged Spoliation.** The "computer analysis" referenced in Footnote 1 of the Second Amended Complaint, including who conducted it, the methodology, equipment, services, systems, and devices used, and the results and/or conclusions.

10. **Alleged Spoliation.** The "analysis" and "recover[y]" referenced in ¶ 36 of the Second Amended Complaint.

11. **Alleged Spoliation.** The "Email traffic recovered" referenced in ¶ 44 of the Second Amended Complaint.

12. **Alleged Spoliation.** The efforts made by Empower to identify documents which you claim were misappropriated by Ludowig and placed on his external hard drive, including efforts to search Empower's systems (such as LawVu) for evidence that Ludowig accessed, downloaded, or saved any documents related to any of the claims in this lawsuit, and whether Empower retained copies of any of those documents.

13. **Defense to Alleged "Investigative Costs" Damages.** When Empower learned of the alleged misappropriation. How Empower learned of the alleged misappropriation.

14. **Defense to Use of Trade Secrets, Reasonable Safeguards, and Damages.** To the extent not protected by attorney-client or work-product privilege, communications or interviews that form the basis of any expert opinion that Empower intends to use at trial, including specifically Mr. LaMotta's, Mr. Boyle's, and Mr. Pooley's communications with Jonathan Abrarpour and any other Empower employee regarding this case and each expert's opinions.

15. **Defense to Noncompetition Covenants.** Empower's business interests that it believes require three year, nationwide non-competition covenants that prohibit employees from working in any capacity in the pharmaceutical industry.

16. **End of Ludowig's Employment, Defense to Noncompetition Covenants (Reasonableness of Covenants & Public Interest Elements) & Circumstances Pertinent to Punitive Damages Defenses.** Ludowig's communications to Empower regarding its failure to comply with SEC regulations regarding friends and family fundraising efforts (including when soliciting prescribers for funding).

17. **End of Ludowig's Employment, Defense to Noncompetition Covenants (Reasonableness of Covenants & Public Interest Elements) & Circumstances Pertinent to Punitive Damages Defenses.** Ludowig's communications regarding Empower's use of semaglutide salt instead of semaglutide base in its production of GLP-1s after the FDA prohibited semaglutide salt, from April 2020 to present, and the origin of ingredients Empower uses in its medications.

It is so ORDERED.

OCT 2 2 2025
Date

The Honorable Alfred H. Bennett
United States District Judge

4