UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EMPOWER CLINIC SERVICES, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> BIO FILLING SOLUTIONS F/K/A BIO42 CLINICAL FILLING SOLUTIONS, INC., HANSON IRWIN GROUP LLC, DAVID TEER, LISA HUDANICH, MATTHEW LUDOWIG, MARC HANSON, JERRY IRWIN, AND MICHAEL LAMBERT, <br><br> Defendants. | Civil Action No.: 4:23-cv-4123 |

**Plaintiff Empower Clinic Services, L.L.C.'s
Brief on the Effect of the Automatic Stay**

**ELLIS GEORGE LLP**

Christopher W. Arledge, Pro Hac Vice
California State Bar No. 200767
Mona Sedky, Pro Hac Vice
California State Bar No. 170147
Courtney L. Mitchell, Pro Hac Vice
California State Bar No. 229598
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
Email: carledge@ellisgeorge.com
Email: msedky@ellisgeorge.com
Email: cmitchell@ellisgeorge.com

**JACKSON WALKER LLP**

Michael H. Bernick
State Bar No. 24078227
S.D. Tex. ID 1439062
Michael A. Drab
State Bar No. 34115826
S.D. Tex ID 3665349
Zachary McKay
State Bar No. 24073600
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200 – phone
(713) 752-4221 – fax
Email: mbernick@jw.com
Email: mdrab@jw.com
Email: zmckay@jw.com

## TABLE OF CONTENTS

                                                                                                                                                 **Page**

**SUMMARY OF ARGUMENT** .................................................................................................. 1

**FACTS** .......................................................................................................................................... 1

**ARGUMENT AND AUTHORITIES** ........................................................................................ 2

       **A.**      **While the automatic stay pursuant to 11 U.S.C. § 362 only acts to stay judicial proceedings "against the debtor," the Court has the authority to construe the applicability of the stay** ................................................................ 2

       **B.**      **Empower's claim against the Debtor is likely not dischargeable in his Chapter 7 bankruptcy and, therefore, will survive any discharge of debt he might be entitled to under the Bankruptcy Code** ......................................... 3

       **C.**      **The Court should weigh the competing interests and apply a discretionary stay to the Lawsuit because the Debtor is inextricably interwoven in the facts and nearly all causes of action** ....................................... 6

       **D.**      **Any party may seek to lift the stay in the bankruptcy court** ........................... 8

**CONCLUSION** ........................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alibatya v. New York Univ.* (*In re Alibatya*),
  178 B.R. 335 (Bankr. E.D.N.Y. 1995)..................................................................................4

*In re Bercier*,
  934 F.2d 689 (5th Cir. 1991) ................................................................................................5

*Blundell v. Home Quality Care Home Health Care*,
  2017 U.S. Dist. LEXIS 195765 (N.D. Tex. Nov. 29, 2017)................................................6, 7

*GATX Aircraft Corp. v. M/V Courtney Leigh*,
  768 F.2d 711 (5th Cir. 1985) ................................................................................................6

*Gupta v. Eastern Idaho Tumor Institute, Inc.* (*In re Gupta*),
  394 F.3d 347 (5th Cir. 2004) ................................................................................................4

*Lab. Corp. of Am. v. Avalos* (*In re Avalos)*,
  361 B.R. 129 (Bankr. S.D. Tex. 2007) ..................................................................................3

*Picco v. Global Marine Drilling Co.*,
  900 F.2d 846 (5th Cir. 1990) ................................................................................................3

*Reliant Energy Servs., Inc. v. Enron Can. Corp.*,
  349 F.3d 816 (5th Cir. 2003) ................................................................................................3

*Matter of S.I. Acquisition, Inc.*,
  817 F.2d 1142 (5th Cir. 1987) ..........................................................................................2, 6

*Wedgeworth v. Fibreboard Corp.*,
  706 F.2d 541 (5th Cir. 1983) ......................................................................................1, 2, 6

*White Nile Software, Inc. v. Mandel* (*In re Mandel*),
  2017 Bankr. LEXIS 890 (Bankr. E.D. Tex. March 31, 2017)................................................5

**Statutes**

11 U.S.C. § 341..............................................................................................................................5

11 U.S.C. § 362..............................................................................................................1, 2, 3, 8

11 U.S.C. § 362(a)(3)......................................................................................................................2

11 U.S.C. § 523.....................................................................................................................3, 4, 5

11 U.S.C. § 523(a)(2).................................................................................................................4

11 U.S.C. § 523(a)(4)..............................................................................................................4, 5

11 U.S.C. § 523(a)(6)..............................................................................................................4, 5

11 U.S.C. § 524.........................................................................................................................4

11 U.S.C. § 727.........................................................................................................................3

Defend Trade Secrets Act (18 U.S.C. § 1836).............................................................................5

Texas Uniform Trade Secrets Act (Tex. Civ. Prac. & Rem. Code § 134A)..................................5

**Other Authorities**

Bankruptcy Rule 4007(c)............................................................................................................5

## SUMMARY OF ARGUMENT

1. The automatic stay of all actions "against the debtor" in bankruptcy under 11 U.S.C. § 362 prevents this pre-bankruptcy lawsuit from moving forward against the co-defendants of the Debtor, David Teer, (the "Debtor") because the Debtor is inextricably interwoven in the facts and nearly all causes of action. The Debtor filed Chapter 7 bankruptcy, which automatically stays all "action against the debtor" pursuant to the Bankruptcy Code. 11 U.S.C. § 362. Here, Plaintiff Empower Clinic Services, L.L.C. ("Empower") alleges that the Debtor was a ringleader of the conspiracy to steal Empower's trade secrets and confidential information. The Debtor is included in nine of the ten causes of action in the lawsuit. Empower's claim against the Debtor is likely not dischargeable in his Chapter 7 bankruptcy and, therefore, will survive any discharge of debt he might eventually be entitled to under the Bankruptcy Code. While the automatic stay only applies to actions "against the debtor," the Court has the authority to construe what that means and apply a discretionary stay to the entire lawsuit "in the interest of justice and control of [its] docket." *See Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). Since moving forward against only the non-debtor defendants would subject the parties and this Court to the waste of time, expenses, and other inefficiencies related to holding two separate trials over the same issues, the entire lawsuit should be stayed pending the result of the bankruptcy proceeding.

## FACTS

2. On October 30, 2023, Empower sued ex-employee the Debtor and three other defendants based on a conspiracy led by the Debtor to steal Empower's trade secrets. On December 22, 2023, Empower filed its First Amended Complaint, adding three other defendants. On December 16, 2024, following months of discovery and motion practice, Empower filed its Second Amended Complaint (the "Lawsuit"). The Lawsuit asserts various causes of action against the defendants including (1) violation of the Defend Trade Secrets Act; (2) violation of the Texas

Uniform Trade Secrets Act; (3) breach of contract based on confidentiality obligations; (4) breach of contract based on non-solicitation provisions; (5) breach of contract based on non-compete provisions, (6) unjust enrichment; (7) tortious interference; (8) breach of fiduciary duty; (9) aiding and abetting breach of fiduciary duty; and (10) civil conspiracy.

3. Trial for the Lawsuit was set for December 8, 2025. [Dkt. 188] On November 12, 2025, the Debtor filed for Chapter 7 bankruptcy. On November 13, 2025, the Debtor filed a Suggestion of Bankruptcy in the Lawsuit. [Dkt. 227] On November 19, 2025, the Court held a status conference. [Dkt. 232] At the November status conference, the Court set a second status conference for January 9, 2026 and stated that it will accept briefing on the effect of the automatic stay on the Lawsuit by January 2, 2026. [Dkt. 233]

4. On November 20, 2025, the Court issued an Order that the Lawsuit is stayed pending resolution of the bankruptcy proceedings. [Dkt. 234]

## ARGUMENT AND AUTHORITIES

**A. While the automatic stay pursuant to 11 U.S.C. § 362 only acts to stay judicial proceedings "against the debtor," the Court has the authority to construe the applicability of the stay.**

5. Section 362(a)(1) of the Bankruptcy Code provides for an automatic stay of any judicial "proceeding against the debtor." "Section 362(a)(3) provides that the filing of a petition 'operates as a[n] [automatic stay] applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate'" or "to obtain or exercise control over the property of the debtor." *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987) (quoting 11 U.S.C. § 362(a)(3)). Its purposes are to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse. *See Wedgeworth v. Fibreboard Corporation*, 706 F.2d 541, 544 (5th Cir. 1983). In short, the automatic stay generally forestalls any action against debtors in bankruptcy

but not against co-debtors, co-tortfeasors, or other non-debtors. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003).

6. However, the Fifth Circuit has made it clear that district courts retain jurisdiction to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay. *See Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990). Here, the Court has issued an order staying the case pending resolution of the bankruptcy proceeding, which is not inconsistent with the terms of 11 U.S.C. § 362(a)(1). If the Court were inclined, it could fashion a plan for moving forward with the Lawsuit solely against the non-debtor defendants based on the plain language of 11 U.S.C. § 362. But Empower urges the Court not to do that because, as addressed below, doing so would prejudice all parties and prove inefficient and inconvenient to all parties and the Court.

**B.  Empower's claim against the Debtor is likely not dischargeable in his Chapter 7 bankruptcy and, therefore, will survive any discharge of debt he might be entitled to under the Bankruptcy Code.**

7. Moving forward solely against the non-debtors is not practical or an effective path to an ultimate resolution of the issues in the Lawsuit. This is because the claims against the Debtor will likely survive his Chapter 7 bankruptcy and leave the parties no choice but to re-litigate the entire trial at a great expense of all parties and this Court.

8. The principal purpose for a debtor to file a Chapter 7 bankruptcy is to obtain a discharge. *See Lab. Corp. of Am. v. Avalos* (*In re Avalos*), 361 B.R. 129, 130 (Bankr. S.D. Tex. 2007). A discharge in bankruptcy is a legal mechanism that releases the debtor from personal liability for most debts incurred before the filing of the bankruptcy petition. *See* 11 U.S.C. § 727. This discharge is governed by 11 U.S.C. § 727 which specifies that the discharge applies to all pre-petition debts except those explicitly excepted under 11 U.S.C. § 523. A discharge also operates as

a permanent injunction that prohibits creditors from initiating or continuing any action to collect discharged debts from the debtor. *See* 11 U.S.C. § 524 (outlining the statutory effects of discharge).

9. But as mentioned above, not all debts are dischargeable. While the Bankruptcy Code generally seeks to provide the debtor with a "fresh start," Congress has created certain exceptions to general rule of dischargeability on ground that creditors' interest in recovering full payment of debts in these categories outweighs the debtor's interest in a "fresh start," and courts are bound by these Congressional judgments that general bankruptcy policy give way to specific policy considerations. *Alibatya v. New York Univ.* (*In re Alibatya*), 178 B.R. 335, 337 (Bankr. E.D.N.Y. 1995).

10. Section 523 of the Bankruptcy Code outlines a laundry list of types of debt that act as exceptions to the discharge in bankruptcy cases. Among the types of debts that are not dischargeable in a bankruptcy case are (1) any debt for money or property to the extent obtained by false pretenses or actual fraud (11 U.S.C. § 523(a)(2)); (2) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny (11 U.S.C. § 523(a)(4)); and (3) for willful and malicious injury by the debtor to another entity or to the property of another entity (11 U.S.C. § 523(a)(6)). All three categories apply to Empower's causes of action against the Debtor in the Lawsuit.

11. Here, the Lawsuit alleges a breach of fiduciary duty claim against the Debtor that is not dischargeable under 11 U.S.C. § 523(a)(4). *See Gupta v. Eastern Idaho Tumor Institute, Inc.* (*In re Gupta*), 394 F.3d 347, 350 (5th Cir. 2004) (federal courts in this context "have not hesitated to conclude that debts arising from misappropriation by persons serving in a traditional, pre-existing fiduciary capacity, as understood by state law principles, are non dischargeable).

12. Further, the lawsuit alleges a theft of trade secrets claims against the Debtor pursuant to the Defend Trade Secrets Act (18 U.S.C. § 1836) and Texas Uniform Trade Secrets Act (Tex. Civ. Prac. & Rem. Code § 134A) that are likewise not dischargeable. *See White Nile Software, Inc. v. Mandel* (*In re Mandel*), 2017 Bankr. LEXIS 890, *84 (Bankr. E.D. Tex. March 31, 2017) (discussing that misappropriation of trade secrets can satisfy the requirements of larceny and embezzlement under the Texas Theft Liability Act so as to render the debts of a defendant debtor nondischargeable under 11 U.S.C. §523(a)(4)).

13. These claims are also nondischargeable as a "willful and malicious injury by the debtor to another entity or to the property of another entity" pursuant to 11 U.S.C. §523(a)(6). *See White Nile*, 2017 Bankr. LEXIS 890 at 88 (Finding that misappropriation of intellectual property in that case "clearly meets the requirement of an objective substantial certainty of harm" and thus the damages and attorney fees against the defendant debtor were not dischargeable.)

14. Therefore, any claim for damages resulting from this Lawsuit against the Debtor will arguably qualify for one or more of the non-dischargeable categories enumerated in 11 U.S.C. § 523.

15. Bankruptcy Rule 4007(c) requires Empower to file an adversary proceeding complaint in the bankruptcy proceeding seeking a non-dischargeability determination within 60 days of the first date set for the 11 U.S.C. § 341 meeting of creditors. Since the section 341 meeting was initially set for December 19, 2025, the deadline to file the adversary proceeding is February 17, 2026. If a complaint is timely filed by February 17, 2026, the bankruptcy court has exclusive jurisdiction to determine nondischargeability of these debts. *See In re Bercier*, 934 F.2d 689 (5th Cir. 1991) (noting that bankruptcy courts have exclusive jurisdiction to hear complaints of nondischargeability pursuant to 11 U.S.C. §523(a)(4) and (6)).

16. If the claim against the Debtor is ruled to be exempt from the discharge and survives the bankruptcy, then proceeding separately against the non-debtors now would prove to be a considerable waste of time and resources at the great expense of all parties and this Court.

C. **The Court should weigh the competing interests and apply a discretionary stay to the Lawsuit because the Debtor is inextricably interwoven in the facts and nearly all causes of action.**

17. While the Court could fashion a way to move forward against only the non-debtors without violating the automatic stay, such a procedure would subject the parties and this Court to a disproportionate burden on time, expense, and inefficiency, and (as addressed above) it would likely necessitate the need for two separate trials over the same issues. Because Empower's claim against the Debtor is likely not dischargeable, severance of the Debtor to move forward solely against the non-debtors is not a practicable solution.

18. When severance is not practicable, courts may exercise their discretion to stay proceedings with respect to the non-debtor co-defendants. *See Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1147 n.4 (5th Cir. 1987) (citing *Federal Life Ins. Co. v. First Fin. Group, Inc.*, 3 B.R. 375 (Bankr. S.D. Tex. 1980) (noting that the *First Financial* court permissibly stayed the entire case due to a "joinder of parties issue")); *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) (acknowledging that the *First Financial* court permissibly instituted a stay "because the allegations raised against co-defendants who were principals of the debtor were 'inextricably interwoven' with claims against the debtor," making severance inapt). Under this line of cases, the Fifth Circuit has made it clear that a district court "may exercise its discretion to stay a proceeding against a non-bankrupt co-defendant in the interests of justice and in control of its dockets." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

19. In 2017, the Northern District of Texas court in *Blundell v. Home Quality Care Home Health Care* extended a discretionary stay in a similar situation. 2017 U.S. Dist. LEXIS

195765 (N.D. Tex. Nov. 29, 2017). When the defendant in that district court case filed Chapter 7 bankruptcy, the district court asked the parties to file briefs explaining their "views on the effect of these bankruptcy filings on the Plaintiffs' claims against [the non-debtor] Defendants." *Id.* at 3. The debtor defendants argued to extend the stay, "[r]efusing to extend the stay would require 'one litigant in one cause [to] be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.'" *See id.* at 4 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))." The Northern District of Texas court explained in relevant part:

> The [] claims against all of the defendants arise out of the same transactions or occurrences, present common questions of law and fact, and will involve at least many of the same witnesses and documentary proof, such that judicial economy would not be facilitated by resolving them in separate actions and potentially with separate trials. Severance is therefore not appropriate — and neither is ordering separate trials where the issues to be tried on the [] claims against Lassiter and Landers are not be so distinct and separate from those to be tried against the Corporate Defendants, and, where, as Lassiter and Landers point out, if two juries are allowed to pass on an issue involving the same factual and legal elements, the verdicts rendered by those juries could be inconsistent, producing intolerably anomalous results.
> . . .
> In an exercise of the Court's discretion, the Court determines that, where "[s]everance or separate trials are not suitable options here due to the fact that the claims [against the debtor Defendants] are inextricably interwoven with the claims against their non-debtor co-defendants," staying the claims as "to all co-defendants is the most sensible option in this case."

*Blundell*, 2017 U.S. Dist. LEXIS 195765 at 16–17 (citations omitted).

20. Here, as in *Blundell*, staying claims as to all co-defendants is the most sensible option. The Debtor was a key participant in the defendants' conspiracy to steal, use, and disseminate Empower's trade secrets. *See, e.g.,* Dkt. 92 at ¶¶ 31-58 and Counts I (Violation of the Defend Trade Secrets Act), II (Violation of the Texas Uniform Trade Secrets Act), VI (Unjust Enrichment), IX (Breach of Fiduciary Duty), X (Aiding and Abetting Breach of Fiduciary Duty), and XI (Civil Conspiracy). Those claims against all of the defendants arise out of the same

transactions or occurrences, present common questions of law and fact (*e.g.*, whether trade secrets were taken, used, or disseminated), and will involve at least many of the same witnesses and documentary proof—including, the Debtor being a key witness at trial. Moving forward without the Debtor as a defendant in this Lawsuit, especially when his Chapter 7 bankruptcy is not likely to discharge Empower's claim, would prejudice all parties and prove inefficient and inconvenient to all parties and the Court. As such, Empower urges this Court to maintain the current stay on the entire Lawsuit.

**D.      Any party may seek to lift the stay in the bankruptcy court.**

21.     Finally, if a party feels that they have cause to lift the stay for purposes of moving forward with this proceeding, they can move to lift or modify the stay in the bankruptcy court. The Bankruptcy Code specifically provides a mechanism to do that. Under 11 U.S.C. § 362, a party in interest may request relief from the automatic stay by filing a motion in the bankruptcy court. Relief may be granted for "cause," including a lack of adequate protection, or if the debtor has no equity in the property, and the property is not necessary for an effective reorganization. *See id.*

22.     Therefore, applying the stay to the entire Lawsuit now does not limit or prejudice any parties' right to seek to lift the stay pursuant to the tools set forth in the Bankruptcy Code. Empower reserves the right to do so.

## CONCLUSION

23.     The Lawsuit should remain stayed in its entirety pending resolution of the Debtor's bankruptcy proceedings.

## CERTIFICATE OF SERVICE

    I hereby certify that service of a true and correct copy of the above and foregoing document will be accomplished on all counsel of record through the notice of electronic filing in accordance with the Federal Rules of Civil Procedure on January 2, 2026.

                                          */s/ Michael H. Bernick*
                                          Michael H. Bernick